# Exhibit B
(Declaration of Frederick M. Morgan, Jr.)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| United States of America ex rel. Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey,<br><br>                           Plaintiffs,<br><br>v.<br><br>Fluor Corporation, Inc. and Fluor Intercontinental, Inc.,<br><br>                           Defendants. | Civil Action No: 6:13-cv-02428-TMC<br><br>**DECLARATION OF**<br>**FREDERICK M. MORGAN, JR.** |

I, Frederick M. Morgan, Jr., hereby declare and state as follows:

1. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I am an attorney, licensed in Ohio in 1983, and a partner at Morgan Verkamp LLC in Cincinnati. I have represented *qui tam* relators since 1995, and have done so almost exclusively since late 2004. I worked in the Civil Division of the United States Department of Justice, in Washington, D.C., from October 1985 until December 1989. Before that, I served as Law Clerk to Hon. Davis S. Porter, Senior U.S. District Judge in Cincinnati.

3. I represented David Payne in connection with *United States ex rel. Payne v. Fluor Corp., et al.*, Civil Action No. 6:18-cv-01000-TMC. The case was filed on April 12, 2018, unsealed on October 4, 2018, and voluntarily dismissed on January 29, 2019. The complaint was not served. It has been on the public record since the Court unsealed it on October 4, 2018 (Doc. 21). The complaint remains available on Pacer.

4. I have never had any contact of any sort with counsel for Fluor in connection with the *qui tam* cases against Fluor. It is my understanding that my co-counsel, Bert Louthian,

Esq., has never been contacted by Fluor counsel regarding Mr. Payne's complaint.

5. Counsel for the United States asked me to consider whether a few documents provided to the United States (and no other party), as part of Mr. Payne's duty to disclose "all material evidence and information" set out in 31 U.S.C. § 3730(b)(2), were potentially privileged.

6. I concluded that there was no colorable claim of privilege regarding the documents.

7. Counsel for Fluor has never asserted to me that the complaint we filed on Mr. Payne's behalf included any privileged information.

8. Counsel for Fluor has never requested return of any documents under any purported claim of privilege. It is notable in this context that Mr. Payne's complaint, alone among the several relators' complaints, was reported in Law360 on October 5, 2018. The complaint was and remains available by direct link from the Law360 website.[1]

9. Mr. Payne's complaint remains on the public docket of this Court. Fluor has never sought to have that complaint resealed or redacted due to any assertion of privilege (or for any other reason).

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of July, 2019, at Cincinnati, Ohio.

    /s/Frederick M. Morgan, Jr.
    Frederick M. Morgan, Jr.

---

[1] Available online at https://www.law360.com/articles/1089630/fluor-faces-fca-suit-over-afghan-logistics-contract (last viewed on July 15, 2019).

2

597613.1