# Exhibit E

(Declaration of Benjamin Chaiken)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| United States of America ex rel. Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey,<br><br>                                    Plaintiffs,<br><br>         v.<br><br>Fluor Corporation, Inc. and Fluor Intercontinental, Inc.,<br><br>                                    Defendants. | Civil Action No: 6:13-cv-02428-TMC<br><br>**DECLARATION OF BENJAMIN CHAIKEN** |

I, Benjamin Chaiken, hereby declare and state as follows:

1.      I am a 2012 graduate of the University of Chicago and I am currently a PhD candidate in the Department of Integrated Systems Engineering at Ohio State University.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      From July 2012 to May 2015 I worked as a paralegal in the Washington, D.C. office of Phillips & Cohen, where I reported at various times to all of Phillips & Cohen's partners, including to Colette G. Matzzie on matters for which she was responsible.

3.      I have been informed that Fluor Corporation has submitted a Motion to this Court suggesting that a document provided by Phillips & Cohen's client, Jeffrey Nix, was tampered with to remove attorney-privilege markings before being sent to the United States.  I have also been informed that the metadata for the document in question shows that the document was last updated by me.

4.      I have no specific recollection of preparing a supplemental disclosure for the United States in the Fluor case, or receiving documents from Mr. Nix.  However, it was part of

1

my routine duty while working as a paralegal for Phillips & Cohen to receive documents electronically from Phillips & Cohen's clients and attorneys and to save them onto Phillips & Cohen's server and then onto compact discs or flash drives as needed for disclosures to the United States Department of Justice or other governmental agencies.  Sometimes I would also be asked to electronically Bates-stamp the documents provided by a client or to create exhibit face sheets.  I do not have any reason to dispute that I would have assisted Ms. Matzzie and Mr. Larry Zoglin, of counsel to Phillips & Cohen, with preparation of a supplemental disclosure to the United States in the Fluor *qui tam* case.

5.    I would not knowingly alter a document received from a client to remove a privilege legend.  If I noted that a document sent to us by a client contained a marking of "attorney client privilege" or any similar header, footer, or legend, I would have stopped working with the document and notified Ms. Matzzie, Mr. Zoglin, or one of Phillips & Cohen's other partners.  I do not have any recollection of having seen any such privilege marking on any document provided to me by Mr. Nix, Ms. Matzzie, or Mr. Zoglin.

6.    As set forth above, one of my job responsibilities at Phillips & Cohen was to assist attorneys with preparation of disclosure of documents.  My normal practice was to save documents received from clients onto Phillips & Cohen's server and then to save them on to another storage medium to send to the Government.   It is my understanding that saving a Microsoft Word document to a new location can cause the metadata to be updated automatically, identifying the saver as the last person to modify the document.  In this case, the metadata on the document could reflect that I was the last person to update the Microsoft Word document simply because I would have saved the document onto Phillips & Cohen's server and then onto a compact disc for transmission to the Government, not because I removed a privilege legend.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of July, 2019, at Seattle, Washington.

_____
Benjamin Chaiken