# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHARLES R. SHEPHERD, DANNY V. RUDE, ROBERT SCOTT DILLARD, and RICKEY MACKEY | )<br>)<br>)<br>)<br>) | CA No. 6:13-cv-2428-TMC |
| Plaintiffs/Relators,<br>v. | )<br>)<br>) | |
| FLUOR CORPORATION, INC. and FLUOR INTERCONTINENTAL, INC., | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## THE UNITED STATES' STATEMENT OF INTEREST IN OPPOSITION TO DEFENDANTS' MOTION FOR LIMITED EXPEDITED DISCOVERY

The United States conducted its false claims law investigation using multiple precautions to protect Defendants' corporate privilege and to avoid exposure to privileged documents. The United States did not disseminate any documents to Relators it knew to be privileged, or that were expressly marked as privileged. As a party in interest to this qui tam action, the United States submits its Statement of Interest pursuant to 28 U.S.C. § 517 in response to Defendants' Motion for Limited Expedited Discovery (ECF No. 127). Defendants' motion should be denied because the information sought is protected by the common interest doctrine, and the information sought is untimely and unwarranted.

# INTEREST OF THE UNITED STATES

"Even where the Government declines to intervene, 'the United States is the real party in interest in any [FCA] suit.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *United States ex rel. Milam v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 50 (4th Cir. 1992)).  Additionally, Title 28, Section 517, of the United States Code provides that "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

Defendants filed a Motion for Limited Expedited Discovery and to Otherwise Stay Discovery (ECF No. 127), asking this Court to authorize the following discovery requests from current and former Relators, and from the Department of Justice:

- Responses to written Interrogatories regarding Relators' acquisition of, review of, and reliance on Fluor's privileged material in developing their allegations.

- Production of all communications and other documents describing, discussing, analyzing, or conveying Fluor's privileged material.

- Deposition of Relators on the targeted topic of their obtaining, exposure to, use of, and dissemination of Fluor's privileged material.

- Third-party discovery of the Department of Justice relating to the dissemination of information among Relators and assurances provided, if any, that the information obtained and shared was not privileged.

The United States has an interest in Defendants' motion because the discovery it seeks may well encroach upon the United States' privileges and protections pursuant to the work product doctrine, the attorney client privilege, the law enforcement privilege, and the common interest doctrine.

## ARGUMENT

### A. Communications Between the United States and Relators are Protected by Common Interest

The United States and Relators shared a common legal interest during the investigation in this FCA action. Fluor's motion for one-sided discovery should be denied to the extent it seeks authority to engage in discovery of communications between the United States and Relators that contain or reflect privileged information or are otherwise protected from disclosure under the common interest doctrine. *See* Fed. R. Civ. P. 45(d)(3)(iii).

It is black letter law that "[i]f two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged under §§ 68–72 that relates to the matter is privileged as against third persons." Restatement (Third) of the Law Governing Lawyers § 76 (2000). "Whether an action is ongoing or contemplated, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with

3

each other to more effectively prosecute or defend their claims." *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990). "[T]he joint defense or common interest rule presupposes the existence of an otherwise valid privilege, and the rule applies not only to communications subject to the attorney-client privilege, but also to communications protected by the work-product doctrine." *Id.* at 249.

The common interest between a relator and the United States in pursuing a false claims action has been recognized by several courts, most recently by the District of South Carolina, where the Court granted the United States' Motion to Quash a subpoena that requested communications between a relator and the United States. *Schaefer v. Family Med. Ctrs. of South Carolina, LLC, et al.*, 2019 WL 2135675, No. 3:18-cv-02775-MBS (May 16, 2019); *see also Miller v. Holtzman*, 240 F.R.D. 20, 21 (D.D.C. 2007) (holding that the government and a qui tam relator have "a common interest in the prosecution of common defendants" once the relator has filed a qui tam case and the government has commenced its investigation.); *United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 27 (D.D.C. 2002) ("[T]he unique relationship of the government and the relator in qui tam cases requires the sharing of the work product generated between the relator and his attorney with the government in order for the case to proceed.").

Defendants' proposed requests necessarily include communications between attorneys for the United States and Relators' counsel that are protected from disclosure pursuant to their common interest. Moreover, communications between the United States and Relators regarding the FCA Action are protected from disclosure because they are or reflect (1) attorney-work product, *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154

(1975) ("the attorney's work-product rule [is] applicable to Government attorneys"), (2) privileged attorney-client communications, *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011) ("the Government may invoke the attorney-client privilege in civil litigation"), or (3) information that is part of law enforcement investigatory files, *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984) ("There surely is such a thing as a qualified common-law privilege . . . for law-enforcement investigatory files"); *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) ("[a]n investigation . . . need not be ongoing for the law enforcement privilege to apply"). Thus, discovery into these protected communications should be denied.

### B. The Discovery Sought by Defendants is Untimely and Unwarranted

The United States takes no position regarding the nature or identification of documents relied upon by Relators in drafting their Second Amended Complaint. Still, Defendants do not even attempt to establish that Relators relied on any of the documents they claim are privileged. Nor have Defendants attempted to establish that any of the documents about which they complain are privileged. Defendants' attempt to flip the ordinary course of discovery and prioritize their unsupported one-way discovery circumvents the threshold question of whether the claimed documents are privileged—in favor of an unwarranted inquiry into the United States' investigation and protected communications with Relators. Proceeding in expedited fashion without two-way discovery unsurprisingly finds no basis in the Federal Rules of Civil Procedure. The Court should therefore reject Defendants' transparent attempt to thwart traditional doctrine to obtain unwarranted discovery into protected communications.

### C. The United States Acted in Good Faith Throughout its Investigation of Fluor

To establish grounds for their request, Defendants provide a recitation of the investigative timeline that misconstrues, and even misrepresents, actions by the United States. Indeed, the exhibits Defendants attached to their motion demonstrate the good faith efforts by attorneys for the United States to protect privileged documents and to take appropriate remedial measures when Defendants expressly claimed privilege over documents. Of particular concern is Defendants' insinuation throughout its motion that attorneys for the United States intentionally disseminated information they knew to be privileged, together with Fluor's unsupported fourth proposed request, which seeks authority for third-party discovery on the Department of Justice, to gain access to the government's internal investigation and communications protected pursuant to the common interest doctrine. The United States acted in good faith throughout its investigation of Fluor and, to the extent required by the Court, will provide the Court in camera details of its good faith efforts to protect Defendants' privilege, and the remedial measures made in response to Defendants' claims of privilege and in accord with the guidance of Federal Rule of Civil Procedure 26(b)(5)(B). However, the United States will not waive privilege or work product protection in responding to Defendants' arguments. Any request by Defendants for discovery of the United States' protected communications with Relators' counsel will be opposed.

## CONCLUSION

Accordingly, for the reasons detailed above, the Court should deny Defendants' request for one-sided, expedited discovery.

Respectfully submitted,

SHERRI A. LYDON
United States Attorney
District of South Carolina

By: s/ BETH C. WARREN
BETH C. WARREN (#11360)
STAN RAGSDALE (#3197)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, S.C. 29201
Telephone: (803) 929-3037

MICHAEL D. GRANSTON
ROBERT McAULIFFE
LINDA MCMAHON
ART J. COULTER

Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0237

July 16, 2019                *Attorneys for the United States of America*