**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey,<br><br>  Plaintiff-Relators,<br><br> vs.<br><br>Fluor Corporation, Inc, and Fluor Intercontinental, Inc.,<br><br>  Defendants. | C/A No.: 6:13-02428-TMC<br><br><br>**AMENDED ANSWER OF DEFENDANTS FLUOR CORPORATION AND FLUOR INTERCONTINENTAL, INC. TO SECOND AMENDED COMPLAINT** |

Defendants Fluor Corporation and Fluor Intercontinental, Inc. (collectively, "Fluor")[1] respectfully submit this Amended Answer to the Second Amended Complaint ("SAC") of Relators Charles R. Shepherd ("Relator Shepherd"), Danny V. Rude ("Relator Rude"), Robert Scott Dillard ("Relator Dillard"), and Rickey Mackey ("Relator Mackey") (collectively, "Relators") [Dkt. 121].

Fluor denies all allegations of the SAC except as specifically admitted, modified, or explained in this Answer, and demands strict proof of all allegations in the SAC which are not admitted in this Answer. Headings in the SAC are not factual allegations and require no response. To the extent a response is required, they are all denied. Further, many of the SAC's allegations appear to be based on a review of documents in Relators' possession. With respect to those allegations, Fluor will defer to those documents for their content and deny any characterizations

---

[1] Only Fluor Intercontinental, Inc. is a party to the Logistics Civil Augmentation Program IV contract and task orders issued thereunder (collectively, "the LOGCAP IV contract"). Fluor Corporation is not a party to the LOGCAP IV contract and therefore is improperly named as a defendant. For convenience only, this Answer refers to the defendant entities collectively as "Fluor."

or conclusions that are not consistent with the language of the document or documents.  Fluor answers the numbered paragraphs set forth in the SAC as follows:

1.      In response to Paragraph 1 of the SAC, Fluor states that no response is required. To the extent a response is required, Fluor denies that Relators are entitled to any relief in any amount or nature whatsoever.

2.      In response to Paragraph 2 of the SAC, Fluor admits only that Relators were employed by Fluor and performed work in Afghanistan under Fluor's LOGCAP IV contract.  Fluor lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Relators' former military service and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

3.      In response to Paragraph 3 of the SAC, Fluor admits that LOGCAP IV is a program of the United States Army to hire civilian contractors to provide in-theater logistical support to military personnel in wartime and other operations in the Middle East and elsewhere.  Fluor further admits that it supports military personnel deployment and operations by providing civilian personnel to provide "Base Life Support" services such as laundry, food service, sanitation, facilities management, morale welfare and recreation, information management, transportation, engineering and construction services, and power generation and distribution.  Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph regarding the total number of individuals to have worked overseas under LOGCAP IV, the award of which was split between Fluor and other contractors, and Fluor therefore denies that allegation.

4.      In response to Paragraph 4 of the SAC, Fluor admits only that LOGCAP IV was competitively bid and awarded, in part, to Fluor, and that certain services for which Fluor was

responsible under LOGCAP IV were transitioned from the previous contractor. Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

5.     In response to Paragraph 5 of the SAC, Fluor denies the allegations in this paragraph.

6.     In response to Paragraph 6 of the SAC, Fluor states that this paragraph reflects a legal conclusion to which no response is required. To the extent a response is required, Fluor denies the allegation in this paragraph.

7.     In response to Paragraph 7 of the SAC, Fluor states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations pertaining to specific conversations between Relators and unidentified Fluor personnel and therefore denies same. All remaining allegations in this paragraph not specifically admitted are denied.

8.     In response to Paragraph 8 of the SAC, Fluor states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

9.     In response to Paragraph 9 of the SAC, Fluor states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

10.    In response to Paragraph 10 of the SAC, Fluor admits that Relator Shepherd began working for Fluor in 2009 in the role of Senior Logistics Manager. Fluor further admits that Relator Shepherd subsequently served in the position of Country Maximo Manager, and in that position he was responsible for managing Maximo. Fluor further admits that Relator Shepherd's employment with Fluor was terminated in or around July 2015. Fluor states that it lacks knowledge

or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relator Shepherd's work for KBR and therefore denies same. All remaining allegations in this paragraph not specifically admitted are denied.

11.    In response to Paragraph 11 of the SAC, Fluor states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

12.    In response to Paragraph 12 of the SAC, Fluor admits that Relator Rude worked for Fluor as the Operations and Maintenance Manager, Transition Manager, and Deputy Country Maximo Manager. Fluor further admits that Relator Rude ceased to be employed by Fluor in or around July 2014. Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relator Rude's work for KBR. All remaining allegations in this paragraph not specifically admitted are denied.

13.    In response to Paragraph 13 of the SAC, Fluor admits only that Relator Dillard was employed by Fluor from 2010 to 2016, that Relator Dillard was hired by Fluor in January 2010 as a Project Specialist I (Tier I – GG18), that Fluor deployed Relator Dillard in March 2010 as an Operations and Maintenance Manager, and that from 2012 to 2016, Relator Dillard served in Fluor's Materials Management Group. Fluor states that it lacks knowledge or information sufficient to forth a belief as to the truth of the allegations in this paragraph regarding Relator Dillard's background and therefore denies same. All remaining allegations in this paragraph not specifically admitted are denied.

14.    In response to Paragraph 14 of the SAC, Fluor admits only that Relator Mackey began working for Fluor in May of 2009 in Afghanistan. Fluor states that it lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

15.     In response to Paragraph 15 of the SAC, Fluor denies the allegations in this paragraph. Fluor further states that "Fluor Corporation, Inc." does not exist. Fluor Corporation is the parent company of Fluor Enterprises, Inc., of which Fluor Intercontinental, Inc. – the party to the LOGCAP IV contract – is a wholly owned subsidiary.

16.     In response to Paragraph 16 of the SAC, Fluor admits that under LOGCAP IV, Fluor provides engineering, procurement, construction, and maintenance services to the U.S. Army in Afghanistan. Fluor further admits that at one point, it provided these services to 70 Forward Operating Bases ("FOBs") in Northern Afghanistan and that Fluor has billed more than $10 billion on the LOGCAP IV contract. Fluor denies the remaining allegations in this paragraph.

17.     In response to Paragraph 17 of the SAC, Fluor denies the allegations in this paragraph. Fluor further states that "Fluor Corporation, Inc." does not exist. Fluor Intercontinental, Inc. is a wholly owned subsidiary of Fluor Enterprises, Inc., which, in turn, is a wholly owned subsidiary of Fluor Corporation. Fluor Intercontinental, Inc. is a corporation organized under the laws of the state of California and has its principal place of business in Greenville, South Carolina.

18.     In response to Paragraph 18 of the SAC, Fluor states that the allegation in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, as discussed more fully in briefing on Fluor's Motion to Partially Dismiss Second Amended Complaint [Dkt. 126], Fluor denies that this Court has jurisdiction over this action, in part, based on the False Claims Act "first-to-file bar," 31 U.S.C. § 3730(b)(5).

19.     In response to Paragraph 19 of the SAC, Fluor states that the allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

20.     In response to Paragraph 20 of the SAC, Fluor admits only that Relators all worked for Fluor.  All remaining allegations in this paragraph not specifically admitted are denied.

21.     In response to Paragraph 21 of the SAC, Fluor states that the allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fluor admits that venue is proper in the District of South Carolina.

22.     In response to Paragraph 22 of the SAC, Fluor states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

23.     In response to Paragraph 23 of the SAC, Fluor states that this paragraph appears to refer to the definition of "Base Life Support" from an unidentified Army document.  Because this paragraph refers to a document and does not identify the source document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

24.     In response to Paragraph 24 of the SAC, Fluor denies that it exploited any situation to its own benefit and to the detriment of the United States.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

25.     In response to Paragraph 25 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

26.     In response to Paragraph 26 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

27.     In response to Paragraph 27 of the SAC, Fluor admits only that the Department of the Army announced that logistics work in Afghanistan and Iraq would be re-bid in a competition for a contract to be known as LOGCAP IV. Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

28.     In response to Paragraph 28 of the SAC, Fluor admits that the Department of the Army announced that logistics work in Afghanistan and Iraq would be re-bid in a new competition for a contract to be known as LOGCAP IV. Fluor denies the allegation that this announcement was made in 2008.

29.     In response to Paragraph 29 of the SAC, Fluor admits that in July 2009, under Contract Number W52P1J-07-D-0008 (the base LOGCAP IV contract awarded to Fluor), Fluor was awarded Task Order 0005, which included the provision of Base Life Support in Northern Afghanistan.   Further responding, Fluor states that the Task Order 0005 Performance Work Statement ("PWS") provides that "the Contractor and the Government expect that the quantities, types, and locations of the services to be required within [Northern Afghanistan] will change over the Period of Performance."   Fluor admits that at the time Task Order 0005 was awarded, Fluor was to support 74 bases.  Fluor further admits that, as awarded, Task Order 0005 consisted of one base year and four option years.  Fluor further admits that in July 2009, Fluor issued a press release regarding LOGCAP IV Task Order 0005, which stated, among other things, that the total value of the task order would be potentially more than $7 billion over five years.  Fluor states that it lacks

knowledge or information sufficient to form a belief as to the truth of allegations regarding work awarded to or taken from other companies and therefore denies same. All remaining allegations in this paragraph not specifically admitted are denied.

30.     In response to Paragraph 30 of the SAC, Fluor admits only that Army Sustainment Command, Rock Island is the contracting agency for the LOGCAP IV contract and that the Procuring Contracting Officer delegated authority to the Defense Contract Management Agency to perform contract administration functions on individual task orders. Fluor further states that the remaining allegations in this paragraph constitute legal conclusions regarding the roles and relationships of various government entities and personnel to which no response is required. To the extent a response is required, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

31.     In response to Paragraph 31 of the SAC, Fluor admits the allegations in this paragraph.

32.     In response to Paragraph 32 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

33.     In response to Paragraph 33 of the SAC, Fluor states that this paragraph appears to refer to unidentified written statements issued by the United States Department of Defense Office of General Counsel. Because this paragraph appears to refer to a document and does not identify the source document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same. Further responding, Fluor states that the substantive views allegedly expressed by the Department of Defense Office of

8

General Counsel reflect legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34.    In response to Paragraph 34 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

35.    In response to Paragraph 35 of the SAC, Fluor admits that certain Relators were at times in management positions at Fluor. Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Relators were asked to do and therefore denies same. Fluor denies the remaining allegations in this paragraph.

36.    In response to Paragraph 36 of the SAC, Fluor denies the allegations in this paragraph.

37.    In response to Paragraph 37 of the SAC, Fluor states that this paragraph refers to an unidentified Fluor proposal, of which there were several under LOGCAP IV. Without greater specificity, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

38.    In response to Paragraph 38 of the SAC, Fluor denies that the LOGCAP IV base contract is a cost-plus-award-fee contract. LOGCAP IV is an IDIQ contract, under which work was performed pursuant to individually-issued task orders, which could be, among other things cost-plus-award-fee task orders. The allegation in this paragraph as to what a cost-plus-award-fee contract "means" constitutes a legal conclusion to which no response is required. To the extent a response is required, Fluor denies the allegations. Fluor further specifically denies the allegation in this paragraph that "all" costs Fluor incurred in performing work under LOGCAP IV were

passed on to the government. Any remaining allegations in this paragraph not specifically admitted are denied.

39. In response to Paragraph 39 of the SAC, Fluor admits only that under Task Order 0005, the government paid Fluor for the costs the government determined were allowable, plus a base fee of one percent, which is determined based on the negotiated estimated costs. Fluor denies the remaining allegations in this paragraph.

40. In response to Paragraph 40 of the SAC, Fluor admits that LOGCAP IV provides for performance-based award fees to be awarded bi-annually by the U.S. Army Award Fee Determining Official ("AFDO") following an evaluation by the Award Fee Evaluation Board ("AFEB") for Task Order 0005. The allegations in this paragraph as to the government's obligations to provide award fees are legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations.

41. In response to Paragraph 41 of the SAC, Fluor admits that Task Order 0005 provided for the award fee to be paid out of the Award Fee Pool. Fluor denies the remaining allegations in this paragraph.

42. In response to Paragraph 42 of the SAC, Fluor admits that for each six-month period, Fluor submitted to the AFEB a written "self-assessment" and briefing regarding its performance under Task Order 0005. Fluor further admits that it was eligible to receive ratings of "Excellent," "Very Good," "Good," or "Average," each of which corresponded to a numerical range. Fluor further admits that it was required to receive a "Good" evaluation with a score of greater than 70 out of 100 to receive an award fee. Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including what the AFEB relied on, and Fluor therefore denies same.

43.     In response to Paragraph 43 of the SAC, Fluor denies the allegations in this paragraph.

44.     In response to Paragraph 44 of the SAC, Fluor admits that through Modification 60, Task Order 0005 was converted from a cost-plus-award-fee task order to a cost-plus-fixed-fee task order, retroactive to the beginning of Option Year 2, July 1, 2012.  Fluor further admits that the fixed fee replaced both the base fee and award fee set out in Task Order 0005.  Fluor denies the remaining allegations in this paragraph.

45.     In response to Paragraph 45 of the SAC, Fluor denies the allegations in this paragraph.

46.     In response to Paragraph 46 of the SAC, Fluor denies the allegations in this paragraph.

47.     In response to Paragraph 47 of the SAC, Fluor denies the allegations in this paragraph.

48.     In response to Paragraph 48 of the SAC, Fluor denies the allegations in this paragraph.

49.     In response to Paragraph 49 of the SAC, Fluor admits that Contract Modification BM signed March 16, 2017 states the total definitized costs Fluor submitted for reimbursement and that the government approved and paid as of March 16, 2017 listed in the chart in this paragraph.  The remaining allegations in this paragraph are denied.

50.     In response to Paragraph 50 of the SAC, Fluor admits the allegations in this paragraph.

51.     In response to Paragraph 51 of the SAC, Fluor admits the allegations in this paragraph.

11

52.     In response to Paragraph 52 of the SAC, Fluor admits that for the cost-plus-award-fee period of Task Order 0005, the government reimbursed Fluor for more than $4.2 billion in allowable costs.  Fluor further admits that it received approximately $42 million in base fees and $138.5 million in award fees during that period.  Fluor admits that for the cost-plus-fixed-fee period of Task Order 0005, the government reimbursed Fluor for more than $5 billion in allowable costs as of Modification BM's execution.  Fluor further admits that the government paid Fluor $272 million in fixed fees during that period as of Contract Modification BM's execution.  Fluor further states it lacks knowledge or information sufficient to form a belief as to the bases for the award fees paid to Fluor and therefore denies same.  Any allegations in this paragraph not expressly admitted are denied.

53.     In response to Paragraph 53 of the SAC, Fluor admits that it had numerous obligations and responsibilities under Task Order 0005 to support American military forces in the war effort.  Fluor further admits that among the functions it performed was feeding the troops, conducting repairs of military facilities, and ensuring supplies of water, fuel, and power.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the impact on the military's operational readiness and therefore denies same.

54.     In response to Paragraph 54 of the SAC, Fluor admits the allegations in this paragraph.

55.     In response to Paragraph 55 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations in this paragraph.

56.    In response to Paragraph 56 of the SAC, Fluor admits the allegations in this paragraph.

57.    In response to Paragraph 57 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations in this paragraph.

58.    In response to Paragraph 58 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations in this paragraph.

59.    In response to Paragraph 59 of the SAC, admits the LOGCAP IV contract incorporated FAR 52.245-1 and that this paragraph accurately sets out portions of that FAR clause. Fluor denies that this clause is listed in Clause I-326 of the LOGCAP IV contract.  Further, to the extent this paragraph refers to allegations in paragraph 58, Fluor incorporates its response thereto.

60.    In response to Paragraph 60 of the SAC, Fluor admits that the LOGCAP IV contract incorporates DFARS 252.242-7004 and that this paragraph accurately quotes a portion of that DFARS clause.  Fluor denies that the clause appears in Clause I-257 of the LOGCAP IV contract. Further, the allegations in this paragraph regarding what DFARS 252.242-7004 "requires" constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

61.    In response to Paragraph 61 of the SAC, Fluor admits that this paragraph accurately quotes a portion of 48 C.F.R. § 52.232-16(c).  The remaining allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fluor denies the allegation.

62.     In response to Paragraph 62 of the SAC, Fluor states admits that the LOGCAP IV contract incorporates DFARS 252.242-7004 and that this paragraph accurately quotes a portion of that DFARS clause.  Fluor denies that the clause appears in Clause I-257 of the LOGCAP IV contract.  Further, the allegation in this paragraph regarding what the LOGCAP IV contract "permits" constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fluor denies the allegation.

63.     In response to Paragraph 63 of the SAC, Fluor admits that it developed written policies and procedures called the Government Property Control System ("GPCS") and Material Management Plan ("MMP") and that one or more versions of these documents were submitted to the government for approval.  Fluor further admits that these documents included policies and procedures that Fluor would implement to receive, secure, and maintain government property and materials.  Fluor admits that the GPCS is a higher-level document and that the MMP implements the policies and procedures in the GPCS at the project level, including with the Material Department.  Fluor further states that the allegations in this paragraph related to what is required to comply with LOGCAP IV and the need for government approval of amendments or modifications to the GPCS and MMP constitute legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations.

64.     In response to Paragraph 64 of the SAC, Fluor admits the allegations in this paragraph.

65.     In response to Paragraph 65 of the SAC, Fluor admits the allegations in this paragraph.

66.     In response to Paragraph 66 of the SAC, Fluor denies the allegations in this paragraph.

14

67.     In response to Paragraph 67 of the SAC, Fluor denies the allegations in this paragraph.

68.     In response to Paragraph 68 of the SAC, Fluor admits only that the quoted language appears in the GPCS.  Fluor denies the remaining allegations in this paragraph.

69.     In response to Paragraph 69 of the SAC, Fluor admits that the MMP is a reference and guide for policies and procedures set out in the GPCS concerning, among other things, LTDD reports and inventories.  Fluor denies the allegation in this paragraph to the extent it implies that the MMP is limited to LTDD reports and inventories.

70.     In response to Paragraph 70 of the SAC, Fluor states that the allegations in this paragraph refer to an MMP, of which there were several versions during the time period relevant to this case, and this paragraph does not specify the MMP to which it relates.  Further responding, not every version of the MMP contains Section 4.5.12.6.1, and Fluor therefore denies the allegations in this paragraph.

71.     In response to Paragraph 71 of the SAC, Fluor admits only that Section 4.6 of Fluor's MMPs is entitled "Government Property Administration" and contains the language quoted in this paragraph.   The remaining allegations in this paragraph regarding Fluor's "obligations with regard to the maintenance and security of Government property" constitutes legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

72.     In response to Paragraph 72 of the SAC, Fluor admits the allegation in this paragraph.

73.     In response to Paragraph 73 of the SAC, Fluor states that this paragraph appears to refer to and quote an unidentified Task Order Execution Plan ("TOEP").  Without greater

specificity regarding the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Fluor therefore denies same.

74.     In response to Paragraph 74 of the SAC, Fluor states that this paragraph refers to an unidentified TOEP.  Without greater specificity regarding the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Fluor therefore denies same.

75.     In response to Paragraph 75 of the SAC, Fluor states that this paragraph refers to an unidentified TOEP.  Without greater specificity regarding the referenced documents, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Fluor therefore denies same.

76.     In response to Paragraph 76 of the SAC, Fluor admits only that it created a "Desk Top Guide" concerning "Inventory Procedures."  All remaining allegations in this paragraph not specifically admitted are denied.

77.     In response to Paragraph 77 of the SAC, Fluor states that the allegations in this paragraph as to what Fluor was "required" to do constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations in this paragraph. Further, Fluor states that the allegations in this paragraph refer to a MMP, of which there were several versions during the time period relevant to this case, and this paragraph does not specify the MMP to which it relates.  Fluor thus lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph, and therefore denies same.

78.     In response to Paragraph 78 of the SAC, Fluor admits that the Fluor Desktop Guide contains the quoted language.  Further responding, Fluor states that the allegations in this

paragraph as to what Fluor was "required" to do constitute legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations in this paragraph.

79.     In response to Paragraph 79 of the SAC, Fluor admits that the reference to "Maximo" in the Desktop Guide referenced in paragraph 78 is to Fluor's IBM-developed property management system called "Maximo," which Fluor uses for inventory management. All remaining allegations in this paragraph not specifically admitted are denied.

80.     In response to Paragraph 80 of the SAC, Fluor states that the allegations in this paragraph as to what the MMP "requires" constitute legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations in this paragraph. Further responding, Fluor states that the allegations in this paragraph refer to a MMP, of which there were several versions during the time period relevant to this case, and this paragraph does not specify the MMP to which it relates. Further responding, not every version of the MMP contains the quoted language in Section 4.6.6, and Fluor therefore denies the allegations in this paragraph.

81.     In response to Paragraph 81 of the SAC, Fluor admits that this paragraph accurately quotes a portion of the FGG Materials/Inventory Procedures Desktop Guide. The term "controlling plans" is vague and ambiguous, and thus Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of such "controlling plans" and therefore denies same.

82.     In response to Paragraph 82 of the SAC, Fluor admits that a "negative adjustment" is an adjustment to the inventory records within Maximo that reflects a decline in the inventory balance. Fluor further states that the allegation in this paragraph regarding what is "required"

constitutes a legal conclusion to which no response is required. To the extent a response is required, Fluor denies the allegation.

83.    In response to Paragraph 83 of the SAC, Fluor admits only that this paragraph accurately quotes Sections 11.2.1.1 and 11.2.1.2 of the FGG Desktop Guide, Materials/Inventory Procedures, Revision 2 – 12 Jan 11. Fluor further admits that administrative losses occur when the discrepancy between physical inventory and electronic records can be accounted for due to a technical or administrative error, and that examples of such errors may include typos or miscoded units or unit of measurement mistakes. Fluor denies the remaining allegations in this paragraph.

84.    In response to Paragraph 84 of the SAC, Fluor admits only that the LOGCAP IV contract incorporates FAR 52.245-1 and that this paragraph accurately quotes a portion of that FAR clause. Fluor denies that FAR 52.245-1 appears in Clause I-326 of the LOGCAP IV contract. Fluor denies the remaining allegations in this paragraph.

85.    In response to Paragraph 85 of the SAC, Fluor states that the allegations in this paragraph refer to a MMP, of which there were several versions during the time period relevant to this case, and this paragraph does not specify the MMP to which it relates. Further responding, not every version of the MMP contains Section 4.5.12.6.2, and Fluor therefore denies the allegations in this paragraph. Fluor further states that the allegation that inventory control was a material obligation of LOGCAP IV constitutes a legal conclusion to which no response is required. To the extent a response is required, Fluor denies the allegation.

86.    In response to Paragraph 86 of the SAC, Fluor admits that LTDD reports in general provide a variety of information, including a description of the loss, the cost of the loss, the reason for the loss if known, and corrective actions. Fluor further states that to the extent this paragraph refers to a specific LTDD report, it does not identify such report, and Fluor thus lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

87.    In response to Paragraph 87 of the SAC, Fluor denies the allegations in this paragraph.

88.    In response to Paragraph 88 of the SAC, Fluor admits that LTDD reports are submitted to the Government Property Administrator, who sits within DCMA. Fluor further states that the allegations in this paragraph regarding DCMA determinations of financial responsibility reflect conclusions of law to which no response is required. To the extent a response is required, Fluor denies the allegations. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the information on which DCMA relies in making decisions.

89.    In response to Paragraph 89 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

90.    In response to Paragraph 90 of the SAC, Fluor states this the allegations in this paragraph reflect conclusions of law to which no response is required. To the extent a response is required, Fluor denies the allegations.

91.    In response to Paragraph 91 of the SAC, Fluor admits the allegations in this paragraph.

92.    In response to Paragraph 92 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations.

93.     In response to Paragraph 93 of the SAC, Fluor denies the allegations in this paragraph.

94.     In response to Paragraph 94 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations in this paragraph.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding requirements imposed on KBR and therefore denies same.

95.     In response to Paragraph 95 of the SAC, Fluor states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

96.     In response to Paragraph 96 of the SAC, Fluor denies the allegations in this paragraph.

97.     In response to Paragraph 97 of the SAC, Fluor states that the allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Fluor states that it lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph regarding KBR obtaining relief of responsibility and therefore denies same.  Fluor denies the allegation that Fluor submitted false certifications.

98.     In response to Paragraph 98 of the SAC, Fluor admits that under Task Order 0005, Fluor provided various operations, management, and support services to facilities located at 70 FOBs in Northern Afghanistan.  Fluor further admits that before Fluor began to provide those services, some or all of the services were provided by KBR under the LOGCAP III contract.  Fluor further states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph related to services provided by KBR under the LOGCAP III contract

and therefore denies same.  Fluor lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph regarding a document referred to as "a Transition Plan" and therefore denies same.  Fluor further responds that numerous planning documents were created regarding the transition from KBR to Fluor and it is unclear to which document this paragraph refers.  All remaining allegations in this paragraph not specifically admitted are denied.

99.     In response to Paragraph 99 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding a document referred to as "a Transition Plan" and therefore denies same.  Fluor further responds that numerous planning documents were created regarding the transition from KBR to Fluor and it is unclear to which document this paragraph refers.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph related to the government's "intent" and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

100.     In response to Paragraph 100 of the SAC, Fluor states that the allegation in this paragraph as to "requirements" of the LOGCAP IV contract constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fluor denies the allegation.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding a document referred to as "a Transition Plan" and therefore denies same.  Fluor further responds that numerous planning documents were created regarding the transition from KBR to Fluor and it is unclear to which document this paragraph refers.  Fluor further states that the LOGCAP IV contract states:  "It is the intent of both the phase-in and phase-out provisions to allow seamless transition between contracts and allow for the cooperative transfer of task execution between contractors as needed."  Fluor denies this paragraph's characterization

of this language as imposing a "require[ment]" on Fluor.  Further, to the extent the allegations in this paragraph refer to a contract other than LOGCAP IV, Fluor further states it lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

101.    In response to Paragraph 101 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding a document referred to as "a Transition Plan" and therefore denies same.  Fluor further responds that numerous planning documents were created regarding the transition from KBR to Fluor and it is unclear to which document this paragraph refers.  Fluor further states that the allegations in this paragraph regarding KBR's obligations constitute conclusions of law to which no response is required.  To the extent a response is required, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to KBR's obligations and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

102.    In response to Paragraph 102 of the SAC, Fluor states that this paragraph appears to be referring to the "Transition Plan" referenced in prior paragraphs.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding a document referred to as "a Transition Plan" and therefore denies same.  Fluor further responds that numerous planning documents were created regarding the transition from KBR to Fluor and it is unclear to which document this paragraph refers.  Fluor further states that the allegations in this paragraph regarding KBR's obligations constitute conclusions of law to which no response is required.  To the extent a response is required, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to KBR's obligations and therefore denies same.  Fluor

further states that the allegation that "any changes" to the Property List could only occur via contract modification constitutes a conclusion of law to which no response is required. To the extent a response is required, Fluor denies the allegation. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding the "critical nature" and intent of the Property Exhibit and therefore denies same. All remaining allegations in this paragraph not specifically admitted are denied.

103.    In response to Paragraph 103 of the SAC, Fluor states that the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding KBR's obligations and therefore denies same.

104.    In response to Paragraph 104 of the SAC, Fluor admits only that DA-3161 and DD-1149 are forms used to transfer property and materials and were used to record joint inventories. Fluor further admits that these documents were signed by a government representative. Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

105.    In response to Paragraph 105 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefor denies same.

106.    In response to Paragraph 106 of the SAC, Fluor denies the allegations in this paragraph.

107.    In response to Paragraph 107 of the SAC, Fluor admits only that transition packets were submitted for each forward operating base that was transferred, and that, in general, the

packets included a "flat file" and transfer documents. Fluor further states that the allegations in this paragraph as what transition tasks were "required" and that Fluor was "responsible" for property constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. All remaining allegations in this paragraph are denied.

108.    In response to Paragraph 108 of the SAC, states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

109.    In response to Paragraph 109 of the SAC, Fluor denies the allegations in this paragraph.

a.    In response to Paragraph 109(a) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

b.    In response to Paragraph 109(b) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

c.    In response to Paragraph 109(c) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

d.    In response to Paragraph 109(d) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

e.    In response to Paragraph 109(e) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

110.    In response to Paragraph 110 of the SAC, Fluor denies the allegations in this paragraph.

111.    In response to Paragraph 111 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

112.    In response to Paragraph 112 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

113.    In response to Paragraph 113 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

114.    In response to Paragraph 114 of the SAC, Fluor states that no response is required. To the extent a response is required, Fluor denies the allegations in this paragraph.

115.    In response to Paragraph 115 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

116.    In response to Paragraph 116 of the SAC, Fluor admits only that it prepared an internal assessment in or around April 2010 regarding property and materials management.  Fluor denies the remaining allegations in this paragraph.

117.    In response to Paragraph 117 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

118.    In response to Paragraph 118 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

119.    In response to Paragraph 119 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

120.    In response to Paragraph 120 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

121.    In response to Paragraph 121 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph related to KBR and therefore denies same.  All remaining allegations in this paragraph are denied.

122.    In response to Paragraph 122 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

123.    In response to Paragraph 123 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding a conversation between Relator Shepherd and an unidentified Fluor Information Technology manager and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

124.    In response to Paragraph 124 of the SAC, Fluor admits only that it hired some former KBR employees to work on LOGCAP IV in Afghanistan. All remaining allegations in this paragraph not specifically admitted are denied.

125.    In response to Paragraph 125 of the SAC, Fluor states that the allegations in this paragraph regarding Fluor's supposed "obligat[ions]" constitute legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations. Fluor admits that the language quoted in this paragraph appears in Section 05.02.02 of the TO 0005 PWS. Fluor denies the characterization of the PWS in this paragraph. Further, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the "goal" of using joint technical inspections and payments paid to KBR and therefore denies same. All allegations in this paragraph not specifically admitted are denied.

126.    In response to Paragraph 126 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations.

127.    In response to Paragraph 127 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

128.    In response to Paragraph 128 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

129.    In response to Paragraph 129 of the SAC, Fluor denies the allegations in this paragraph.

130.     In response to Paragraph 130 of the SAC, Fluor denies the allegations in this paragraph.

131.     In response to Paragraph 131 of the SAC, Fluor states that the allegation in this paragraph constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fluor denies the allegation in this paragraph.

132.     In response to Paragraph 132 of the SAC, Fluor denies the allegations in this paragraph.

133.     In response to Paragraph 133 of the SAC, Fluor denies the allegations in this paragraph.

134.     In response to Paragraph 134 of the SAC, Fluor admits only that DCMA issued a memorandum stating that FOB Ghazni had been successfully transitioned from KBR to Fluor as of March 31, 2010.  Further responding, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

135.     In response to Paragraph 135 of the SAC, Fluor denies the allegations in this paragraph.

136.     In response to Paragraph 136 of the SAC, states that the allegations in this paragraph regarding what Fluor "had to" do reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.  Fluor further specifically denies the allegation that it billed the government for the cost of labor associated with performing joint inventories and technical inspections that they did not perform.

137.     In response to Paragraph 137 of the SAC, Fluor admits only that Fluor personnel filled out timesheets.  All remaining allegations in this paragraph not specifically admitted are denied.

138.     In response to Paragraph 138 of the SAC, Fluor denies the allegations in this paragraph.

139.     In response to Paragraph 139 of the SAC, Fluor denies the allegations in this paragraph.

140.     In response to Paragraph 140 of the SAC, Fluor denies the allegations in this paragraph.

141.     In response to Paragraph 141 of the SAC, Fluor admits that for the Transition Period, Fluor was paid for approximately $755.5 million in definitized costs, plus approximately $35 million in additional base and award fees.  Fluor further admits that the majority of the payments from the government to Fluor were reimbursements for labor costs and property and material purchases.  Fluor states that the term "vast majority" is vague and Fluor therefore lacks knowledge or information sufficient to form a belief as to the truth of that allegation, and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

142.     In response to Paragraph 142 of the SAC, Fluor states that this allegation constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fluor denies the allegation.

143.     In response to Paragraph 143 of the SAC, Fluor denies the allegations in this paragraph.

144.    In response to Paragraph 144 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

145.    In response to Paragraph 145 of the SAC, Fluor admits that Northern Afghanistan was a war zone during the periods relevant to this case.  Fluor further admits that local Afghanis and third country nationals came on and off certain American military installations in Afghanistan. Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

146.    In response to Paragraph 146 of the SAC, Fluor states that lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

147.    In response to Paragraph 147 of the SAC, Fluor states that the allegation in this paragraph regarding what Fluor was required to do constitutes a legal conclusion to which no response is required.  To the extent a response is required, Fluor states that it had a government-approved property management system and otherwise denies the allegations in that sentence.  All remaining allegations in this paragraph not specifically admitted are denied.

148.    In response to Paragraph 148 of the SAC, Fluor admits only that Maximo is an IBM Enterprise Management System used by Fluor.  Fluor further states that the allegations in this paragraph regarding what "must" be accounted for in Maximo appears to state a legal conclusion to which no response is required.  To the extent a response is required, Fluor denies the allegations.

149.    In response to Paragraph 149 of the SAC, Fluor denies the allegations in this paragraph.

150.    In response to Paragraph 150 of the SAC, Fluor denies the allegations in this paragraph.

151.    In response to Paragraph 151 of the SAC, Fluor denies the allegations in this paragraph.

152.    In response to Paragraph 152 of the SAC, Fluor denies the allegations in this paragraph.

153.    In response to Paragraph 153 of the SAC, Fluor denies the allegations in this paragraph.

154.    In response to Paragraph 154 of the SAC, Fluor denies the allegations in this paragraph.

155.    In response to Paragraph 155 of the SAC, Fluor states that no response is required. To the extent a response is required, Fluor denies the allegations in this paragraph.

a.    In response to Paragraph 155(a) of the SAC, Fluor admits only that in or around January/February 2011, it issued an internal report regarding materials management under Task Order 0005.  Fluor denies the remaining allegations in this paragraph.

b.    In response to Paragraph 155(b) of the SAC, Fluor states that this paragraph refers to a "late 2012 management self-assessment report."  Without greater specificity regarding the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

c.    In response to Paragraph 155(c) of the SAC, Fluor admits only that a February 17, 2013 email from Jarrold Reeves states:  "We are not executing 10% to standard.  Sites are pencil whipping the inventory, not reconciling the 10% in Maximo, and are not reflecting the reason for the adjustment in Maximo.  Here is the guidance that I expect you to be maintaining. . . . All RDC

31

provide a copy of your JAN Inventory Adjustment Report to Shane Ramirez by COB on 18 JAN. Shane, we will review and validate the remarks and if an LTDD has been initiated if required." This paragraph's characterization of the email and all other allegations in this paragraph are denied.

      d.    In response to Paragraph 155(d) of the SAC, Fluor states that this paragraph refers to a "January 2014 report." Without greater specificity regarding the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

      156.    In response to Paragraph 156 of the SAC, Fluor denies the allegations in this paragraph.

      157.    In response to Paragraph 157 of the SAC, Fluor states that this paragraph refers to a "January 2014 internal report." Without greater specificity regarding the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

      158.    In response to Paragraph 158 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

      159.    In response to Paragraph 159 of the SAC, Fluor denies the allegations in this paragraph.

      a.    In response to Paragraph 159(a) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

b.     In response to Paragraph 159(b) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

c.     In response to Paragraph 159(c) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

d.     In response to Paragraph 159(d) of the SAC, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

e.     In response to Paragraph 159(e) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

f.     In response to Paragraph 159(f) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

g.     In response to Paragraph 159(g) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

160.     In response to Paragraph 160 of the SAC, Fluor denies the allegation in this paragraph that it was consistently failing to conduct even highly critical sensitive item inventories. Further responding, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

161.    In response to Paragraph 161 of the SAC, Fluor denies the allegations in this paragraph.

a.    In response to Paragraph 161(a) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

b.    In response to Paragraph 161(b) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

162.    In response to Paragraph 162 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding a meeting of Maximo Materials Management staff on January 25, 2012 and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

163.    In response to Paragraph 163 of the SAC, Fluor states admits only that it issued an internal audit report dated February 23, 2011 regarding procurement and related materials management activities under Task Order 0005.  Fluor further admits that the language quoted in this paragraph appears in the audit report under the heading "Reportable Issues."  Fluor denies this paragraph's characterization of the audit report and otherwise denies the allegations in this paragraph.    Further, Fluor specifically denies the allegations in this paragraph regarding "lax controls and vulnerability to the theft of government property."

164.    In response to Paragraph 164 of the SAC, Fluor specifically denies the allegation in this paragraph regarding a relationship between performance of 10% inventories and loss of government property.  Further responding, Fluor states that it lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

165.    In response to Paragraph 165 of the SAC, Fluor denies the allegations in this paragraph.

166.    In response to Paragraph 166 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding statements made in March 2011 by an unidentified Fluor Materials Management employee and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

167.    In response to Paragraph 167 of the SAC, Fluor denies the allegations in this paragraph.

168.    In response to Paragraph 168 of the SAC, Fluor states the allegations in this paragraph regarding what Fluor was required to report constitute legal conclusions, to which no response is required.  To the extent a response is required, Fluor denies the allegations.  Fluor denies the remaining allegations in this paragraph.

169.    In response to Paragraph 169 of the SAC, Fluor denies the allegations in this paragraph.

170.    In response to Paragraph 170 of the SAC, Fluor admits that Jeff Nix worked for Fluor's Compliance Department in Afghanistan from December 2012 to April 2014.  Fluor further admits that in 2013, Fluor's Compliance Department performed a review of issues related to inventory adjustments and loss, theft, damage, or destruction (LTDD) reporting, which was documented in a report.  According to the report, the purpose of the review was "to ensure the adequacy of the Material Management Group process and procedures based on FGG Material Management Plan Revision 4, dated September 12, 2011, Materials/Inventory Procedures

Revision 2 DTG-011 dated 12 Jan 2011 and USG regulatory requirements." Fluor specifically denies that it mismanaged inventory in Afghanistan. Fluor lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding Nix's military service and therefore denies same. All remaining allegations in this paragraph not specifically admitted are denied.

171.    In response to Paragraph 171 of the SAC, Fluor admits that the 2013 review performed by Fluor's Compliance Department grew out of an earlier review by Justin Jones. Fluor further admits that Jones' review examined a sample of 25 inventory adjustments. Fluor further states that this paragraph appears to quote from a specific unidentified document discussing the results of Jones' review. Without greater specificity regarding the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Fluor therefore denies same. All remaining allegations in this paragraph not specifically admitted are denied.

172.    In response to Paragraph 172 of the SAC, Fluor admits only that based on Jones' report, Fluor's Compliance Department conducted a follow-on review related to inventory adjustments and LTDD reporting. All remaining allegations in this paragraph not specifically admitted are denied.

173.    In response to Paragraph 173 of the SAC, Fluor denies the allegations in this paragraph characterizing the findings of the 2013 review performed by the Fluor Compliance Department. Fluor further states that the allegation in this paragraph that Fluor violated "the Contract," federal regulations, and Fluor policies and procedures constitutes a conclusion of law to which no response is required. To the extent a response is required, Fluor denies the allegation. Fluor denies the remaining allegations in this paragraph.

174. In response to Paragraph 174 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

175. In response to Paragraph 175 of the SAC, Fluor admits that this paragraph accurately describes the sample universe according to the 2013 review performed by the Fluor Compliance Department.

176. In response to Paragraph 176 of the SAC, Fluor  denies the allegations in this paragraph.

177. In response to Paragraph 177 of the SAC, Fluor admits that this paragraph accurately describes the sampling methodology according to the 2013 review performed by the Fluor Compliance Department.

178. In response to Paragraph 178 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

179. In response to Paragraph 179 of the SAC, Fluor denies the allegations in this paragraph.

180. In response to Paragraph 180 of the SAC, Fluor denies the allegations in this paragraph.

181. In response to Paragraph 181 of the SAC, Fluor denies the allegations in this paragraph.

182. In response to Paragraph 182 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

183.     In response to Paragraph 183 of the SAC, Fluor denies the allegations in this paragraph.

184.     In response to Paragraph 184 of the SAC, Fluor denies the allegations in this paragraph.

185.     In response to Paragraph 185 of the SAC, Fluor admits that David Payne worked for Fluor from December 2011 through December 2016 in its Security department.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Payne allegedly discovered and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

186.     In response to Paragraph 186 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Payne allegedly discovered and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

187.     In response to Paragraph 187 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Payne allegedly discovered and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

188.     In response to Paragraph 188 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  Fluor specifically denies that any "ruse" took place.

189.     In response to Paragraph 189 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

190.    In response to Paragraph 190 of the SAC, Fluor denies the allegations in this paragraph.

191.    In response to Paragraph 191 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

192.    In response to Paragraph 192 of the SAC, Fluor denies the allegations in this paragraph.

193.    In response to Paragraph 193 of the SAC, Fluor denies the allegations in this paragraph.

194.    In response to Paragraph 194 of the SAC, Fluor denies the allegation that its system for managing inventory was fundamentally inadequate or that Fluor was reckless with respect to its management of government property.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

195.    In response to Paragraph 195 of the SAC, Fluor admits only that David Payne worked as a Supervisor in Fluor's Security Department.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

196.    In response to Paragraph 196 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Payne allegedly learned and therefore denies same.  All remaining allegations in this paragraph are denied.

197.     In response to Paragraph 197 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Payne allegedly found and therefore denies same.  All remaining allegations in this paragraph are denied.

198.     In response to Paragraph 198 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

199.     In response to Paragraph 199 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

200.     In response to Paragraph 200 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph and therefore denies same.

201.     In response to Paragraph 201 of the SAC, Fluor admits only that Ernest Ridley was a Materials Management Group manager, Reed Wilson was an MMG Specialist, and that in approximately March 2013, Ridley and Wilson traveled to Afghanistan.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

202.     In response to Paragraph 202 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

203.    In response to Paragraph 203 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

204.    In response to Paragraph 204 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

205.    In response to Paragraph 205 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

206.    In response to Paragraph 206 of the SAC, Fluor denies the allegations in this paragraph.

207.    In response to Paragraph 207 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Relators' analysis allegedly found and therefore denies same.  Fluor further denies the remaining allegations in this paragraph.

208.    In response to Paragraph 208 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Payne suspected and therefore denies same.  Fluor further denies the remaining allegations in this paragraph.

209.    In response to Paragraph 209 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Payne suspected and therefore denies same.  Fluor further denies the remaining allegations in this paragraph.

210.    In response to Paragraph 210 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  Fluor specifically denies the allegation that Fluor's conduct was fraudulent and otherwise denies the remaining allegations in this paragraph.

211.    In response to Paragraph 211 of the SAC, Fluor admits only that some Forward Operating Bases closed, including during a drawdown of troops.  Fluor further states that the allegations in this paragraph regarding what Fluor was required to do constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

212.    In response to Paragraph 212 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

213.    In response to Paragraph 213 of the SAC, states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

214.    In response to Paragraph 214 of the SAC, states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

215.    In response to Paragraph 215 of the SAC, Fluor states that the allegation that Fluor's conduct was contrary to the proper management of government property required by the GPCS and MMP constitute a conclusion of law to which no response is required.  To the extent a response is required, Fluor denies the allegation.  Fluor denies the remaining allegations in this paragraph.

216.    In response to Paragraph 216 of the SAC, Fluor admits that DCMA performed Property Management System Analysis, or PMSA, audits, in which government personnel

conducted on-site visits.  Fluor further admits that the government frequently provided advance notice of PMSA audits, but Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Fluor had advance notice before the PMSA audits at each Forward Operating Base and therefore denies same.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

217.    In response to Paragraph 217 of the SAC, Fluor admits only that PMSAs were conducted at different sites in late 2010, the results of which were memorialized in written documentation prepared by the government and provided to Fluor.  Fluor further admits that the government issued a letter of concern and that the language quoted in this paragraph appears in that letter.  Fluor denies this paragraph's characterization of that letter and otherwise denies the allegations in this paragraph regarding that letter.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding a specific statement by Tony Montalvo and therefore denies same.

218.    In response to Paragraph 218 of the SAC, Fluor admits only that it had a Pre-PMSA Audit Team.  All remaining allegations in this paragraph not specifically admitted are denied.

219.    In response to Paragraph 219 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relators' independent analysis and therefore denies same.

220.    In response to Paragraph 220 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

221.    In response to Paragraph 221 of the SAC, Fluor denies the allegations in this paragraph.

222.    In response to Paragraph 222 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

223.    In response to Paragraph 223 of the SAC, Fluor admits that it submitted monthly Inventory Summary Reports and End of Year Inventory Summary Reports to the Government Property Administrator and DCMA.  All remaining allegations in this paragraph not specifically admitted are denied.

224.    In response to Paragraph 224 of the SAC, Fluor admits that monthly Inventory Summary Reports and End of Year Inventory Summary Reports provided information to the government about inventory adjustment transactions.  Fluor specifically denies that the submissions were false or contained material omissions.  Further, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what Relators allege to have found and Fluor therefore denies same.  Fluor denies the remaining allegations in this paragraph.

225.    In response to Paragraph 225 of the SAC, Fluor admits only that on approximately October 30, 2012, Fluor submitted an End of Year Summary Report for fiscal year 2012 to DCMA and the Government Property Administrator.  Fluor denies the remaining allegations in this paragraph.

a.    In response to Paragraph 225(a) of the SAC, Fluor admits only that Relator Mackey was Country Property Manager for Fluor on October 31, 2012.  Fluor lacks knowledge or

44

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

b.      In response to Paragraph 225(b) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

c.      In response to Paragraph 225(c) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

d.      In response to Paragraph 225(d) of the SAC, Fluor admits only that in August 2012, a Level II CAR was issued to Fluor regarding inventory management at FOB Fenty.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding investigations conducted by David Payne or findings by Daniel Tistikj and therefore denies same.  All remaining allegations in this paragraph are denied.

226.    In response to Paragraph 226 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

227.    In response to Paragraph 227 of the SAC, Fluor denies the allegations in this paragraph.

228.    In response to Paragraph 228 of the SAC, Fluor specifically denies the allegation of false LTDD reporting.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

229.     In response to Paragraph 229 of the SAC, Fluor specifically denies the allegation of false LTDD reporting.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

230.     In response to Paragraph 230 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

231.     In response to Paragraph 231 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  Fluor specifically denies the allegation that Fluor leadership ignored systemic problems.

232.     In response to Paragraph 232 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

233.     In response to Paragraph 233 of the SAC, Fluor denies the allegations in this paragraph.

234.     In response to Paragraph 234 of the SAC, Fluor denies the allegations in this paragraph.

235.     In response to Paragraph 235 of the SAC, Fluor denies the allegations in this paragraph.

236.     In response to Paragraph 236 of the SAC, Fluor admits only that Fluor personnel billed time to charge codes.  Fluor denies the remaining allegations in this paragraph.

237.     In response to Paragraph 237 of the SAC, Fluor denies the allegations in this paragraph.

238.     In response to Paragraph 238 of the SAC, Fluor denies the allegations in this paragraph regarding a "Materials Management BOE."Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relators' knowledge and therefore denies same.  Fluor further denies the remaining allegations in this paragraph.

239.     In response to Paragraph 239 of the SAC, Fluor denies the allegations in this paragraph.

a.     In response to Paragraph 239(a) of the SAC, Fluor specifically denies the allegation of improper billing for labor.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

b.     In response to Paragraph 239(b) of the SAC, Fluor specifically denies the allegation of improper billing for labor.  Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

240.     In response to Paragraph 240 of the SAC, Fluor denies the allegations in this paragraph.

241.     In response to Paragraph 241 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations in this paragraph.

242.     In response to Paragraph 242 of the SAC, Fluor denies the allegations in this paragraph.

243.     In response to Paragraph 243 of the SAC, Fluor denies the allegations in this paragraph.

244.     In response to Paragraph 244 of the SAC, Fluor denies the allegations in this paragraph.

245.     In response to Paragraph 245 of the SAC, Fluor denies the allegations in this paragraph.

246.     In response to Paragraph 246 of the SAC, Fluor admits that LOGCAP IV contract contains the quoted language.  Fluor denies the remaining allegations in this paragraph.

247.     In response to Paragraph 247 of the SAC, Fluor admits only that the LOGCAP IV contract contains the cited language.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

248.     In response to Paragraph 248 of the SAC, Fluor  admits only that the LOGCAP IV contract contains the cited language.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

249.     In response to Paragraph 249 of the SAC, Fluor admits that Section H.36(e) of the LOGCAP IV contract provides that "[t]he AFEB recommends an award fee to the AFDO after each board review" and that the AFDO determines the award fee.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the "bas[is]" for the AFEB's recommendation, and therefore denies same.

250.     In response to Paragraph 250 of the SAC, Fluor admits that during the cost-plus-award-fee period of Task Order 0005, the LOGCAP IV contract and Task Order 0005 provided that the award fee would be paid out of the Award Fee Pool.  Fluor denies the remaining allegations in this paragraph.

251.    In response to Paragraph 251 of the SAC, Fluor admits that the quoted language appears in the LOGCAP IV contract.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

252.    In response to Paragraph 252 of the SAC, Fluor admits that Task Order 0005 states that "contractors should not receive award fee (above the base fee) for simply meeting contract requirements" and "the contractor begins each evaluation period with 0% of the available award fee and works up to the evaluated fee for each evaluation period."  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

253.    In response to Paragraph 253 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

254.    In response to Paragraph 254 of the SAC, Fluor admits only that this paragraph accurately quotes Task Order 0005.  The remaining allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

255.    In response to Paragraph 255 of the SAC, Fluor admits only that semi-annual Award Fee Evaluation Boards were held.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

256.    In response to Paragraph 256 of the SAC, Fluor admits that it submitted a written Award Fee Self-Assessment to the contracting officer and a separate presentation to the Award Fee Evaluation Board.  Fluor further admits that these documents included representations about

Fluor's performance under Task Order 0005.  Fluor denies the remaining allegations in this paragraph.

257.    In response to Paragraph 257 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

258.    In response to Paragraph 258 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

259.    In response to Paragraph 259 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

260.    In response to Paragraph 260 of the SAC, Fluor admits only that the LOGCAP IV base contract sets out a fee structure that includes an IDIQ Basic Contract Award Fee and a Task Order Award Fee.  Further responding, Fluor admits that the LOGCAP IV base contract states that the IDIQ Basic Contract Award Fee "will be based on contractor performance at the corporate level on an annual basis and will take into consideration overall corporate performance for each evaluation."  The LOGCAP IV base contract further states that Task Order Award Fee determinations "will be made at the Task Order level on at least a semi-annual basis and will take into consideration overall task order performance for each evaluation period in accordance with the criteria and weights established for that task order."  Fluor denies this paragraph's characterizations of the award fee criteria and otherwise denies the remaining allegations in this paragraph.

261.     In response to Paragraph 261 of the SAC, Fluor admits that the LOGCAP IV contract provided for the following percentages of the IDIQ award fee.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

262.     In response to Paragraph 262 of the SAC, Fluor admits that award fees are not available under the LOGCAP IV contract if the contractor receives an "Average" performance rating.  Fluor denies that this paragraph accurately quotes the award fee criteria and otherwise denies the allegations in this paragraph.

263.     In response to Paragraph 263 of the SAC, Fluor admits that the LOGCAP IV contract provided for the following percentages of the Task Order award fee.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

264.     In response to Paragraph 264 of the SAC, Fluor admits only that this paragraph describes generally the factors identified as relevant to each category.  Fluor denies the remaining allegations in this paragraph.

265.     In response to Paragraph 265 of the SAC, admits only that the quoted language appears in the Award Fee Plan for LOGCAP Performance.  Fluor denies the remaining allegations in this paragraph.

266.     In response to Paragraph 266 of the SAC, Fluor states that the allegations in this paragraph regarding what was "necessary" to receive a certain score or a certain award fee constitutes legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.  Fluor also denies the remaining allegations in this paragraph.

267.    In response to Paragraph 267 of the SAC, Fluor admits only that an award fee scoring system of 0 to 100 existed, where specific scores were associated with particular ratings. Fluor denies the remaining allegations in this paragraph.

268.    In response to Paragraph 268 of the SAC, Fluor admits only that under LOGCAP IV, Fluor was entitled to receive an award fee only if it received a performance score above 70. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

269.    In response to Paragraph 269 of the SAC, Fluor denies the allegations in this paragraph.

270.    In response to Paragraph 270 of the SAC, Fluor denies the allegations in this paragraph.

271.    In response to Paragraph 271 of the SAC, Fluor denies the allegations in this paragraph.

272.    In response to Paragraph 272 of the SAC, Fluor denies the allegations in this paragraph.

273.    In response to Paragraph 273 of the SAC, Fluor states that this paragraph appears to refer to unspecified representations by Fluor to AFEBs.  Without greater specificity, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

274.    In response to Paragraph 274 of the SAC, Fluor denies the allegations in this paragraph.

275.    In response to Paragraph 275 of the SAC, Fluor denies the allegations in this paragraph.

276.    In response to Paragraph 276 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to what Jeff Nix purports to have discovered and therefore denies those allegations.  Fluor specifically denies that is misrepresented the number of LTDD events that had occurred in submissions to the AFEB.

277.    In response to Paragraph 277 of the SAC, Fluor denies the allegations in this paragraph.

278.    In response to Paragraph 278 of the SAC, Fluor denies the allegations in this paragraph.

279.    In response to Paragraph 279 of the SAC, Fluor admits that its LTDD database contained LTDD reports, but states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the LTDD database consisted of every LTDD report prepared by Fluor and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

280.    In response to Paragraph 280 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph regarding the effect of the LTDD rate on Fluor's performance evaluation and award and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

281.    In response to Paragraph 281 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

282.    In response to Paragraph 282 of the SAC, Fluor admits only that through Modification 60, Task Order 0005 was converted from a cost-plus-award-fee task order to a cost-plus-fixed-fee task order, retroactive to the beginning of Option Year 2, July 1, 2012, and thus

Fluor no longer made reports to the AFEB. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

283.    In response to Paragraph 283 of the SAC, Fluor only admits that it made presentations to the AFEB.  All remaining allegations in this paragraph not specifically admitted are denied.

284.    In response to Paragraph 284 of the SAC, Fluor admits only that the quoted language appears in Fluor's AFEB presentation for the January 1, 2011 to June 30, 2011 time period.  Fluor denies the remaining allegations in this paragraph.

285.    In response to Paragraph 285 of the SAC, Fluor admits the allegations in this paragraph.

286.    In response to Paragraph 286 of the SAC, Fluor admits that Fluor's AFEB presentation for the January 1, 2012 to June 30, 2012 period states that LTDDs "averaged 0.05% of the property book dollar value."  Fluor denies the remaining allegations in this paragraph.

287.    In response to Paragraph 287 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

288.    In response to Paragraph 288 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

289.    In response to Paragraph 289 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

290.     In response to Paragraph 290 of the SAC, Fluor denies the allegations in this paragraph.

291.     In response to Paragraph 291 of the SAC, Fluor denies the allegations in this paragraph.

292.     In response to Paragraph 292 of the SAC, Fluor denies the allegations in this paragraph.

293.     In response to Paragraph 293 of the SAC, Fluor states that the allegation in this paragraph regarding materiality constitutes a legal conclusion to which no response is required. To the extent a response is required, Fluor denies the allegation.  Fluor further denies that it made false representations.  Fluor further states that this paragraph refers to unidentified "written decisions" of "the AFEBs."  Without greater specificity regarding the referenced documents, Fluor lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

294.     In response to Paragraph 294 of the SAC, Fluor admits only that the Task Order 0005 PWS provides that Fluor "shall manage and operate a customer service help desk to initiate services/repairs and replacements" and that the PWS separates service orders into three categories: Emergency Service Orders; Urgent Service Orders; and Routine Service Orders.  Fluor denies the remaining allegations in this paragraph.

295.     In response to Paragraph 295 of the SAC, Fluor admits only that Technical Exhibit H to the Task Order 0005 PWS sets out a "Performance Standard" for service orders that includes a response time.  Fluor further denies the allegations in this paragraph regarding the Materials Management Plan and otherwise denies the allegations in this paragraph.

296.     In response to Paragraph 296 of the SAC, Fluor admits only that Technical Exhibit H to the Task Order 0005 PWS provides that Fluor "shall respond within 2 hours 100% of the time" for emergency service orders.  The remaining allegations in this paragraph characterize Fluor's contractual obligations and therefore constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

297.     In response to Paragraph 297 of the SAC, Fluor admits only that Technical Exhibit H to the Task Order 0005 PWS provides that Fluor "shall respond within 24 hours 100% of the time" for urgent service orders and "repairs shall be completed within 72 hours 75% of the time." The remaining allegations in this paragraph characterize Fluor's contractual obligations and therefore constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

298.     In response to Paragraph 298 of the SAC, Fluor admits only that Technical Exhibit H to the Task Order 0005 PWS provides that Fluor "shall respond within 72 hours 100% of the time" for routine service orders and "repairs shall be completed within 14 days 75% of the time." The remaining allegations in this paragraph characterize Fluor's contractual obligations and therefore constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

299.     In response to Paragraph 299 of the SAC, Fluor states that this paragraph refers to unidentified reports submitted by Fluor to the government.  Without greater specificity regarding the referenced documents, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations regarding such reports. Fluor denies the remaining allegations in this paragraph.

300.     In response to Paragraph 300 of the SAC, Fluor denies the allegations in this paragraph.

a.     In response to Paragraph 300(a) of the SAC, Fluor denies the allegation of knowingly and fraudulent misreporting and concealment of evidence.  Fluor further denies the remaining allegations in this paragraph.

b.     In response to Paragraph 300(b) of the SAC, Fluor denies the allegation of knowingly and fraudulent misreporting and concealment of evidence.  Fluor further states that this paragraph refers to an unidentified 2011 email.  Without greater specificity as to the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding such email and therefore denies same.  Fluor further denies the remaining allegations in this paragraph.

c.     In response to Paragraph 300(c) of the SAC, Fluor denies the allegation of knowingly and fraudulent misreporting and concealment of evidence.  Fluor further denies the remaining allegations in this paragraph.

d.     In response to Paragraph 300(d) of the SAC, Fluor denies the allegation of knowingly and fraudulent misreporting and concealment of evidence.  Fluor further denies the remaining allegations in this paragraph.

301.     In response to Paragraph 301 of the SAC, Fluor states that this paragraph refers to unidentified "monthly compliance reports to the government" and "AFEB submissions."  Without greater specificity regarding the referenced documents, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  Further, Fluor specifically denies the allegation that it made false representations or that it knew its representations were false.

57

302.     In response to Paragraph 302 of the SAC, Fluor admits only that its AFEB presentation for the July 7, 2009 to June 30, 2010 time period includes the percentages set forth in this paragraph.  Fluor denies the remaining allegations in this paragraph.

303.     In response to Paragraph 303 of the SAC, Fluor admits only that its AFEB presentation for the July 1, 2010 to December 31, 2010 time period includes the percentages set forth in this paragraph.  Fluor denies the remaining allegations in this paragraph.

304.     In response to Paragraph 304 of the SAC, admits only that its AFEB presentation for the January 1, 2011 to June 30, 2011 time period includes the percentages set forth in this paragraph.  Fluor denies the remaining allegations in this paragraph.

305.     In response to Paragraph 305 of the SAC, Fluor admits only that its AFEB presentation for the July 1, 2011 to December 31, 2011 time period includes the percentages set forth in this paragraph.  Fluor denies the remaining allegations in this paragraph.

306.     In response to Paragraph 306 of the SAC, admits only that its AFEB presentation for the January 1, 2012 to June 30, 2012 time period includes the percentages set forth in this paragraph.  Fluor denies the remaining allegations in this paragraph.

307.     In response to Paragraph 307 of the SAC, Fluor denies the allegations in this paragraph.

308.     In response to Paragraph 308 of the SAC, Fluor denies the allegations in this paragraph.

a.     In response to Paragraph 308(a) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

58

b.      In response to Paragraph 308(b) of the SAC, Fluor denies the allegations in this paragraph.

309.      In response to Paragraph 309 of the SAC, Fluor denies the allegations in this paragraph.

310.      In response to Paragraph 310 of the SAC, Fluor states that the allegation in this paragraph regarding materiality is a question of law to which no response is required.  To the extent a response is required, Fluor denies the allegation.  Fluor specifically denies the allegation that it made false representations and misrepresentations.   Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

311.      In response to Paragraph 311 of the SAC, Fluor states that the allegations in this paragraph regarding what Fluor is "required" to do constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what information the AFEB considers an important factor when determining a contractor's award fee.  Fluor specifically denies the allegation that it fraudulently or grossly underreported the number of recordable incidents or that it collected award fees that it did not deserve.  Fluor further denies the remaining allegations in this paragraph.

312.      In response to Paragraph 312 of the SAC, Fluor admits that in Fluor's July 7, 2009 to June 30, 2010 AFEB Report under Task Order 0005, Fluor reported a TCIR of less than .26 in every month, below the industry standard of 6.2.  Fluor denies the remaining allegations in this paragraph, including that it "claimed" anything.

313.    In response to Paragraph 313 of the SAC, Fluor admits that in its July 1, 2010 to December 31, 2010 AFEB Report under Task Order 0005, Fluor reported a TCIR of less than .20 in every month, which it referred to as 23 times below the industry standard.  Fluor denies the remaining allegations in this paragraph, including that it "claimed" anything.

314.    In response to Paragraph 314 of the SAC, admits that in its January 1, 2011 to June 30, 2011 AFEB Report under Task Order 0005, Fluor reported a TCIR of 0.19, which it referred to as 23 times below the industry standard.  Fluor denies the remaining allegations in this paragraph, including that it "claimed" anything.

315.    In response to Paragraph 315 of the SAC, Fluor admits that in its July 1, 2011 to December 31, 2011 AFEB Report under Task Order 0005, Fluor reported a TCIR of 0.19, which it referred to as 25 times below the industry standard.  Fluor denies the remaining allegations in this paragraph, including that it "claimed" anything.

316.    In response to Paragraph 316 of the SAC, Fluor admits that in its January 1, 2012 to June 30, 2012 AFEB Report under Task Order 0005, Fluor reported a TCIR of 0.19, which it referred to as 25 times below the industry standard.  Fluor denies the remaining allegations in this paragraph, including that it "claimed" anything.

317.    In response to Paragraph 317 of the SAC, Fluor denies the allegations in this paragraph.

318.    In response to Paragraph 318 of the SAC, Fluor states that the allegation in this paragraph regarding materiality is a question of law to which no response is required.  To the extent a response is required, Fluor denies the allegation.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the "AFEB's determination" for the January 1, 2012 to June 30, 2012 time period. Further, Fluor specifically

60

denies the allegation that it made false representations and misrepresentations and further denies the remaining allegations in this paragraph.

319.    In response to Paragraph 319 of the SAC, Fluor admits that its AFEB briefings discussed cost control efforts and cost savings.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

320.    In response to Paragraph 320 of the SAC, Fluor admits that it discussed Cost Avoidance Measures in AFEB presentations.  Fluor further admits that in its AFEB presentation for the July 1, 2010 to December 31, 2010 time period, it stated that it had submitted 47 CAMs for over $16.7 million and in its AFEB presentation for the January 1, 2012 to June 30, 2012 time period, Fluor stated that it had identified 67 CAMs for $46.9 million in proposed cost savings. Fluor denies the remaining allegations in this paragraph.

321.    In response to Paragraph 321 of the SAC, Fluor denies the allegations in this paragraph.

322.    In response to Paragraph 322 of the SAC, Fluor denies the allegations in this paragraph.

323.    In response to Paragraph 323 of the SAC, Fluor denies the allegations in this paragraph.

324.    In response to Paragraph 324 of the SAC, Fluor denies that this chart is accurate. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the information in the AFEB Members column of the chart and therefore denies that the information in that column is accurate.

325.     In response to Paragraph 325 of the SAC, Fluor denies the allegation in this paragraph.

326.     In response to Paragraph 326 of the SAC, Fluor denies the allegations in this paragraph.

327.     In response to Paragraph 327 of the SAC, Fluor admits the allegations in this paragraph.

328.     In response to Paragraph 328 of the SAC, Fluor denies the allegation in this paragraph.

329.     In response to Paragraph 329 of the SAC, Fluor admits that Paul Gentry was a Fluor Deputy Project Manager for Site Management and Construction, and that James Davis was a Fluor Operations Manager.   Fluor further admits that Relator Dillard served in Fluor's Materials Management Group.   Fluor lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, which, upon information and belief, refer to a specific recorded conversation between Relator Dillard, Paul Gentry, and James Davis.   Fluor therefore denies same.

330.     In response to Paragraph 330 of the SAC, Fluor denies the allegations in this paragraph.

331.     In response to Paragraph 331 of the SAC, Fluor admits only that in late 2011, Relator Dillard and his supervisor, Jarrold Reeves, then-Director of Fluor's Materials Management Group, were instructed to implement a reduction in force.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

332.     In response to Paragraph 332 of the SAC, Fluor admits only that a reduction in force was planned for the Materials Management Group and that such reduction in force was later halted.  Fluor specifically denies the allegations in this paragraph regarding the basis for halting the reduction of force and the allegation that the employees retained were unnecessary to the mission and served solely to falsely pad Fluor's bills to the United States.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

333.     In response to Paragraph 333 of the SAC, Fluor admits only that Carla Greene worked for Fluor's procurement operations at Camp Phoenix, Afghanistan.  Fluor further responds that, on information and belief, Greene was initially set to be part of a reduction in force, but was later ordered to return to her duties.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to Relator Dillard's conversation with Keith Whelan and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

334.     In response to Paragraph 334 of the SAC, Fluor admits that in mid-2015, Relator Dillard and his direct supervisors, Jarrold Reeves, were tasked by Preston Howard, the Country Chief of Staff, and Scott Roesler, Fluor Project Controls Theater Manager, to begin planning a reduction in force for the Materials Management Group.  Fluor further admits that at this time, the LOGCAP IV contract was coming to a close and Fluor anticipated a re-compete of the contract.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding concerns of Howard and Reeves and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

335.    In response to Paragraph 335 of the SAC, Fluor admits only that a reduction in force was implemented in late 2015 and that Mark O'Neill served as Fluor's Country Manager. Fluor specifically denies the allegation in this paragraph that it enjoyed fraudulently increased revenue.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

336.    In response to Paragraph 336 of the SAC, Fluor denies the allegations this paragraph.

337.    In response to Paragraph 337 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relator Dillard's estimates and determinations and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

338.    In response to Paragraph 338 of the SAC, Fluor denies the allegations in this paragraph.

339.    In response to Paragraph 339 of the SAC, Fluor denies the allegations in this paragraph.

340.    In response to Paragraph 340 of the SAC, Fluor denies the allegations in this paragraph.

341.    In response to Paragraph 341 of the SAC, Fluor denies the allegations in this paragraph.

342.    In response to Paragraph 342 of the SAC, Fluor denies the allegations in this paragraph.

343.    In response to Paragraph 343 of the SAC, Fluor denies the allegations in this paragraph.

344.     In response to Paragraph 344 of the SAC, Fluor admits that certain Fluor employees underwent annual "fit-for-duty" physical exams in Dubai, United Arab Emirates, and that Fluor subcontracted for the performance of such exams.  Fluor further admits that Fluor employees were housed at a hotel in Dubai for their "fit-for-duty" exams.  Fluor further states that the allegations in this paragraph regarding Fluor's alleged violation of legal obligations are legal conclusions to which no response is required.  To the extent a respond is required, Fluor denies those allegations.  All remaining allegations in this paragraph not specifically admitted are denied.

345.     In response to Paragraph 345 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

346.     In response to Paragraph 346 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

347.     In response to Paragraph 347 of the SAC, Fluor admits that when it began performance under Task Order 0005 to the LOGCAP IV contract, it instituted an annual "fit-for-duty" program.  All remaining allegations in this paragraph not specifically admitted are denied.

348.     In response to Paragraph 348 of the SAC, Fluor states that this paragraph reflects legal conclusions regarding regulatory requirements to which no response is required.  To the extent a response is required, Fluor denies those allegations.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the interpretations of KBR and DynCorp and therefore denies same.  All remaining allegations in this paragraph not specifically admitted are denied.

349.     In response to Paragraph 349 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relator Dillard's conversation with Jeff Uribe and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

350.     In response to Paragraph 350 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

351.     In response to Paragraph 351 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which, upon information and belief, appear to refer to a specific recorded conversation between Relator Dillard and Country Health, Safety, and Environmental Manager Peter Provost.  Fluor therefore denies same. Further, Fluor specifically denies the allegation that Fluor's "fit-for-duty" policy was unnecessary, unauthorized, and not billable, and further specifically denies the allegation that Fluor was afraid to tell the Army that it had been performing and billing for comprehensive "fit-for-duty" exams.    Fluor denies the remaining allegations in this paragraph.

352.     In response to Paragraph 352 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which, upon information and belief, appear to refer to a specific recorded conversation between Relator Dillard and Country Health, Safety, and Environmental Manager Peter Provost.  Fluor therefore denies same.

353.     In response to Paragraph 353 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which, upon information and belief, appear to refer to a specific recorded conversation between Relator

Dillard and Country Health, Safety, and Environmental Manager Peter Provost.  Fluor therefore denies same.

354.    In response to Paragraph 354 of the SAC, Fluor denies the allegations in this paragraph.

355.    In response to Paragraph 355 of the SAC, Fluor states that allegations of illegality and fraudulent conduct in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations.  Fluor denies the remaining allegations in this paragraph.

356.    In response to Paragraph 356 of the SAC, Fluor admits only that LOGCAP IV, Task Order 0005, was a logistics services contract.  Fluor further states that the allegation in this paragraph regarding the scope of Fluor's contractual duties reflects a legal conclusion to which no response is required.  To the extent a response is required, Fluor denies the allegations. Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same

357.    In response to Paragraph 357 of the SAC, Fluor admits that Relator Dillard served as Deputy Director of Fluor's Materials Management Group.   Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

358.    In response to Paragraph 358 of the SAC, Fluor admits only that it maintained an Authorized Stockage List of certain supplies and material, which could be replenished.   All remaining allegations in this paragraph not specifically admitted are denied.

359.     In response to Paragraph 359 of the SAC, Fluor states that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

360.     In response to Paragraph 360 of the SAC, Fluor admits only that it employed an IBM system known as Maximo for inventory management.  The allegations in this paragraph regarding what Fluor was "charged with" under the LOGCAP IV contract and the FAR constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.    All remaining allegations in this paragraph not specifically admitted are denied.

361.     In response to Paragraph 361 of the SAC, Fluor denies the allegations in this paragraph.

362.     In response to Paragraph 362 of the SAC, Fluor states that this paragraph refers to a 2012 "TAT Report."  Without greater specificity as to the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  Fluor further specifically denies the remaining allegations in this paragraph.

363.     In response to Paragraph 363 of the SAC, Fluor states that this paragraph refers to 2012 "TAT Report."  Without greater specificity as to the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.  Fluor further states that the allegations in this paragraph regarding what was required of Fluor reflects legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations.  Fluor further specifically denies the remaining allegations in this paragraph.

364.    In response to Paragraph 364 of the SAC, Fluor states that this paragraph refers to a "TAT Report." Without greater specificity as to the referenced document, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same. Fluor further states that the allegations in this paragraph regarding what was required of Fluor reflects legal conclusions to which no response is required. To the extent a response is required, Fluor denies the allegations. Fluor further specifically denies the remaining allegations in this paragraph.

365.    In response to Paragraph 365 of the SAC, Fluor denies the allegations in this paragraph.

366.    In response to Paragraph 366 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding a specific email from Fluor's Construction Superintendent Kenneth Connor and therefore denies same. Fluor denies the remaining allegations in this paragraph.

367.    In response to Paragraph 367 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding a specific email from Fluor's Construction Superintendent Kenneth Connor and therefore denies same. Fluor denies the remaining allegations in this paragraph.

368.    In response to Paragraph 368 of the SAC, Fluor states that this paragraph refers to email correspondence. Without greater specificity regarding the referenced documents, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding such document. Fluor further states that this paragraph reflects conclusions of law to which no response is required. To the extent a response is required, Fluor denies the allegations. Fluor further denies all remaining allegations in this paragraph.

369.     In response to Paragraph 369 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

370.     In response to Paragraph 370 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relator Dillard's communication with Justin Jones and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

371.     In response to Paragraph 371 of the SAC, Fluor denies the allegations in this paragraph.

372.     In response to Paragraph 372 of the SAC, Fluor denies the allegations in this paragraph.

373.     In response to Paragraph 373 of the SAC, Fluor admits only that in or around December 2015, Fluor was preparing a Project Planning Estimate ("PPE") for DoD regarding the relocation of Fluor's Theater Distribution Center.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of whether Relator Dillard attended the meeting and therefore denies that allegation.  All remaining allegations in this paragraph not specifically admitted are denied.

374.     In response to Paragraph 374 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

375.     In response to Paragraph 375 of the SAC, Fluor states that it lacks information or knowledge sufficient to form a belief as to the truth of allegations regarding statements made by Theater Distribution Center Manager Juan Jones and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

376.    In response to Paragraph 376 of the SAC, Fluor denies the allegations in this paragraph. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Juan Jones' statements and Relator Dillard's knowledge and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

377.    In response to Paragraph 377 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

378.    In response to Paragraph 378 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding Relator Dillard's actions and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

379.    In response to Paragraph 379 of the SAC, Fluor denies the allegations in this paragraph.

380.    In response to Paragraph 380 of the SAC, Fluor admits only that Relator Dillard had communications with Fluor.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph regarding Relator Dillard's understanding or the "foundation on installation" process and therefore denies same.  Fluor denies the remaining allegations in this paragraph.

381.    In response to Paragraph 381 of the SAC, Fluor denies the allegations in this paragraph.

382.    In response to Paragraph 382 of the SAC, Fluor denies the allegations in this paragraph.

383.     In response to Paragraph 383 of the SAC, Fluor admits only that certain promotions or raises would have resulted in increases to Relator Shepherd's and Relator Rude's pay and benefits, but specifically deny that Relator Shepard or Relator Rude was denied any deserved promotions or raises.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

384.     In response to Paragraph 384 of the SAC, Fluor states that the allegations in this paragraph regarding "violation of the LOGCAP Contract and the Controlling Plan" and potential False Claims Act liability constitute legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

385.     In response to Paragraph 385 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

386.     In response to Paragraph 386 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

387.     In response to Paragraph 387 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

388.     In response to Paragraph 388 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

389.     In response to Paragraph 389 of the SAC, Fluor denies that it certified to the government false compliance and performance numbers.  Fluor further states that the allegation in this paragraph regarding False Claims Act liability constitutes a conclusion of law to which no response is required.  To the extent a response is required, Fluor denies the allegation.  Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

390.     In response to Paragraph 390 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

391.     In response to Paragraph 391 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

392.     In response to Paragraph 392 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

393.     In response to Paragraph 393 of the SAC, Fluor admits that Relators Shepherd and Rude did not receive promotions, but denies that they had earned such promotions.  Fluor denies the remaining allegations in this paragraph.

394.     In response to Paragraph 394 of the SAC, Fluor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Relator Shepherd's brief to Country Manager Steve Whitcomb.  Fluor specifically denies that it charged the government for unauthorized work, failed to keep accurate inventories in Maximo, submitted

false reports to the government related to inventory tracking or losses, or failed to use Maximo for proper purposes. All remaining allegations in this paragraph not specifically admitted are denied.

395.    In response to Paragraph 395 of the SAC, Fluor admits only that Relator Shepherd was not transferred to a Project Management position, but specifically denies the allegations of retaliatory conduct and violation of Fluor's employment policies. Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

396.    In response to Paragraph 396 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning Relator Rude's communication with the unidentified manager of Fluor's Government Contract Management group and therefor denies same. Fluor specifically denies the allegations regarding Fluor not complying with LOGCAP requirements or Fluor's Material Management Plan and Desktop Guide, failing to properly track and manage government property, and failing to use Maximo for proper purposes. Fluor further denies that it committed fraud against the government. All remaining allegations in this paragraph not specifically admitted are denied.

397.    In response to Paragraph 397 of the SAC, Fluor admits only that Relator Rude reported certain information to Justin Jones, a Fluor compliance manager. Fluor further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

398.    In response to Paragraph 398 of the SAC, Fluor states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same. Fluor further states that it denies that it was looking for an opportunity to move Relators Shepherd and Rude or that there were active efforts to find an excuse to fire them.

74

399.     In response to Paragraph 399 of the SAC, Fluor admits that Relator Rude ceased to be employed by Fluor in July 2014, but specifically denies that any employment action was retaliatory or in violation of Fluor's employment policies.  Fluor further admits, upon information and belief, that from early 2011 through his termination in July 2014, Relator Rude was not promoted and did not receive a raise, but specifically deny that Relator Rude's failure to receive promotions or raises was retaliatory or in violation of Fluor's employment policies.  All remaining allegations in this paragraph not specifically admitted are denied.

400.     In response to Paragraph 400 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

a.     In response to Paragraph 400(a) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

b.     In response to Paragraph 400(b) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

c.     In response to Paragraph 400(c) of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

401.     In response to Paragraph 401 of the SAC, Fluor admits that Fluor terminated Relator Shepherd's employment in July 2015, but specifically denies that such termination was retaliatory or in violation of Fluor's employment policies.  Fluor further admits, upon information and belief, that from early 2011 through his termination in July 2015, Relator Shepherd was not

promoted and did not receive a raise, but specifically denies that Relator Shepherd's failure to receive promotions or raises was retaliatory or in violation of Fluor's employment policies. All remaining allegations in this paragraph not specifically admitted are denied.

402.    In response to Paragraph 402 of the SAC, Fluor admits only that Relator Shepherd was terminated, but specifically denies that such termination was retaliatory or in violation of Fluor's employment policies. Fluor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

403.    In response to Paragraph 403 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same. Fluor specifically denies that Relator Shepherd's termination was retaliatory or in violation of Fluor's employment policies. Fluor further denies that it was engaged in fraudulent conduct.

404.    In response to Paragraph 404 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

405.    In response to Paragraph 405 of the SAC, Fluor admits that Relator Shepherd, Relator Rude, Relator Dillard, Relator Mackey, Jeff Nix, and David Payne ceased to be employed by Fluor. Fluor specifically denies that it terminated Payne; further responding, Fluor states that Payne resigned. Fluor further specifically denies the allegations of retaliation and violation of Fluor's employment policies. All remaining allegations in this paragraph not specifically admitted are denied.

406.    In response to Paragraph 406 of the SAC, Fluor denies the allegations in this paragraph.

407.     In response to Paragraph 407 of the SAC, Fluor expressly incorporates by reference its responses to the allegations contained in Paragraphs 1-406 of the SAC as if set forth verbatim herein.

408.     In response to Paragraph 408 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

409.     In response to Paragraph 409 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

410.     In response to Paragraph 410 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

411.     In response to Paragraph 411 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

412.     In response to Paragraph 412 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

413.     In response to Paragraph 413 of the SAC, Fluor states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

414.     In response to Paragraph 414 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

415.     In response to Paragraph 415 of the SAC, Fluor expressly incorporates by reference its responses to the allegations contained in Paragraphs 1-414 of the SAC as if set forth verbatim herein.

416.     In response to Paragraph 416 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

417.     In response to Paragraph 417 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

418.     In response to Paragraph 418 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

419.     In response to Paragraph 419 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

420.     In response to Paragraph 420 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.

421.    In response to Paragraph 421 of the SAC, Fluor states that the allegations in this paragraph reflect legal conclusions to which no response is required.  To the extent a response is required, Fluor denies the allegations.[2]

## PRAYER FOR RELIEF

Fluor denies all relief sought in Relators' WHEREFORE clause and demands strict proof of Relators' entitlement thereto.

## FLUOR'S AFFIRMATIVE AND OTHER DEFENSES

Fluor expressly incorporates by reference its responses to the allegations set forth in Paragraphs 1-421 of the SAC as if set forth verbatim herein and further sets forth the affirmative defenses below.  By pleading the following as affirmative defenses, Fluor does not concede that it bears the burden to establish the factual bases therefor and does not intend to shift the burden of proof under applicable law or otherwise to relieve Relators of any burden to establish the elements of their prima facie case.

## FIRST DEFENSE

1.    For the reasons stated in Fluor's Motion to Dismiss, the SAC fails to state a claim upon which relief can be granted and fails to plead its allegations with particularity.

## SECOND DEFENSE

2.    Fluor is not legally responsible for acts or omissions allegedly undertaken by employees, subcontractors, and others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in violation of legal

---

[2]    Fluor does not respond to Paragraphs 422-426 because the Court dismissed Relators' Contract Disputes Act claim.  *See* Order at 14 (Feb. 28, 2020) [Dkt. 176].

obligations arising from applicable contracts and task orders, in secret, and/or without the knowledge of persons having legally sufficient levels of responsibility or authority within Fluor.

### THIRD DEFENSE

3.     The prayer for damages seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### FOURTH DEFENSE

4.     Relators' claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

5.     The retaliation claims of Relators Shepherd and Rude are barred because Relators Shepherd and Rude failed to allege that they engaged in any protected activity under the False Claims Act, that Fluor knew that Relators had engaged in alleged protected activity, or that Fluor discriminated against Relators because they engaged in alleged protected activity.

### SIXTH DEFENSE

6.     The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because the conduct about which Relators complain was based on a reasonable factor other than Relators' alleged protected activity and was based upon legitimate, non-retaliatory business reasons.

### SEVENTH DEFENSE

7.     The retaliation claims of Relators Shepherd and Rude retaliation claim are barred, in whole or in part, because Fluor had in place and enforced at all times policies prohibiting retaliation.

## EIGHTH DEFENSE

8.     The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Fluor took reasonable care to prevent and correct promptly any retaliatory behavior.

## NINTH DEFENSE

9.     The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Relators unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## TENTH DEFENSE

10.     To the extent that any person retaliated against Relators, Fluor is not vicariously liable for such actions because any such actions would have been contrary to Fluor's good faith efforts to comply with all applicable anti-retaliation laws and statutes.

## ELEVENTH DEFENSE

11.     The retaliation claims of Relators Shepherd and Rude fails, in whole or in part, because all employment practices made the subject of this action were job-related for the position and consistent with business necessity.  No protected activity of Relators was a determinative or motivating factor in any employment actions taken with respect to Relators by Fluor.  Alternatively, if the Court were to determine that Relators' protected activity was a determinative or motivating factor in any employment actions taken with respect to Relators by Fluor, then Fluor asserts that it would have taken the same action in the absence of the impermissible determinative or motivating factor; thus, Relators' claims are barred in whole or in part.

## TWELFTH DEFENSE

12.     At all times relevant to Relators' claims, Fluor's actions were lawful and conducted in accordance with all state and federal laws and regulations.  Fluor invokes the defenses, protections, and limitations of the False Claims Act.

## THIRTEENTH DEFENSE

13.     The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Fluor's legitimate, non-discriminatory reasons for not terminating them were not pretext to retaliate against them based on some alleged protected activity.  Furthermore, Relators' retaliation claims are barred, in whole or in part, because Relators cannot establish that Fluor would not have terminated them but for their alleged protected activity.

## FOURTEENTH DEFENSE

14.     The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Relators were at-will employees and were subject to termination at Fluor's discretion at any time for any reason, so long as it was not a statutory violation.

## FIFTEENTH DEFENSE

15.     The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Fluor acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by Fluor.

## SIXTEENTH DEFENSE

16.     The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because all actions taken by Fluor concerning Relators were for legitimate, non-retaliatory business reasons, and were not intentionally devised or operated to contravene any provisions of any law.

## SEVENTEETH DEFENSE

17.    The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Fluor did not ratify or otherwise aid, abet, incite, or coerce unlawful conduct, if any.

## EIGHTEENTH DEFENSE

18.    Fluor asserts the defense of election of remedies as to Relators' retaliation claims.

## NINETEENTH DEFENSE

19.    The retaliation claims of Relators Shepherd and Rude are barred, or their recovery should otherwise be offset, by the after-acquired evidence doctrine.

## TWENTIETH DEFENSE

20.    The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Relators' alleged damages are speculative, uncertain, and hypothetical.

## TWENTY-FIRST DEFENSE

21.    As to the retaliation claims of Relators Shepherd and Rude, to the extent any injuries or losses allegedly suffered by Relators were caused by Relators themselves, Fluor asserts such a defense.

## TWENTY-SECOND DEFENSE

22.    The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Relators have suffered no damages.  Alternatively, Relators have failed to mitigate their damages, if any.

## TWENTY-THIRD DEFENSE

23.    The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, by applicable limitations, laches, waiver, estoppel, and/or unclean hands.

83

## **TWENTY-FOURTH DEFENSE**

24.    The retaliation claims of Relators Shepherd and Rude are barred, in whole or in part, because Relators, by their conduct, have waived the matters asserted as claims herein and are estopped from asserting those claims.

## **RESERVATION OF FURTHER DEFENSES**

Fluor hereby gives notice that it may rely upon other applicable affirmative defenses of which it becomes aware during discovery in this case and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Relators' SAC, Fluor prays that the claims set forth therein be dismissed in total, that this Court award Fluor its costs and attorneys' fees incurred in defending the claims in the SAC and that this Court grant such further relief as it deems just and proper.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Craig D. Margolis (admitted *pro hac vice*)
Tirzah S. Lollar (admitted *pro hac vice*)
Christian D. Sheehan (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, D.C. 20001-3743
Telephone: (202) 942-6127
Facsimile: (202) 942-5999
craig.margolis@arnoldporter.com
tirzah.lollar@arnoldporter.com
christian.sheehan@arnoldporter.com

*Attorneys for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*

July 10, 2020
Columbia, South Carolina