**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| United States of America, *ex rel.* | ) | |
| Charles R. Shepherd; Danny V. Rude; | ) | |
| Robert Scott Dillard; Rickey Mackey, | ) | C/A No.: 6:13-cv-02428-JD |
| | ) | |
| Plaintiff-Relators, | ) | |
| | ) | **JOINT STIPULATION AND** |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Fluor Corporation, Inc.; | ) | |
| Fluor Intercontinental, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS Defendants Fluor Corporation and Fluor Intercontinental, Inc. (collectively, "Fluor") requested discovery regarding communications between and among Relators Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey (collectively, "Relators"), former relators Jeffrey Nix and David Payne, and the United States Department of Justice regarding the dissemination and use of documents that Fluor asserts were misappropriated by Nix and Payne and contain information protected by Fluor's attorney-client privilege and/or contain information protected by the attorney work product doctrine (the "Disputed Documents");

WHEREAS Relators objected to the production of such discovery on the basis of the attorney-client privilege, the attorney work product doctrine, and the common interest privilege;

WHEREAS Relators disagree that the Disputed Documents contain information protected by the attorney-client privilege and/or the attorney work product doctrine and believe that Relators should be permitted to first take discovery regarding Fluor's assertion that the Disputed Documents are privileged;

1

WHEREAS the Court held a status conference on March 9, 2021, and after hearing argument, directed the parties to confer and develop a plan for the resolution of the foregoing discovery dispute related to privilege [Dkt. 234];

WHEREAS, the parties met and conferred and reached an agreement regarding a process for deposing witnesses by written question regarding the Disputed Documents;

NOW, THEREFORE, IT IS on this 19th day of July, 2021, STIPULATED as follows:

1. Each party may depose no more than three witnesses regarding the Disputed Documents using written questions. The depositions shall be strictly limited to the subject matter of the privilege dispute and are without prejudice to any party's ability to take subsequent oral testimony from the witnesses regarding the substantive issues in the case. The written question depositions shall not count toward the applicable deposition limits under the Federal Rules of Civil Procedure and the Local Rules.

2. A party may depose non-party witness(es) (provided that the party does not exceed three depositions in total) pursuant to this Joint Stipulation, in which case the party noticing the non-party deposition shall provide this Joint Stipulation to counsel for the non-party reasonably in advance of the deposition.

3. Each deposition taken pursuant to this Joint Stipulation shall be noticed in accordance with Federal Rule of Civil Procedure 30(b) and, if applicable, Federal Rule of Civil Procedure 45.

4. A party seeking to depose a witness by written questions shall serve those questions and all marked deposition exhibits on opposing counsel, and, if applicable, counsel for the witness simultaneously.

5.      Relators dispute that the Disputed Documents are protected by Fluor's attorney-client privilege and/or contain Fluor's attorney work product protected information. By entering into this Joint Stipulation, Relators are not conceding that the Disputed Documents contain privileged or work product protected information. By entering into this Stipulation and permitting witnesses to answer questions regarding the Disputed Documents, Fluor does not waive its attorney-client privilege and/or attorney work product privilege over a Disputed Document, to the extent such a privilege exists.

6.      Within 14 days of receipt of the written questions, opposing counsel and, if applicable, counsel for the witness shall lodge any objections in writing, which shall be served on the deposing party. At the same time objections are served on the deposing party, opposing counsel or, if applicable, counsel for the witness shall transmit the written questions, along with any objections, to the witness.

7.      Within 7 days of receipt of the questions and objections, the witness shall provide written responses to the questions under oath. The witness shall not consult or communicate with any of his or her counsel, or with Fluor counsel in the case of Fluor witnesses, when preparing his or her written responses. The witness shall transmit his or her written responses to the counsel who provided the written questions to the witness (Fluor counsel in the case of Fluor witnesses, counsel for the Relator in the case of a Relator witness, and counsel for the witness in the case of any third-party witnesses). Fluor witnesses may consult privileged documents in preparation for their depositions and for the purpose of answering the questions without waiving attorney-client privilege or work product protection over the documents or the subject matter of any investigation, review, or legal advice.

8. Upon receipt of the witness's written responses, Fluor counsel (for Fluor witnesses), Relators' counsel (for a Relator witness), or counsel for the witness (for third-party witnesses) shall review them for the sole purpose of determining whether the written responses reveal privileged or work product protected information.  Counsel will redact any privileged or work product protected content, but make no changes to the substance of the witness's answers.  Fluor counsel (for Fluor witnesses), Relators' counsel (for a Relator witness), or counsel for the witness (for third-party witnesses) shall serve the written responses, with any privilege redactions, on the deposing party within 3 days of receiving the responses from the witness.  In the event that counsel makes redactions to a witness's answers, counsel shall state the basis for the redactions in writing.

9. The non-deposing party shall be permitted to cross-examine the witness using the same written question procedure set forth above.  The non-deposing party must serve any cross-examination questions within 7 days of receipt of the witness's written responses to direct examination questions.

10. Any party may seek a modification of this Order for good cause at any time.

11. This Stipulation itself does not bind third parties.  However, Fluor reserves the right to request that the Court either (1) compel a third party to follow the procedures set forth in this Stipulation should the third party decline to do so voluntarily, or (2) order that a third party that objects to the procedures set forth in this Stipulation shall submit to a live deposition limited to the subject matter of the parties' privilege dispute without prejudice to the deposing party's ability to subsequently depose the third party again on substantive issues in the case, notwithstanding Fed. R. Civ. P. 30(a)(2)(A)(ii) and Fed. R. Civ. P. 30(d)(1).  Relators do not take any position on such a request by Fluor.

5

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

July 27, 2021
Greenville, South Carolina