IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd; Danny V. Rude; Robert Scott Dillard; Rickey Mackey, <br><br> Plaintiff-Relators, <br><br> v. <br><br> Fluor Corporation, Inc.; Fluor Intercontinental, Inc., <br><br> Defendants. | C/A No. 6:13-cv-02428-JD <br><br><br> **RELATORS' RESPONSE TO DEFENDANTS' MOTION TO SEAL PRIVILEGED EXHIBITS AND UNREDACTED MEMORANDUM AND APPENDIX FILED IN SUPPORT OF MOTION TO COMPEL AND FOR PARTIAL STAY** |

**INTRODUCTION**

Relators do not oppose Fluor's renewed request to file its Motion to Compel and numerous exhibits under seal. *See* Dkt. 295 ("Updated Motion to Seal"). Relators also do not oppose Fluor's request to make *ex parte* and *in camera* submission of the 45 documents that are the subject of the parties' privilege dispute (*i.e.*, privilege logs containing the 29 documents from Jeffrey Nix and the 16 documents from David Payne) (the "45 Disputed Documents"). However, Relators do oppose one aspect of Fluor's Motion to Seal: its request to submit portions of its brief *ex parte*, as well as 39 additional documents listed in its Non-Confidential Index (Dkt. 295-1, at 9-19).

Fluor's Motion to Compel (Dkt. 296) rests on two underlying premises. The first is that the 45 Disputed Documents are privileged. The second is that, even though Fluor clawed back these documents years ago and has yet to demonstrate their use in this action, Fluor is entitled to probe the actions, communications, and thought processes of attorneys from the Department of

1

Justice and the United States Attorney's Office for the District of South Carolina (collectively, the "Government"), Relators, and non-parties Nix and Payne and their counsel during the course of a sealed Government investigation into Fluor's alleged fraud. In support of such a weighty request, Fluor seeks to make *ex parte* arguments and factual claims that Relators and the Government cannot see and thus cannot respond to. In doing so, Fluor violates basic principles of the adversarial system and prevents this Court from receiving a full understanding of the Government's and Relators' actions, whose conduct Fluor somehow claims merits Fluor obtaining the Government's and Relators' privileged communications.

Despite Fluor's arguments to the contrary, allowing *ex parte* submissions in privilege disputes (that go beyond an *in camera* inspection of the disputed documents themselves) is not the standard practice in this circuit. Instead, such disfavored submissions are only appropriate when the existing evidence regarding the privilege issues is insufficient for the court to determine the matter. Here, with its submission of extensive arguments, detailed privilege logs, supporting affidavits, and the 45 Disputed Documents themselves—all of which Relators and the Government can respond to—Fluor has already presented this Court with the evidence it needs to make its ruling. Thus, the *ex parte* documents and arguments Fluor has submitted to support its Motion to Compel that go beyond the 45 Disputed Documents should be stricken as striking them will not prejudice Fluor or interfere with the Court's ability to understand the issues.

Moreover, preventing Relators from responding to all of Fluor's submissions and arguments is especially problematic here. In filing their Motion to Compel (Dkt. 296) and prior Motion for Expedited Discovery (Dkt. 127), Fluor is advancing a position that ultimately seeks drastic and extraordinary relief. Fluor admits as much in their Motion to Compel when they concede that they will potentially seek extreme sanctions, including dismissal of the case and

disqualification of Relators' counsel, based upon their disputed claims of privilege. (Dkt. 296-1 at 24)[1]. Given what is at stake, it is imperative that Relators be afforded an opportunity to respond fully to all of Fluor's arguments related to their underlying privilege assertions.

## PROCEDURAL HISTORY

The parties conferred regarding Fluor's *ex parte* submissions before Relators filed their original Motion to Seal. (Dkt. 273)(the "Original Motion to Seal"). On June 14, 2022, counsel for Fluor informed counsel for Relators that Fluor would be submitting materials to the Court *ex parte* in addition to the 45 Disputed Documents themselves. *See* Exhibit A. When counsel for Relators requested caselaw support for Fluor's position that these *ex parte* submissions were allowed, counsel for Fluor directed them to those authorities that were cited in Fluor's Original Motion to Seal and would not provide any further precedent to support their position. *Id.*

As Fluor set forth in its opening brief (Dkt. 295 at n. 1), the Original Motion to Seal was fully briefed as of July 7, 2022 but was withdrawn after a teleconference with this Court. Fluor's Updated Motion to Seal imports a large amount of caselaw and argument from its original reply brief (Dkt. 281) that Fluor failed to include in its Original Motion to Seal.

## LEGAL STANDARDS

*Ex parte* submissions are disfavored as "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been

---

[1] Fluor's Motion to Compel explicitly states, "If the evidence shows that Relators and their counsel were aware that they possessed Fluor's privileged materials and failed to take appropriate action, or worse, affirmatively relied on those materials, Fluor would be entitled to a range of sanctions, including the fees and costs incurred in related discovery disputes, evidentiary sanctions, disqualification of counsel, and dismissal of any allegations based upon privileged information." (Dkt. 296-1 at 24).

3

granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438–39 (1974); *see also Martynuska v. BWW L. Grp., LLC*, No. CV DKC 19-660, 2019 WL 1282072, at *2 (D. Md. Mar. 20, 2019) (*quoting RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 357 (4th Cir. 2007) ("[i]t is settled beyond peradventure that, in our system of justice, *ex parte* judicial proceedings ... are greatly disfavored. The conduct of such proceedings present substantial due process concerns, and our courts are necessarily and properly reluctant to participate in them.").

Although courts have sometimes allowed *ex parte* submissions that go beyond the disputed documents themselves in privilege disputes, they have only done so in cases where courts have determined that the *ex parte* submissions are required to provide context regarding the privileged nature of the documents at issue. If there is other evidence available to help the court understand the context of the 45 Disputed Documents, it is not necessary to resort to *ex parte* submissions that deny the court the opportunity to hear from both sides on the matter. As one court explained:

> Courts make a principled attempt to try to avoid *ex parte* proceedings, including *in camera* review of documents, as it is fundamentally contrary to our adversarial system of dispute resolution. *In camera* review puts the Court in the undesirable position of attempting to think of arguments that the excluded counsel might make if he or she had access to the documents in question, and the Court can never do the job of counsel, as well as counsel can. Thus, it is wise for the Court to not consider an *in camera* review until the party asserting privilege has done all that it reasonably could to establish privilege. *In camera* review "is not to be used as a substitute for a party's obligation to justify its withholding of documents. Such a procedure is appropriate only after the burdened party has submitted detailed affidavits and other evidence to the extent possible." (citation omitted).

*Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1288, n.4 (S.D. Fla. 2012)

**ARGUMENT**

**A. Fluor's *Ex Parte* Submissions are not Required to Understand the Significance and Meaning of the 45 Disputed Documents**

Fluor's argument regarding why this Court should allow *ex parte* submissions to which Relators and the Government can be reduced to two points: (1) that such submissions are "standard practice" in this circuit and "routine" in federal courts and so the "result here should be no different" (Dkt. 295 at 5, 7-8) and (2) that Fluor is submitting the *ex parte* materials to explain the "significance or meaning" of the 45 Disputed Documents. *Id.* at 5. Neither of these assertions has merit.

First, courts allowing *ex parte* submissions in a situation such as this one, where the party claiming privilege has already provided the court with a wealth of information from which to adjudicate the issue, is far from "standard practice" in this circuit. Tellingly, half of the cases Fluor cites from this circuit for this proposition (which are the only six cases Fluor cited in its original Motion to Seal (Dkt. 273 at 4-5)) did not consider *ex parte* submissions other than the disputed privileged documents themselves:

- In *United States v. (Under Seal)*, 748 F. 2d 871 (4th Cir. 1984), the trial court or appellate court reviewed *ex parte* the documents subject to the privilege dispute themselves, but there is no indication that any additional *ex parte* materials were submitted or considered. *Id.* at 876-78;

- *Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F. 2d 980, 985 (4th Cir. 1992) involved a review of privilege log entries but no *ex parte* submissions at all, and, when it remanded for further consideration, only the disputed documents were submitted *ex parte*. *See Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 148 F.R.D. 552, 554 (S.D.W. Va. 1993);

- In *Waters at Magnolia Bay, LP v. Vaught & Melton Consulting Engineers, Inc.*, 2021 WL 3285194, at *2 (D.S.C. Aug. 2, 2021), the court merely conducted an *ex parte* and *in camera* review of the disputed documents themselves;

- In *Popov ex rel. Delgado v. QBE Ins. Corp.*, 2021 WL 2328035, at *4-5 (D.S.C. June 8, 2021), the court reviewed a sample of the disputed documents *ex parte* and *in camera*, but no additional submissions;

- *Nielson v. Portfolio Recovery, Assoc., LLC*, 2019 WL 2513722, at *2-5 (D.S.C. June 18, 2019) involved a request to submit certain documents under seal, and the court conducted an *ex parte* review of only those documents in assessing whether the request to file them under seal should be granted. *Id.* at *2-4;

- Finally, *In re New York Renu with Moisutreloc Product Liability Lit.,* 2008 WL 2338552, at *2-19 (D.S.C. May 8, 2008) is unclear as to whether documents were submitted *ex parte* at all, but, to the extent they were, there is no indication that it included anything other than the disputed documents themselves.[2]

The other half of the cases Fluor cites from this circuit involve factual situations and procedural postures vastly different from those involved in this case. Some involve the courts *sua sponte* deciding they needed more information from the party claiming privilege and ordering the *ex parte* submissions. *See Paice, LLC v. Hyundai Motor Co.,* 302 F.R.D. 128, 133 (D. Md. 2014)(court *sua sponte* ordered party to produce, *in camera*, additional information about the creation of the purportedly privileged documents), *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1157-58 (D.S.C. 1974)(after defendant argued that plaintiff's failure to

---

[2] Relators do no oppose Fluor's request to provide its submissions under seal. *See* Dkt. 295 at 9-10 (*citing Ashcraft v. Conoco,* 218 F.3d 288 (4th Cir. 1984) and *In Re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

support privilege assertions would result in waiver, court *sua sponte* asked for information from plaintiff *ex parte* to create guidelines to rule on the issues that were shared with both parties and argued over the course of two days); *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 456, 462-64 (E.D. Va. 1998)(the party claiming privilege was allowed to submit *ex parte* declarations in a case where there were no publicly filed declarations regarding the privilege claims); *LaBelle v. Philip Morris Inc.*, No. 2-98-3235-23, 2000 WL 33957169, at *2-3 (D.S.C. Oct. 23, 2000)(rejecting the proposed *in camera* submission regarding the privilege issue because an alternative method existed); *Thomas v. Cumberland Cnty. Sch.,* No. 5:09-CV-359-FL, 2011 WL 779805, at *1-2 (E.D.N.C. Feb. 28, 2011)(plaintiff disputing that she authorized her attorney to dismiss her case presented discussions with her attorney *in camera* as part of a motion to reopen the case); *Maxtena, Inc. v. Marks*, No. CIV.A. DKC 11-0945, 2014 WL 4384551, at *26 (D. Md. Sept. 2, 2014)(*ex parte* submissions permitted where there was a dispute as to whether the non-submitting party previously agreed to them and where court held that the non-submitting party never made any arguments when court reviewed the other privilege submissions and so was estopped from arguing against the *ex parte* submissions later).

      The majority of the cases Fluor cites from other circuits simply mention an *ex parte* submission with no opposition noted and thus no analysis of the issues. *See United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, at 1328- 29 (N.D. Ga. 2015); *In re Denture Cream Prod. Liab. Lit.*, 2012 WL 5057844, at *1-2, 4, 14-17, 19 (S.D. Fl. Oct. 18, 2012); *Edelen v. Campbell Soup Co.¸* 265 F.R.D. 676, 680-81 (N.D. Ga. 2010); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 691 n. 6 (S.D. Fl. 2009); *Burton v. R.J. Reynolds Tobacco Co., Inc.*, 175 F.R.D. 321, 329 (D. Kan. 1997). The balance of the cases from other circuits either do not actually hold that *ex parte* submissions are appropriate (*see*

7

*United States v. Facebook, Inc.*, 2018 WL 1768696, at *1 (N.D. Cal. Mar. 27, 2018)) or involve a situation where the court believed the *ex parte* submissions were required to help it understand the disputed documents. *See In re Zantac (Ranitidine) Prod. Liab. Lit.*, 2021 WL 8267444, at *3 (S.D. Fl. June 1, 2021)(explaining that "is difficult to see what other non-privileged evidence [the party claiming privilege] could use to meet its ultimate burden"); *United States v. Davita, Inc.*, 301 F.R.D. 676, 679-80, 686 (N.D. Ga. 2014)(court deemed the *ex parte* submissions were *required* to understand the privilege claim); *Allegheny Ludlum Corp. v. Nippon Steel Corp.*, 1990 WL 9837 at *2 (E.D. Pa. Feb. 1, 1990)(only evidence submitted regarding the privileged status of documents was the *ex parte* submission of the documents themselves and two affidavits).

Second, Fluor submits these *ex parte* arguments and evidence purportedly to explain the "significance or meaning" of the 45 Disputed Documents but does not explain why these secret submissions are needed to assist the Court in this case. This is not a situation where the court must make the privilege determination from the face of the documents themselves. To the contrary, in this case, Fluor has supplied the necessary context for the court to make the privilege determination by submitting privilege logs, 22 supporting affidavits and exhibits, the 45 Disputed Documents themselves, and nearly 40 pages of argument for the Court's review—all of which Relators and the Government can address so that this Court has a complete picture of the issues.[3]

Indeed, most of Fluor's cited caselaw relates to run-of-the-mill discovery disputes in which a party is defending its privilege from a party seeking documents or justifying a clawback,

---

[3] Furthermore, if Fluor believed that these additional *ex parte* arguments and exhibits were so critical to the Court's understanding of the issues, it is unclear why they did not submit them as part of their first set of briefing on the privilege issue, to which Fluor refers this Court in its updated Motion to Seal. Dkt. 295 at 2 n.3 *citing to* Dkt. 127-1.

but Fluor's Motion to Compel is anything but routine. As outlined above, Fluor has not identified a single case that remotely matches the posture here in which a party is wielding privilege claims as a sword threatening dismissal of allegations and disqualification of counsel. Relators must not be deprived of the ability to respond under these circumstances. This is especially true when a robust record already exists that will enable the Court to evaluate the disputed documents at issue here without resorting to reliance upon disfavored *ex parte* submissions.

   B. **Fluor's *Ex Parte* Submissions Are Excessive, Inappropriately Redact Publicly Available Information, and Ultimately Prevent Relators from Responding to Fluor's Assertions**

Even if this Court were to conclude that Fluor is permitted to make additional *ex parte* submissions, the Court should limit those submissions to those that truly reflect privileged communications and information. Relators believe Fluor's *ex parte* submissions go far beyond that and ultimately hamstring Relators in responding to Fluor's arguments.

Relators vehemently dispute Fluor's assertions of privilege and intend to present this Court with a detailed explanation of why each document is not privileged, and why Fluor's purported justifications are unavailing. For that reason, it is critical that Relators be able to see the arguments and factual claims Fluor is making to defend its position. Additionally, even to the extent Fluor is permitted to make additional *ex parte* submissions (it should not, for the reasons stated above), Fluor must be limited to only submit information that truly implicates attorney-client or work product privileges.

Fluor has exceeded those bounds. The redactions in the version of its brief available to Relators are excessive, and, most surprisingly, include the redaction of information contained in publicly available records. Pages 16-17 of Fluor's brief (Dkt. 296-1) is a good example:

9

allegations, the First Amended Complaint also expanded on Payne's and Nix's prior allegations concerning monthly inventories, FAC ¶¶ 153-59, and Payne's previously threadbare allegation related to LTDD work orders, *id.* ¶¶ 198-200.[18] The First Amended Complaint also pled wholly new allegations; most notably, it contained detailed allegations that Fluor had systematically made improper inventory adjustments prior to Defense Contract Management Agency (DCMA) audits.



The First Amended Complaint named Shepherd, Rude, Mackey, and Dillard as plaintiffs.[19]

[20]

Nix and Payne were not named as plaintiffs despite the Amended Complaint's heavy reliance

    Relators cannot meaningfully respond to this. The redactions are excessive, taking up almost an entire page of apparent arguments or factual assertions that Plaintiff cannot begin to challenge. The redactions are also particularly dubious, because, from what Relators can glean, Fluor appears to be summarizing allegations in the various iterations of Relators' complaints. Every one of those complaints, and the briefs discussing them, are currently available on the public docket. The idea that Fluor's summary or analysis of portions of publicly available

complaints—that Fluor has never sought to have sealed—should be submitted for the Court's eyes only is hard to understand.[4]

To the extent Fluor is claiming in the redacted portion of its brief that there are portions of Relators' complaints that contain *any* of the information from the 45 Disputed Documents, this is critical information for Relators to know so they can respond to it. It would also be news to Relators: Fluor has *never identified* —not even in this second attempt to probe Relators' and the Government's privileged communications during the sealed investigation—a single paragraph in Relators' detailed complaints that contains information that comes from one of the 45 Disputed Documents. Indeed, when Relators asked Fluor in an interrogatory to identify the information in their Second Amended Complaint that purportedly derives from the privileged documents, Fluor could identify nothing. *See* Exhibit B at 19-20.[5] So, to the extent Fluor is now

---

[4] Relators made this same argument in their original opposition to Fluor's original Motion to Seal (Dkt. 274) and Fluor has tried to respond to it by submitting a new "Exhibit B" along with their new Motion to Seal (Dkt. 295) to discuss the redactions they made to their Motion to Compel (Dkt. 296-1). These descriptions of the redactions, however, do nothing to allow Relators to respond to the arguments. For example, for this portion of the brief, they simply state that they are summarizing purportedly privileged information relating to "investigation issues analyzed…at the direction of counsel"—again keeping Relators in the dark as to whether they are making the extraordinary claim that the First Amended Complaint contains privileged information.

[5] As with most interrogatory responses, Fluor's was written by lawyers, so it is long and yet also evasive. When the rubber meets the road, however, all Fluor could say in response was that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B at 19-20. That is a lot of equivocating. It is also not a serious response, because those 75 paragraphs are the entirety of the allegations related to materials management practices. Dkt. 121 (Second Amended Complaint). However, there is no legitimate claim that all of the materials management allegations are privileged—not even Fluor claims that—because the purported privileged materials management investigation began only *after* multiple Relators, and Nix, had already filed their lawsuits alleging such misconduct. Thus, for all its fury at Mr. Nix, Fluor cannot say that a single allegation in his original lawsuit, generally captured in the Second Amended Complaint at paragraphs 170-184, contains privileged information because *he filed his lawsuit before he ever became involved in the materials management investigation*. Moreover, many of the allegations in paragraphs 147 through 221, concern the failure to perform 10% and 100%

11

making claims in its brief about what is in the Second Amended Complaint that actually derives from one of the Disputed Documents, Relators must have an opportunity to see that claim and respond.

Another example of Fluor's improper *ex parte* submissions is footnote 15 of Fluor's brief, Dkt. 296-1 at 11, n. 16:

> [16] *Compare* Ex. K at ▇▇▇ *with* Payne Priv Log 1, 4, 5, 9, 15 ▇▇▇; *compare* Ex. K at ▇▇▇ *with* Nix Priv. Log 1, 4, 22 (privileged documents regarding ▇▇▇) and Payne Priv. Log 1, 7, 22 (same); *compare* Ex. K at ▇▇▇ 2 *with* Payne Priv. Log at 1, 6, 13, 14, 15 ▇▇▇.

Here, Fluor is asserting privilege over aspects of Exhibit K, a government-issued Civil Investigative Demand ("CID") to Fluor. Fluor is claiming that its citation to aspects of that public and non-privileged document implicate privilege, thereby preventing Relators from responding to a claim that the government-issued CID requests privileged information. Again, if that is the claim, it would be remarkable: The CID is generic, and the vast majority of the requests contained in the CID are concerned with obtaining a copy of Fluor's Maximo and MATMAN databases and attendant documents related thereto. *See, e.g.*, Dkt. 296-13 (Ex. K) at Requests 1-8, 10, 15, 17, 18-21, 13-27. Those databases were used to track material and property, and Fluor was contractually required to make both of them accessible to government agencies throughout the contract. The remaining requests are general and seek broad swathes of information related to materials and property management. *See, e.g., id.* at Requests 22 (all

---

inventories, and directly cite to (and quote from) specific internal audits and assessments finding such failures, *id.* at ¶ 150-164, none of which Fluor has ever asserted privilege over or claimed was the subject of the 45 Disputed Documents. Put simply, Fluor equivocally, speculatively, and falsely, cites all of it generally, because it cannot cite any of it specifically.

current and former Fluor employees during contract), 28 (all documents related to "the disposition of property and material"). If Fluor is seriously claiming that a request for all employees, or for all records related to Fluor's disposition of property and material, are based on something in the 45 Disputed Documents, Relators need to know so they have the opportunity to respond.[6]

## CONCLUSION

Ultimately, Fluor has submitted privilege logs, 22 supporting affidavits and exhibits, the 45 Disputed Documents *ex parte*, and ample argument. That is more than enough to provide the Court with the context it needs to consider Fluor's side of the argument. Relators stand ready to respond to those factual claims and arguments in their response. But what Fluor is seeking to do by making yet additional submissions and arguments that Relators cannot see or respond to is unnecessary, unfairly prejudicial, and contrary to an adversarial system designed to find the truth among competing positions. Moreover, as set forth above, it is ultimately unsupported by the law. For all of these reasons, Relators respectfully request that this Court strike Fluor's *ex parte* submissions (other than the 45 Disputed Documents themselves).

Respectfully submitted,

/s/Christopher P. Kenney
Richard A. Harpootlian (Fed. ID No. 1730)
Christopher P. Kenney (Fed. ID No. 11314)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202

---

[6] In Fluor's newly minted Exhibit B in support of their new Motion to Seal, Fluor describes the redacted text in their motion regarding Exhibit K as summarizing "attorney-client communications and protected work product, including description of investigation issues analyzed by David Payne at the direction of counsel." *See* Dkt. 295-2 at 1.

13

Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com
cpk@harpootlianlaw.com

Anand Swaminathan
Daniel Twetten
Anna Dover
Frank Newell
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
anand@loevy.com
dan@loevy.com
dover@loevy.com
frank@loevy.com
*Attorneys for Relators Charles R. Shepherd and Danny V. Rude*

Frank L. Eppes (Fed. ID No. 1003)
EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com
*Attorney for Relator Robert Scott Dillard*

Judah N. VanSyckel (Fed. ID No. 12778)
Saluda Law, LLC
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com
*Attorney for Relator Rickey Mackey*