# EXHIBIT A

(RELATORS' SUR REPLY)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd; Danny V. Rude; Robert Scott Dillard; Rickey Mackey, <br><br> Plaintiff-Relators, <br><br> v. <br><br> Fluor Corporation, Inc.; Fluor Intercontinental, Inc., <br><br> Defendants. | C/A No. 6:13-cv-02428-JD |

**RELATORS' SUR-REPLY IN OPPOSITION TO FLUOR'S MOTION TO COMPEL (DKT. 420) TO CORRECT RECORD REGARDING ARGUMENTS MADE FOR THE FIRST TIME IN REPLY**

Relators Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey (collectively, "Relators") submit this sur-reply in further opposition to Fluor's Motion to Compel (Dkt. 420), to correct the record regarding arguments made for the first time in Fluor's Reply, stating in support as follows:

1. In Fluor's reply in support of its motion to compel, Fluor states as follows: "Relators insinuate that they received these non-privileged documents during the government's investigation, but if that were true, Exhibits 7-19 would bear the Bates prefix ("FLE") Fluor used for investigation productions. They do not; they instead bear only the Bates prefix ("FLUOR-SR") Fluor used for documents it produced to Relators in this litigation. This proves that Relators only received these documents in discovery, which was of course well after the FAC and the SAC were filed." Dkt. 441 at 5-6.

2. Fluor made this argument for the first time in its Reply. It never previously claimed that these documents were not produced with "FLE" Bates prefixes during the Government's under-seal investigation. *See generally* Dkt. 420-1.

3. Flour's argument in reply is simply not true. This supplement is therefore necessary to correct the record.

4. In their response to Fluor's motion to compel, Relators provided the Court with evidence—from Fluor's own document productions of non-privileged records—that each of the four Relators (and many others) had contemporaneous, personal knowledge of the very issues Fluor is insisting Relators could have only known from reliance on the portion of the 45 Disputed Documents from Nix. Dkt. 437 at 14-18.

5. In addition, Relators explained that during the Government's five-year under-seal investigation, Fluor produced hundreds of thousands of pages of non-privileged documents to the Government regarding property and materials mismanagement, as well as a copy of its Maximo database; and that Relators analyzed the documents and data at the Government's instructions for years before the First and Second Amended Complaints were filed. Dkt. 437 at 17-18.

6. Fluor does not dispute that it produced such documents and data to the Government, or that the Government involved Relators in the review and analysis of that data over years of under-seal investigation. Nor can it: Fluor has repeatedly acknowledged as much. Dkt. 420-1 at 5; Dkt. 296-1 at 13.

7. Instead, Fluor argues in its Reply that while it cannot dispute that it produced enormous amounts of data to the Government (who shared it with Relators), it did not produce these particular documents. If it did, Fluor claims, they would have "FLE" Bates stamps associated with

that production, rather than the "Fluor-SR" stamps used for the production in this civil case. Dkt. 441 at 5-6.

8. That is simply not true. Many of the exhibits Relators provided to this Court **were in fact produced with FLE Bates stamps** during the Government's under-seal investigation, before the First and Second Amended Complaint were filed. By way of example:

- Ex.7: produced during Government investigation as FLE 3694287.
- Ex. 12: produced during Government investigation as FLE 130712.
- Ex. 13: produced during Government investigation as FLE 446460 & FLE 4634573.
- Ex. 14: produced during Government investigation as FLE 205681.
- Ex. 11: related document regarding the same work order #21831486 produced during Government investigation as FLE 2772695.

9. These are merely examples; not a comprehensive list. Relators no longer have access to Fluor's FLE document production to the Government, because Relators' access ceased when the Government declined intervention. These are examples the Government confirmed were part of Fluor's FLE production during the under-seal investigation. Of course, Fluor has its entire FLE production, and knows exactly which of these exhibits—and similar or related documents—were produced during the under-seal investigation. But instead of admitting as much, it falsely claims to the contrary.

10. So to briefly recap, Fluor insists that Relators could only have included allegations in their First and Second Amended Complaint about two examples of fraudulent conduct—adjustments to inventory data prior to Government PMSA audits, and putting materials on closed work orders— by relying on documents among the Nix Disputed Documents. It makes this argument despite knowing (a) internal Fluor documents prove that Relators Shepherd, Rude, Mackey and Dillard had contemporaneous, personal knowledge of these very issues in 2011-2015, outside of any privileged internal investigation, Dkt. 437 at 14-15; (b) internal Fluor documents prove that many of Relators' Fluor colleagues were openly discussing these same issues in 2011-2015 outside of

any privileged investigation, Dkt. 437 at 15-17; and (c) as discussed above, many of these internal Fluor documents—and Fluor's Maximo database containing evidence of this misconduct—**were produced by Fluor during the under-seal Government investigation in which Relators actively participated**, Dkt. 437 at 17; Dkt. 311 at 18-20. This eviscerates any possible argument that Fluor has a substantial need for Relators' disclosure statements, because nothing in those statements can change the fact that contemporaneous documents prove unequivocally that Relators had knowledge of these issues long before filing the First and Second Amended Complaint.

\* \* \*

11. By this supplement, Relators have sought to address the new arguments made in Fluor's Reply, for which it was necessary to correct the record. To the extent the Court has additional questions or seeks additional information on any of the issues above, Relators stand ready to assist the Court in any way then can.

Respectfully submitted,

/s/Andrew R. Hand
Richard A. Harpootlian (Fed. ID No. 1730)
Andrew R. Hand (Fed. ID No. 12176)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
rah@harpootlianlaw.com

Anand Swaminathan
Daniel Twetten
Anna Dover
Frank Newell
Heather Sticht
Kevin Thomas
River Scott
(admitted *pro hac vice*)
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor

Chicago, IL 60607
Telephone: (312) 243-5900
anand@loevy.com

*Attorneys for Relators Charles R. Shepherd and Danny V. Rude*

Frank L. Eppes (Fed. ID No. 1003)
EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

*Attorney for Relator Robert Scott Dillard*

Judah N. VanSyckel (Fed. ID No. 12778)
Saluda Law, LLC
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

*Attorney for Relator Rickey Mackey*

June _____, 2024
Columbia, South Carolina.