IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd; Danny V. Rude; Robert Scott Dillard; Rickey Mackey,<br><br>  Plaintiff-Relators,<br><br>v.<br><br>Fluor Corporation, Inc.; Fluor Intercontinental, Inc.,<br><br>  Defendants. | C/A NO. 6:13-cv-02428-JD<br><br>**ORDER** |

Before the Court is Defendants Fluor Corporation, Inc. and Fluor Intercontinental, Inc.'s "Motion for Judgment on the Pleadings" (DE 396) and "Motion to Expedite Consideration of Motion for Judgment on the Pleadings" (DE 402). Relators Charles R. Shepherd, Danny V. Rude, Robert S. Dillard, and Rickey Mackey's ("Relators") have responded in opposition (DE 408), and Defendants have replied. (DE 414.) For the reasons below, the Court denies Defendants' motion without prejudice, and denies the motion to expedite as moot.[1]

---

[1] Because the Court denies Defendants' motion and because the United States has issued a "Statement of Interest" in response to it (DE 411), the Court does not separately notify the United States of this order. (*See* DE 77, p. 1 (requesting the Court notify the United States before "dismiss[ing], settl[ing], or otherwise discontinu[ing]" the action).)

## BACKGROUND

On September 9, 2013, the first of four now-consolidated cases comprising this matter were transferred to this Court. (DE 1.) In October 2017, the Court consolidated the four cases. (DE 49.)

On October 3, 2018, the United States declined to intervene in this action. (DE 77.) On April 15, 2019, Relators filed a second amended complaint, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3279–3733, and a provision of the Contract Disputes Act ("CDA"), 41 U.S.C. § 7103. (DE 121.) On May 30, 2019, Defendants moved to dismiss parts of Relators' complaint. (DE 126.) On February 28, 2020, this Court granted in part and denied in part Defendants' partial motion to dismiss. (DE 176.) Specifically, the Court dismissed the CDA claim and permitted the FCA claims to proceed. (*Id.*, pp. 6–7, 14.)

On May 4, 2020,[2] Defendants and Relators filed a second amended scheduling order. (DE 190.) Therein, the parties agreed that "[m]otions to . . . amend the pleadings . . . shall be filed no later than July 17, 2020." (*Id.*, p. 2 (emphasis removed).)

On May 19, 2020, Defendants filed their answer. (DE 193.) Among other defenses, Defendants asserted that they "invoke[] the defenses, protections, and limitations of the False Claims Act." (*Id.*, p. 92.)

---

[2] Subsequent amended scheduling orders reflect this date. (*See, e.g.*, DE 210 (August 2020 second amended scheduling order); DE 235 (April 2021 third amended scheduling order); DE 383 (August 2023 ninth amended scheduling order).)

On December 6, 2023, Defendants filed their motion for judgment on the pleadings. (DE 396.) Defendants also moved to expedite consideration of the motion, arguing that an expediting ruling could "dispose of Relators' claims in their entirety" and terminate "this long-running litigation." (DE 402, p. 2.) Relators responded (DE 408), and Defendants replied. (DE 414.)

## STANDARD

A Rule 12(c) motion "is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (quoting another source). On a rule 12(b)(6) motion, the Court cannot consider any affirmative defense except in the "relatively rare" circumstances where "all facts necessary to the affirmative defense 'clearly appear on the face of the complaint.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (alteration adopted) (quoting another source).

Rule 8(c) of the Federal Rules of Civil Procedure sets forth a nonexclusive series of possible affirmative defenses that must be raised when "responding to a pleading . . . ." Rule 8(c), Fed. R. Civ. P. Such defenses must be raised or are generally considered waived. "Nevertheless, . . . where there is a waiver, it 'should not be effective unless the failure to plead resulted in unfair surprise or prejudice.'" *In re FirstPay, Inc.*, 391 F. App'x 259, 270 (4th Cir. 2010) (per curiam) (quoting *S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 373 (4th Cir.2003)). In addition, this circuit's "longstanding approach to liberal amendment" under Rule 15 of the Federal Rules of Civil Procedure "applies equally to amendments to assert

affirmative defenses." *Id.* (citing *IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 311 (4th Cir. 2003)).

Typically, a party's constitutional challenge to a statute giving rise to a cause of action pressed against that party is treated as an affirmative defense. *See Volvo Trademark Holding Aktiebolaget v. AIS Const. Equip. Corp.*, 416 F. Supp. 2d 404, 413 (W.D.N.C. 2006), *aff'd sub nom. Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474 (4th Cir. 2007); *Gragg v. Orange Cab Co.*, 145 F. Supp. 3d 1046, 1049 (W.D. Wash. 2015); *Holland v. Cardiff Coal Co.*, 991 F. Supp. 508, 515 (S.D.W. Va. 1997). This rule applies to facial constitutional challenges.[3] *Cf. Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 995 (E.D. Cal. 2016).

## DISCUSSION

In its Rule 12(c) motion, Defendant asserts that certain *qui tam* provisions of the FCA violate aspects of Article II of the federal constitution. (DE 396-1, p. 9.) This in hand, Defendants brandish that Relators' claim under those provisions necessarily fails to state a claim upon which relief can be granted. (*Id.*) Relators respond that Defendants are raising an untimely affirmative defense that they have forfeited. (DE 408, p. 7–8.) In addition, Relators press that granting Defendants' motion would unduly prejudice Relators. (*Id.*, pp. 8–9.)

Under the present state of the law, Defendants' separation-of-powers challenge to the *qui tam* provisions of the False Claims Act is insufficient on its own to

---

[3] A facial challenge requires a plaintiff to show that "no set of circumstances exists under which the [challenged statute] would be valid[] . . . ." *Chamber of Com. of United States of Am. v. Lierman*, 90 F.4th 679, 689 (4th Cir. 2024) (quoting another source).

demonstrate that Relators' complaint is implausible. (DE 414, p. 6 (admitting that all federal circuits reviewing Article II challenges to the FCA have rejected them, though contending *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197 (2020), implicitly called those holdings into question). Further, even if "[t]he FCA's qui tam provisions have long inhabited something of a constitutional twilight zone," *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 449 (2023) (Thomas, J., dissenting), and even if it is time to revisit the matter, it is equally true that "lower federal courts should not 'pass on questions of constitutionality . . . unless such adjudication is unavoidable' . . . ." *Am. C.L. Union v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011) (quoting another source); *cf. U.S. ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 745 (9th Cir. 1993) (affirming denial of Boeing's motion to dismiss despite its Article II arguments).

Defendants do not raise any subsidiary challenges, such as to Relators' standing, in conjunction with their facial attack on the FCA. *See, e.g., U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 402–04 (4th Cir. 2013) (rejecting cross-appeal of judgment contending the relator had no Article III standing); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 982 F. Supp. 1261, 1268 (S.D. Tex. 1997), *reh'g en banc granted, opinion vacated*, 196 F.3d 561 (5th Cir. 1999). Thus, if Defendants want to press this "purely legal defense" (DE 404, p. 9), they must seek to amend their answer to add it and raise it in compliance with the appropriate rules.[4]

---

[4] Defendants contend that they *did* raise the "unconstitutionality of the FCA's *qui tam* device" in their answer by way of a catch-all provision. (DE 414, p. 8.) Without more, the

As Relators note, the time for amending the pleadings has passed. (DE 414, pp. 7–8; *see, e.g.*, DE 383, p. 1.) Therefore, under Rules 15 and 16, Defendants' duty is to demonstrate "good cause" and move for permission to amend. *See, e.g.*, Rule 16(b)(4), Fed. R. Civ. P.; Rule 15(a)(2), Fed. R. Civ. P. As the Fourth Circuit has explained,

> 'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'

*Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (quoting another source). Accordingly, to utilize this affirmative defense, Defendants must brief (and Relators may respond thereto) the basis for good cause to modify the scheduling order to amend their answer. Thereafter, Defendants may again raise this argument at summary judgment. However, the Court cautions Defendants to give due attention to identifying the precise remedies sought in the light of applicable constitutional doctrines.

---

Court is hesitant to agree. The cases blessing the utility of such language do so at different levels of generality than that presented here. For example, in *Twitty v. First Fin. Asset Mgmt., Inc.*, the Magistrate Judge only addressed the *general* question of Rule 8(c)'s applicability to affirmative defenses. No. CV 0:23-39-SAL-SVH, 2023 WL 2478365, at *1 (D.S.C. Mar. 13, 2023). Other cases are similarly distinguishable. *See Pengbo Xiao v. Feast Buffet, Inc.*, 387 F. Supp. 3d 1181, 1187 (W.D. Wash. 2019) (denying motion to strike "defenses, protections, and limitations of the Fair Labor Standards Act" when specific allegations were employed in tandem with the catch-all). In addition, Courts in other circuits are prone to strike such language. *Fernandes v. VMOC LLC*, No. CV H-18-1544, 2018 WL 4901033, at *2 (S.D. Tex. Oct. 9, 2018); *Biller v. Cafe Luna of Naples, Inc.*, No. 2:14-CV-659-FTM, 2015 WL 1648888, at *2 (M.D. Fla. Apr. 13, 2015).

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' Motion for Judgment on the Pleadings (DE 396) without prejudice and denies Defendants' Motion to Expedite Consideration of Motion for Judgment on the Pleadings (DE 402) as moot.

**IT IS SO ORDERED.**

September 13, 2024
Florence, South Carolina

Joseph Dawson, III
United States District Judge