# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHARLES R. SHEPHERD and DANNY V. RUDE, ROBERT SCOTT DILLARD, and RICKEY MACKEY<br><br>Plaintiffs/Relators,<br><br>v.<br><br>FLUOR CORPORATION, INC., FLUOR INTERCONTINENTAL, INC., KELLOGG, BROWN & ROOT, INC.,<br><br>Defendants. | Case No. 6:13-cv-02428-TMC<br><br>**RELATORS' NOTICE OF SUPPLEMENTAL AUTHORITY RE: DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND** |

## PLAINTIFFS-RELATORS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs-Relators Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey ("Relators"), by and through their undersigned counsel, hereby apprise the Court of supplemental authority that supports the denial of Fluor's Motion for Reconsideration of the Court's September 13, 2024 Order (Dkt. 462). In support, Relators state:

1. Defendants' Motion for Reconsideration is fully briefed. *See* Dkt. 462, 469, 470.

2. After the motion briefing was completed, a relevant decision was issued in *United States ex rel. Adams v. Chattanooga Hamilton Cnty. Hosp. Auth.*, No. 1:21-CV-84, 2024 WL 4784372 (E.D. Tenn. Nov. 7, 2024) (McDonough, J.). *See* Ex. A. That decision directly addresses and rejects arguments Fluor makes in in its currently pending motion.

3. The *Adams* case, like this one, is a False Claims Act ("FCA") case stemming from alleged fraud on the federal government by private entities. As in this case, a defendant

1

moved to amend its answer to assert the affirmative defense that the FCA is unconstitutional.[1] The court considered the defendant's argument, also made here, that relators are improperly appointed officers of the United States. (Dkt. 462; *see* U.S. Const. art. II, § 2, cl. 2.) The defendant's motion in *Adams*, like Fluor's pending motion, "rel[ied] chiefly" on the recent district court decision, *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, No. 8:19-CV-01236, 2024 WL 4349242 (M.D. Fla. Sept. 30, 2024) (Mizelle, J.). *See Adams* at *2.

4.  In denying the defendant's motion to amend based on *Zafirov*, the *Adams* court noted that *Zafirov* itself "relies chiefly on selections of dissents, concurrences, and law review articles." *Id.* Moreover, the court noted, "*every* circuit court that has addressed [the defendant's] argument has rejected it." *Id.* at *2 (emphasis in original) (citing *United States ex rel. Wallace v. Exactech, Inc.*, 703 F. Supp. 3d 1356, 1363 (N.D. Ala. 2023) (collecting cases)).

5.  The court in *Adams* also criticized the reasoning of *Zafirov*, in part by pointing out flaws in *Zafirov*'s interpretation of the Sixth Circuit's ruling in *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994). *Adams* at *2. The court noted: "The qui tam provisions adopted by Congress do not contradict the constitutional principle of separation of powers. Rather, they have been crafted with particular care to maintain the primacy of the Executive Branch in prosecuting false-claims actions, even when the relator has initiated the process." *Id.* (quoting 41 F.3d at 1050).

6.  In light of this precedent and the longstanding consensus among the courts of appeals, the court in *Adams* declined the defendant's "invitation to follow one out-of-circuit-district-court decision." *Id.* at *3. Just as Relators have argued in their response brief in

---

[1] In *Adams*, only one of multiple defendants argued that the FCA is unconstitutional. That defendant argued unconstitutionality based on the Appointments Clause of Article II but did not tender a Take Care Clause argument. *See* 1:21-cv-00084 (D.S.C.), Dkts. 252, 253.

opposition to Defendants' pending motion, (*see* Dkt. 469), *Adams* rejects the notion that *Zafirov* constitutes a change in applicable law, *see id.* at *3 ("Since the law is clearly settled, such a shift in the parties' (and Court's) focus would represent a great waste of resources.").

7.     Under these circumstances, the court concluded the defendant's proposed defense in *Adams* "fails as a matter of law," making amendment "plainly futile." *Id.* at *2–3. Accordingly, the court denied the defendant's motion to amend its answer to assert that the FCA is unconstitutional, *see id.* at *3, thereby joining the litany of courts to have recognized that the FCA's *qui tam* provisions are consistent with the United States Constitution. (*See* Dkt. 496 at 5 (collecting cases).)

8.     The decision in *Adams* on the constitutionality of the False Claims Act supports denying Defendants' Motion for Reconsideration. Relators thus presents the *Adams* order to this Court as supplemental authority.

Respectfully Submitted,

/s/ Andrew R. Hand
Richard A. Harpootlian (Fed. ID No. 1730)
Andrew R. Hand (Fed. ID No. 12176)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com
arh@harpootlianlaw.com

Anand Swaminathan
Daniel Twetten
Anna Dover
Frank Newell
LOEVY & LOEVY
311 N Aberdeen Street, Third Floor Telephone: (312) 243-5900

3

Facsimile: (312) 243-5902
anand@loevy.com
dan@loevy.com
dover@loevy.com
frank@loevy.com
*Attorneys for Relators Charles R. Shepherd and Danny V. Rude*

Frank L. Eppes (Fed. ID No. 1003) EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com
*Attorney for Relator Robert Scott Dillard*

Judah N. VanSyckel (Fed. ID No. 12778)
Saluda Law, LLC
137 E. Butler Street Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com
*Attorney for Relator Rickey Mackey*

Dated: December 11, 2024
Columbia, South Carolina.