**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES R. SHEPHERD, DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY,<br>                    Plaintiffs,<br>         v.<br>FLUOR CORPORATION, FLUOR INTERCONTINENTAL, INC.,<br>                    Defendants. | Civil Action No. 6:13-cv-02428-JD |

**FLUOR'S RESPONSE TO**
**RELATORS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Fluor Corporation and Fluor Intercontinental, Inc. (collectively, "Fluor") respectfully submit this response to Relators' Notice of Supplemental Authority (ECF 473) (citing *U.S. ex rel. Adams v. Chattanooga Hamilton Cnty. Hosp. Auth.*, No. 1:21-CV-84, 2024 WL 4784372 (E.D. Tenn. Nov. 7, 2024)). For the reasons stated below, *Adams* is inapposite and has no bearing on Fluor's Motion for Reconsideration of September 13, 2024 Order, or, in the Alternative, for Leave to Amend Answer (ECF 462).

*First*, the *Adams* court relied on binding Sixth Circuit precedent rejecting an Article II challenge to the False Claims Act's ("FCA") *qui tam* provisions in holding that the relator's proposed amendment in that case was futile. *See* ECF 473-1 at 5-6 (citing *U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994)). Unlike the Sixth Circuit, however, the Fourth Circuit has never addressed the Article II question at issue here. Likely for that reason, Relators here have not argued that Fluor's constitutional defense is futile. *See* ECF 469. Nor could they. "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat*

*Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Given that three sitting Justices of the Supreme Court have recently opined that "there are substantial arguments that the [FCA's] *qui tam* device is inconsistent with Article II," it would be strain credulity to call those arguments frivolous. *See U.S. ex rel. Polansky v. Executive Health Res. Inc.*, 599 U.S. 419, 442 (2023) (Kavanaugh, J. and Barrett, J., concurring); *id.* at 449-50 (Thomas, J., dissenting).

*Second*, because it was bound by controlling Sixth Circuit precedent, the *Adams* court did not meaningfully engage with the constitutional issue on its merits, and unlike this case, those arguments were never fully briefed. The *Adams* court therefore had no occasion to consider more recent authorities that cast doubt on decisions like *Taxpayers Against Fraud* that upheld the *qui tam* device's constitutionality decades ago. *See generally* ECF 473-1 at 4-7; *cf.* ECF 396-1 at 5-7 (citing, *e.g.*, *Selia Law, LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2203 (2020); *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051 (2018); *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 501 (2010)). This Court has every reason to decide for itself whether recent Supreme Court decisions clarifying Article II principles dictate that the *qui tam* device is unconstitutional, just as the *Zafirov* court recently held.

*Third*, the procedural posture of this case is very different from *Adams*. There, the defendant failed to include a constitutional defense in its initial answer, despite the fact that the answer at issue was filed eight months after *Polansky*. ECF 473-1 at 7. The defendant then waited another eight months to raise the issue, when trial was roughly six months away. *Id.*[1] Here, in contrast, Fluor had filed its answer three years before the *Polansky* decision and then moved expeditiously after *Polansky* to seek judgment on the pleadings. More importantly, Fluor raised

---

[1] *See also* Order of Sept. 26, 2023 (ECF 167), *U.S. ex rel. Adams v. Chattanooga Hamilton Cnty. Hosp. Auth.*, No. 1:21-CV-84 (E.D. Tenn.) (setting trial for April 28, 2025).

its constitutional arguments in December 2023, *two years* before the now-operative trial date, and Relators have admitted they would suffer no prejudice by the Court's consideration of Fluor's constitutional challenge. *See* ECF 470 at 8-9; ECF 454 at ¶ 11.

        Respectfully submitted,

        */s/ Mark C. Moore*
        Mark C. Moore (Fed. ID No. 4956)
        Konstantine P. Diamaduros (Fed. ID No. 12368)
        Maynard Nexsen PC
        1230 Main Street, Suite 700
        Columbia, SC 29201
        Telephone: (803) 540-2146
        Facsimile: (803) 727-1458
        MMoore@maynardnexsen.com
        KDiamaduros@maynardnexsen.com

        Craig D. Margolis (admitted *pro hac vice*)
        Tirzah S. Lollar (admitted *pro hac vice*)
        Christian D. Sheehan (admitted *pro hac vice*)
        Emily Reeder-Ricchetti (admitted *pro hac vice*)
        Arnold & Porter Kaye Scholer LLP
        601 Massachusetts Ave. NW
        Washington, D.C. 20001-3743
        Telephone: (202) 942-6127
        Facsimile: (202) 942-5999
        craig.margolis@arnoldporter.com
        tirzah.lollar@arnoldporter.com
        christian.sheehan@arnoldporter.com
        emily.reeder-ricchetti@arnoldporter.com

        *Counsel for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*

Dated: December 23, 2024
Columbia, South Carolina