# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

United States of America, *ex rel.* Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, And Rickey Mackey

        Plaintiff-Relators,

    v.

Fluor Corporation, Inc., and Fluor Intercontinental, Inc.,

        Defendants.

Case Number: 6:13-02428-JD

Honorable Joseph Dawson, III

JURY TRIAL DEMANDED

## RELATORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGEMENT

Jon Loevy
Mike Kanovitz
Daniel Twetten
Anand Swaminathan
Frank Newell
Anna Dover
Gwen Parker
Heather Sticht
Dominique Gilbert
**LOEVY & LOEVY**
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
jon@loevy.com
mike@loevy.com
dan@loevy.com
anand@loevy.com
frank@loevy.com
dover@loevy.com
gwen@loevy.com
sticht@loevy.com
gilbert@loevy.com

Frank L. Eppes
**EPPES & PLUMBLEE, PA**
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

Judah N. VanSyckel
**Saluda Law, LLC**
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

Richard Harpootlian
**RICHARD A. HARPOOTLIAN P.A.**
1410 Laurel Street – P.O. Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................... iv

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................... 3

   A.       Overview of LOGCAP Contract ........................................................... 3

   B.       Fluor's Property Management Requirements .................................... 4

   C.       Government's Property Management System Audits.......................... 6

   D.       PMSA Process ██████████████████████ 6

   E.       Government's Disclosure Expectations ............................................... 7

   F.       ████████████████████████████████ 8

   G.       ████████████████████████████████ 8

   H.       ████████████████████████████████ 8

   I.       ████████████████████████████████ 9

   J.       ████████████████████████████████ 4

             Award Fee Determination Process ...................................................... 15

             Fluor's Award Fee Submissions........................................................... 17

   K.       Fluor's Lies and Deception During Each Award Fee Period ............. 18

   ██       ████████████████████████████████ .................... 30

LEGAL STANDARD...................................................................................................... 31

ARGUMENT................................................................................................................... 31

   I.       Fluor Submitted False Claims and Made False Statements in Order to Win Award Fees from the Government. ........................................................................................ 31

       A.       The Claims, Certifications, and Statements ...................................... 32

       B.       Falsity............................................................................................... 33

       C.       Scienter ............................................................................................ 41

       D.       Materiality ........................................................................................ 42

       E.       Award Fee Damages ......................................................................... 44

   II.       Fluor Submitted False Statements in Order to Receive Relief of Responsibility from the Government .......................................................................................... 45

       A.       Statements at issue .......................................................................... 46

       B.       Falsity............................................................................................... 47

       C.       Scienter ............................................................................................ 48

       D.       Materiality ........................................................................................ 49

       E.       Damages ........................................................................................... 50

CONCLUSION .............................................................................................................. 50

TABLE OF CONTENTS................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................ iv
INTRODUCTION ......................................................................................................... 1
FACTUAL BACKGROUND......................................................................................... 3
   A.     Overview of LOGCAP Contract......................................................... 3
   B.     Fluor's Property Management Requirements ...................................... 4
   C.     Government's Property Management System Audits............................ 6
   D.     PMSA Process ███████████████" ......................................... 6
   E.     Government's Disclosure Expectations ............................................... 7
   F.     ████████████████████████████████████ 8
   G.     █████████████████████████████████████........... 8
   H.     ████████████████████████████████████████
                                                      14
            Award Fee Determination Process ....................................................... 15
            Fluor's Award Fee Submissions ......................................................... 17
   K.     Fluor's Lies and Deception During Each Award Fee Period ............................. 18
      █████████████████████████████████████████
      ███████████████████████████████████████████
      ████████████████████████████████████████████
      █████████████████████████████ ................................ 30
LEGAL STANDARD..................................................................................................... 31
ARGUMENT ................................................................................................................. 31
I.      Fluor Submitted False Claims and Made False Statements in Order to Win Award
Fees from the Government. ........................................................................................... 31
   A.     The Claims, Certifications, and Statements ........................................ 32
   B.     Falsity..................................................................................................... 33
   C.     Scienter ................................................................................................. 41
   D.     Materiality.............................................................................................. 42
   E.     Award Fee Damages ............................................................................. 44
II.     Fluor Submitted False Statements in Order to Receive Relief of Responsibility
from the Government ..................................................................................................... 45
   A.     Statements at issue ................................................................................ 46
   B.     Falsity..................................................................................................... 47
   C.     Scienter ................................................................................................. 48
   D.     Materiality.............................................................................................. 49
   E.     Damages ................................................................................................ 50
CONCLUSION.............................................................................................................. 50

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328, (4th Cir. 2023)........................................ 31

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999)........................... 32

*Milla v. Brown*, 109 F.4th 222 (4th Cir. 2024) ............................................................. 31

*United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739 (2023)........................................... 41

*United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472 (4th Cir. 2025)..... 33

*United States v. Family Med. Centers of S.C., LLC,*

No. CV 3:14-382-MBS, 2016 WL 6601017, (D.S.C. Nov. 8, 2016) ........................................... 34

*United States v. Kellogg Brown & Root Servs., Inc.*, 800 F. Supp. 2d 143 (D.D.C. 2011) .......... 33

*United States v. Neifert–White Co.*, 390 U.S. 228 (1968) ............................................................. 32

*United States v. Walgreens*, 78 F.4th 87, 93 (4th Cir. 2023) ...................................................... 42

*United States, Ex Rel, Montcrief v. Peripheral Vascular Assocs., P.A.,*

133 F.4th 395 (5th Cir. 2025) ...................................................................................... 33

*Universal Health Servs., Inc. v. United States ex rel Escobar*, 579 U.S. 176 (2016)............. 32, 34

*Universal Health Servs., Inc. v. United States ex rel Escobar*, 579 U.S. 176 (2016)................... 33

*Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016)................. 34

*Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027 (4th Cir. 2020) ........................................ 31

### Statutes

31 U.S.C. § 3729 ........................................................................................................ passim

## **INTRODUCTION**

This case arises from Fluor's fraud. From 2009–2017, the United States paid Fluor billions of dollars to provide logistical support to Army bases in Northern Afghanistan. In return, Fluor promised the Government that Fluor would do certain things: manage the Government's property, promptly make repairs at the facilities on base, and be a good steward of taxpayer's money despite operating on a cost-plus contract. Fluor did not do what it promised and then lied to the Government about it.

Fluor failed to follow its Government-approved property management system.



Now, it is impossible to review the record in this case and conclude that Fluor was honest with the Government.

Indeed, Fluor pulled the wool over the eyes of the Government. When Government auditors asked Fluor about its property management system, Fluor told the Government everything was great. But in internal audits and unvarnished communications not shared with the Government,

Fluor acknowledged its property management system was deeply flawed.

Relators seek summary judgment on two theories for which the record is undisputed. First, Fluor made false claims and statements to the Government in order to be paid a performance bonus, or "award fee." Fluor told the Government that it deserved these award fees because Fluor had done exceptional work on the project. ████████████████████████

█████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

███████████

Second, Fluor made false statements to maintain Government approval of its property management system. On behalf of the Government, Fluor purchased and managed hundreds of millions of dollars' worth of materials. █████████████████████████

████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████ Critically, throughout that period, the Government regularly audited Fluor to make sure Fluor was adhering to its property management system. ███████████████████████

█████████████████████████████████████

████████████████████ So when Fluor then failed to take the requisite steps to

2

fix the problems it promised to prevent from recurring, Fluor had two choices: come clean, or cover it up. Fluor chose the latter. Fluor engaged in various schemes to conceal its failures and lied to the Government, hiding that it knew there were systemic and recurring failures in its property management system.

Relators' evidence in support of these theories is overwhelming. Much of the relevant evidence comes from the mouths of Fluor's own senior leaders, as reflected in contemporaneous emails, internal audits, and analyses. In addition, more than 20 former Fluor employees have provided declarations confirming the allegations Relators made in their complaint. The evidence leaves no question that Fluor lied to the Government to obtain award fees and be relieved of responsibility for losing the Government's property. Relators respectfully ask this Court to enter summary judgment in their favor on these two theories.

## FACTUAL BACKGROUND[1]

### A.  Overview of LOGCAP Contract



---

[1] Fluor-produced documents are Bates stamped Fluor-SR_000XXXXX. Hereinafter, they will be condensed to "FSR XXXX," with the Bates name shortened and leading zeros removed.
[2] Ex. 1 at FSR 11366725 (signed June 27, 2007) and FSR 11366727; Ex. 2 at DCMA-FLUOR 1695416.
[3] Ex. 3 at FSR 10198390.
[4] Ex. 2 at DCMA-FLUOR 1695444; Ex. 4 at FSR 516296-97.

## B. Fluor's Property Management Requirements

Fluor's TO5 contract incorporates portions of the Federal Acquisition Regulations (FAR).

FAR 52.245-1, known as "the property clause."



---

[5] *See* Ex. 5 at FSR 5224599; Ex. 6 at FSR 11636583.
[6] Ex. 5 at FSR 522602-03 (52.245-1(f)(1)(iii)-(vi)); Ex. 7 at 6-7 (same).
[7] Ex. 5 at FSR 5224604 (52.245-1(f)(3)); Ex. 7 at 3 (52.245-1(b)(4)).
[8] Ex. 8 at FSR 11935921; Ex. 9 at FSR 325494; Ex. 10 at FSR 11306698; Ex. 11 at DCMA-FLUOR 0823803.
[9] Ex. 4 (GPCS); Ex. 12 (MMP).

4



---

[10] Ex. 4 at FSR 516299.

[11] *See, e.g.*, Ex. 13 (████████████████ Ex. 14 (████████████ Ex. 15 (████████ GPCS); Ex. 16, at 2. Ex. 16, at 2. Ex. 16 at 2.

[12] *See* Ex. 5 at FSR 5224604 (52.245-1(h)(1)(iii)); Ex. 7 at 9 (52.245-1(h)(1)(iii)).

[13] *See, e.g.*, Ex. 17 at FSR 6287229; Ex. 18 at DCMA-FLUOR1977025; Ex. 19 at FSR 10009879; Ex. 20 at FSR 5234213 (references for audit include MMP and GPCS).

[14] Ex. 21 at 108:9-17 and 110:22-111:11; Ex. 30 at 49:24-50:9 and 64:1-16; Ex. 27 at 465:22-466:5; Ex. 29 at 148:22-149:19.

[15] Ex. 31 at 158:24-159:9; Ex. 32 at 124:15-126:9; Ex. 33 at 94:23-95:2.

[16] Ex. 34 at 137:9-140:8, 178:24-179:10, and 181:25-182:21.

[17] Ex. 4 at FSR 516300.

[18] Ex. 4 at FSR 516305 and FSR 516299 (emphasis added).



**C. Government's Property Management System Audits**

**D. PMSA Process and ▮▮▮▮▮▮▮"**

---

▮ Ex. 12 at FSR 4491570 and FSR 4491569-72 (emphasis added); *see also* Ex. 4 at FSR 516303-04 (physical verification inventories).
[20] Ex. 4 at FSR 516304; Ex. 12 at FSR 4491573.
[21] *See, e.g.*, Ex. 17 at FSR 6287229; Ex. 18 at DCMA-FLUOR 1977025.
[22] *See* Ex. 21 at 23:4-24:8 (site-specific PMSAs); Ex. 22 (FY2011); Ex. 23 (FY2012); Ex. 24 (FY2013); Ex. 25 (FY2014); Ex. 26 (FY2015).
[23] Ex. 27 at 34:14 - 35:12 (roll-up PMSA process); *see also* Ex. 21 at 24:3 - 25:25 (same).
[24] *See* Ex. 5 at FSR 5224604 (52.245-1(h)(1)(iii)); Ex. 7 at 9.
[25] Ex. 28 at DCMA-FLUOR 2251089; Ex. 29 at 53:16-54:13 and 123:19-125:4; Ex. 30 at 118:17-119:24, 294:6-25 and 427:20-428:16.
[26] *See, e.g.,* Ex. 35 (schedule for FY11 PMSAs).
[27] Ex. 32 at 42:14 - 44:13 (▮▮▮▮▮▮▮▮▮▮ Ex. 36 at FSR 3050607; *see also* Ex. 37 at RELATORS 249758; Ex. 38 at RELATORS 249617-18.
[28] Ex. 36 at FSR 3050613; *see also* Ex. 52 at 5.
[29] Ex. 36 at FSR 3050613.

6



**E. Government's Disclosure Expectations**

[REDACTED]

---

37 Ex. 48 at FSR 557863-69; Ex. 49 at FSR 557871-77; Ex. 50 at FSR 557879-85.
38 Ex. 28.
39 *Id*.; Ex. 5 at FSR 5224604 (52.245-1(h)(1)(iii)); Ex. 7 at 9 (52.245-1(h)(1)(iii)).
40 Ex. 28; Ex. 29 at 124:1-125:4 ([REDACTED]
[REDACTED] and 108:9-20.
Ex. 51 at FSR 63456; Ex. 53.
42 Ex. 51 at FSR 63456; Ex. 54 at FSR 63424.

---

[43] *See* Ex. 55 at FSR 3240846-52; Ex. 56.
[44] Ex. 29 at 145:8-15; Ex. 30 at 264:8-23 and 263:22-264:23.
[45] Ex. 29 at 144:20-145:6; Ex. 30 at 268:18-269:10, 278:23-279:15 and 264:13-23, 270:8-276:18; Ex. 21 at 169:3-19; Ex. 30 at 82:23-83:8.
[46] Ex. 30 at 165:6-12, 203:16-204:10; Ex. 29 at 151:2-152:5.
[47] Ex. 34 at 131:21-25, 138:12-20, and 131:16-25.
[48] *See* Ex. 57 Ex. 31. at 263:13-264:19.
[49] Ex. 58 at FSR 40912.
[50] Ex. 59 at FSR 45003.



51 Ex. 54 at FSR 63423-24.
52 Ex. 60.
53 Ex. 31 at 164:12-165:5, 199:17-21, 234:7-13, 405:17-23, 408:17-23; *see also* Ex. 54 at FSR 63423-24.
54 Ex. 61 at FSR 71117.
55 Ex. 30 (May 2, 2024) at 19:5-10, 140:7-21; Ex. 21 at 192:14-193:12; Ex. 31 at 526:21-527:1.
56 Ex. 66.

10



[57] Ex. 67; Ex. 68.
[58] Ex. 69 at FSR 119862.
*See* Ex. 71; Ex. 72.
Ex. 43 at FSR 557754; Ex. 31 at 164:12-165:5, 199:17-21, 234:7-13; Ex. 32 at 475:1-8
Ex. 73 at FSR 251895-900; Ex. 74 at FSR 6770422-29.
[61] Ex. 75 at FSR 484403.
[62] Ex. 76 at FSR 251626.
[63] Ex. 77 at FSR 11742544; Ex. 78 at FSR 6835348.



64 Ex. 79 at FSR 11767893.
65 Ex. 44.
66 Ex. 80 at FSR 520044.
67 Ex. 81 at FSR 9931624; Ex. 82 at RELATORS 248746-48 (
68 Ex. 83 at FSR 557855; Ex. 31 at 164:12-165:5, 199:17-21, 234:7-13; Ex. 32. at 475:1-8.
69 Ex. 84.
70 Ex. 20 at FSR 5234221-22.

[71] Ex. 20 at FSR 5234240.
[72] Ex. 85 at FSR 565884.
[73] Ex. 86 at FSR 2043630.
[74] Ex. 18; Ex. 31 at 164:12-165:5, 199:17-21, 234:7-13; Ex. 32 at 475:1-8.
[75] Ex. 87.
[76] Ex. 88.

**J. Award Fee Process**

---

[77] Ex. 62 at FSR 178450-51; Ex. 33 at 444:10-445:18; Ex. 177 at 147:9-22.
[78] Ex. 63 at FSR 365958.
[79] Ex. 64 at FSR 358815.
[80] Ex. 65; Ex. 31 at 164:12-165:5, 199:17-21, 234:7-13; Ex. 32 at 475:1-8.
[81] Ex. 42 at DCAA-SR263599.
[82] Ex. 3 clause H-3(c)(2), at FSR 10198653-54. *See also* Ex. 89 at USA 413 ████
████ Ex. 90 at USA 247; Ex. 91 at USA 564;  Ex. 92 at USA 1083.

14

████████████████████████████████████████ █

**Award Fee Determination Process**

████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████ █ █████████████████████████████████████

█████████████████████████████████████ █

████████████████████████████████

██████████████████████████████████
█████████████████████████████████████
████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████ █

██████████████████████████████████ ▬

---

84 Ex. 3 clause H-3(a), at FSR 10198653; Ex. 93 at 15:23-16:18.
85 Ex. 1 clause H-35(b)(2), at FSR 11366759; Ex. 3 clause H-3(b)(2), at FSR 10198653; *see also* Ex. 89 at USA 411.
86 Ex. 1 clause H-35(b)(1)(a), at FSR 11366759; Ex. 3 clause H-3(b)(1)(a), at FSR 10198653; *see also* Ex. 89 at USA Bates 411.
87 Ex. 1 clause H-35(b)(1)(b), at FSR 11366759; Ex. 3 clause H-3(b)(1)(b), at FSR 10198653; Ex. 89 at USA Bates 411.
88 Fluor also had IDIQ Contract Award Fee periods of September 25, 2008–March 31, 2010; April 1, 2010–March 31, 2011; and April 1, 2011–March 31, 2012.
89 *See, e.g.,* Ex. 91 at USA 563-64.



[90] Ex. 89 at USA 417; Ex. 1 clause H-35(d)(2), at FSR 11366760.
[91] Ex. 89 at USA 417-20.
[92] *See, e.g.,* Ex. 94 at FSR 792069-72.
[93] Ex. 89 at USA 418; Ex. 95 at FSR 6934440-41.
[94] *See, e.g.*, Ex. 94 at FSR 792072.
[95] Ex. 89 at USA 419; Ex. 95 at FSR 6934441-42.
[96] Ex. 89 at USA 419-20; Ex. 95 at FSR 6934442.
[97] Ex. 1 clause H-35(a), at FSR 11366759.
[98] Ex. 1 clause H-35(c)(2), at FSR 11366759; Ex. 3 clause H-3(c)(2), at FSR 10198653.



**Fluor's Award Fee Submissions**



99 Ex. 89 at USA 412-13.
100 Ex. 175 at 30.

. *See* Ex. 96 at FSR 12294573-74.

Ex. 1 at FSR 11366761; Ex. 3 at FSR 10198655.
102 *See. e.g.,* Ex. 97; *see also* Ex. 98 at 6-25.
103 Ex. 93 at 23:24-24:7, 25:9-26:2, 95:7-96:1.



### K. Fluor's Lies and Deception During Each Award Fee Period

[104] Ex. 45 at 29:12-25, 78:8-23, 82:8-20; Ex. 174 at 129:24-130:15; Ex. 183 at 87:20-88:7.
[105] *See* Ex. 89 at USA 409; Ex. 93 at 115:25-116:11; Ex. 93 at 114:18-25. *See also* Ex. 99 at USA 1325-51 (DCMA slides) and USA 1257-78 (DCAA slides).
[106] Ex. 93 at 82:10-20.
[107] Ex. 100 at FSR 6817295.



[108] Ex. 101 at FSR 11347461–66.
[109] Ex. 102 at FSR 764942.
[110] Ex. 103 at FSR 62570, 62572-3.
[111] Ex. 104 at FSR 9363734, 936745, and 936750–936754.
[112] Ex. 105 Ex. 106.
[113] Ex. 105 at FSR 10192724-25.
[114] Ex. 100 at FSR 6817295-96.

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

---

[115] Ex. 9 at FSR 3254703-04 and FSR 3254739-40.
[116] Ex. 107 at FSR 10303894.
[117] Ex. 108 at FSR 6757872.
[118] Ex. 105; Ex. 106.
[119] Ex. 106 at FSR 7091056 [REDACTED]
[REDACTED] ).
Ex. 109; Ex. 110.



Ex. 111 ; Ex. 112; Ex. 113.
[122] Ex. 33 at 389:21-391:15 ███████████████████████████ Ex. 31 at 28:7-10.
Ex. 113 at FSR 11640208 (emphasis added).



---

124 Ex. 114; Ex. 115.
125 Ex. 115 at FSR 181289.
126 Ex. 114 at FSR 10181347-8; Ex. 115 at FSR 10181269.
127 Ex. 116 at USA 585; Ex. 117 at RELATORS 1378; Ex. 118 at RELATORS 1389; Ex. 119 at RELATORS 1443.
128 Ex. 120; Ex. 121; Ex. 122.





[129] Ex. 94 at FSR 792069.
[130]
                                    Ex. 4 at FSR 516297.
     Ex. 123 at FSR 6886234.
[132] Ex. 124 at FSR 17392.
[133] Ex. 125 at FSR 110679.
[134] Ex. 126 at FSR 6748103-4.







---

[145] Ex. 139 at USA Bates 961.
[146] Ex. 30 at 266:18- 267:14; Ex. 31 at 370:15-372:1.
[147] Ex. 140 at FSR 11956750-1.
[148] Ex. 141 at FSR 6845717.
███████████ *See* Ex. 142 at FSR 3316978-79, 331698 7-88.
   Ex. 143 at FSR 11007729.
[150] Ex. 144 at FSR 6534803-4.
[151] Ex. 145 at FSR 6533343.



---

[152] Ex. 146 at FSR 777941; Ex. 147 at FSR 777916.
[153] Ex. 148 at FSR 522027-8 ███████████████████████████████

Ex. 149 at FSR 11008400-01; Ex. 143; Ex. 150 at RELATORS 249603; *see supra* pp. 11-12
for the relevant PMSA sections above.
[155] Ex. 151 at RELATORS 190404.
[156] Ex. 152; Ex. 153 ███████████████████████████████████
███████████████████████████████ Ex. 154 at RELATORS 183865; Ex. 155 at RELATORS
193882.
[157] Ex. 137 at 14-18 (expert report of Dr. Gaukler, analyzing Maximo data regarding response
times).





168 Ex. 161 at FSR 3623038.
169 *See supra* at § I
170 Ex. 70 at FSR 5836192.
171 Ex. 162.
172 Ex. 163; Ex. 164; Ex. 165.



[173] Ex. 19 at FSR 10009879.
[174] Ex. 20 at FSR 5234221.
[175] Ex. 166; Ex. 167; Ex. 31 at 199:17-21, 234:7-13.
[176] Ex. 166; Ex. 167.
[177] Ex. 167 at FSR 8213879.
[178] Ex. 167 at FSR 8213878-79.
[179] Ex. 158; Ex. 159.



## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 allows this Court to resolve claims or defenses, or parts thereof, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if "proof of its existence or non-existence would impact the outcome under the applicable law," and a dispute is genuine if "the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328, 342 (4th Cir. 2023) (citations omitted). When making this determination, "the court must construe all reasonable inferences and ambiguities against the movant and in favor of the nonmoving party." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted).

## **ARGUMENT**

### I. **Fluor Submitted False Claims and Made False Statements in Order to Win Award Fees from the Government.**

Section 3729(a)(1)(A) of the FCA imposes liability on someone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval[.]" 31 U.S.C. § 3729 (a)(1)(A) (referred to as "presentment claims"). Liability arises when such claims are

---

[180] Ex. 168.
[181] *See* Ex. 169.
[182] *Id.* at FSR 3583384.

factually false or legally false. Legally false claims are those that expressly or impliedly certify compliance with laws, regulations, or contracts. *See Universal Health Servs., Inc. v. U.S. ex rel Escobar*, 579 U.S. 176, 186–87 (2016).

Section 3729(a)(1)(B) of the FCA imposes liability on someone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim[.]" 31 U.S.C. § 3729(a)(1)(B)) (referred to "false statement claims").

Fluor's submissions to the Award Fee Board constituted both false claims and false statements material to those claims.

### A.  The Claims, Certifications, and Statements

"The phrase 'false or fraudulent claim' in the False Claims Act should be construed broadly." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999). The False Claims Act broadly defines "claim" as any request or demand, whether under a contract or otherwise, for money or property…that is presented to an officer, employee, or agent of the United States." 31 U.S.C. § 3729(b)(2)(A) & (A)(i). Indeed, "any" type of demand for payment constitutes a claim under the Act. *See id.; Harrison*, 176 F.3d at 788 (4th Cir. 1999) (quoting *United States v. Neifert–White Co.*, 390 U.S. 228, 232 (1968) ("The False Claims Act is 'intended to reach all types of fraud, without qualification, that might result in financial loss to the Government. The Court has consistently refused to accept a rigid, restrictive reading.")

In addition, 31 U.S.C. § 3729 (a)(1)(B) imposes liability for false statements material to false claims.

In this case, Fluor made requests for bonus payments to the Award Fee Boards pursuant to the terms set forth in the LOGCAP IV Contract. Therefore, there can be no doubt that Fluor's submissions to the Award Fee Board constituted claims under the Act. For clarity, these claims include each of the self-assessments and presentations to the Award Fee Board for each of the

five AFEB periods from July 2009 through June 2012. *See supra* at § J.

Fluor also made false certifications and statements to the Award Fee Board. To qualify for any award fee, Fluor had to exceed contractual requirements. Therefore, every self-assessment and presentation asking for an award fee is an express, or at least implied, certification that Fluor had *exceeded* the terms of the contract; and its false representations and material omissions were false statements material to a claim for (more) award fees. *See Escobar*, 579 U.S. at 186–87, 190 (2016) ("The False Claims Act encompasses claims that make fraudulent misrepresentations, which include certain misleading omissions.").

### B.  Falsity

Under the False Claims Act, a claim may be either factually or legally false. *See U.S. ex rel Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 491 (4th Cir. 2025); *U.S. ex rel Montcrief v. Peripheral Vascular Assocs., P.A.*, 133 F.4th 395, 403 (5th Cir. 2025) ("The False Claims Act penalizes claims that are factually false or legally false.").

A factually false claim is "untrue on its face." *U.S. v. Kellogg Brown & Root Servs., Inc.*, 800 F. Supp. 2d 143, 154 (D.D.C. 2011). ██████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

Further, Fluor's certifications and statements to the Award Fee Board were legally false, which makes Fluor liable via express and implied certification theories. "An express false certification theory applies when a government payee falsely certifies compliance with a particular statute, regulation or contractual term, where compliance is a prerequisite to payment." *U.S. v. Family Med. Centers of S.C., LLC*, No. CV 3:14-382-MBS, 2016 WL 6601017, 1 (D.S.C. Nov. 8, 2016) (citations omitted). Implied false certification occurs when "a defendant makes representations in submitting a claim but omits its violations of statutory, regulatory, or contractual requirements," such that the claim is "misleading with respect to the goods or services provided." *Escobar*, 579 U.S. at 186–87. "A statement that misleadingly omits critical facts is a fraudulent misrepresentation irrespective of whether the other party has expressly signaled the importance of the qualifying information." *Id.* at 191; *see also U.S. v. Triple Canopy, Inc.*, 857 F.3d 174, 178 (4th Cir. 2017) (quoting *Escobar*, 579 U.S. 191) (Because "anyone reviewing Triple Canopy's invoices 'would probably—but wrongly—conclude that [Triple Canopy] had complied with core [contract] requirements[,]'" falsity was easily satisfied.).

For each period of performance, Fluor made factually false claims, legally false claims, and false statements.

████████████████████████████████████

████████████████████████████████████████████



[183] *See supra* at § K.1; Ex. 108 at FSR 6757872.
[184] Ex. 170 at 149:18-160:23

*See supra* at § K.1.
[186] Ex. 105 at FSR 10192722.
[187] Ex. 100 at FSR 6817296.



[188] Ex. 171 at FSR 10304132.
[189] Ex. 61 at FSR 71117-8.
[190] Ex. 113 at FSR 11640208.



---

[191] Ex. 172 at USA 493.
[192] Ex. 115 at FSR 181289.
[193] *See supra* §K.2.
[194] Ex. 97 at DCMA-FLUOR1444946.
[195] *See supra* §K.3.



---

196 *Id.;* Ex. 97 at DCMA-FLUOR1444946.
197 *See supra* pp. 9-11.
198 *See supra* §K.4.



199 Ex. 33 at 363:19-22 (
Ex. 184 at 278:22-279:11 (
124:21-123:8; Ex. 31 at 253:14-254:8

*See supra* pp. 11–12, 26; §K.4.
201 *Compare supra* pp. 27-28 *with* Ex. 156 (absence of such information); Ex. 157 (same); *see also* Ex. 173 at RELATORS 249622.

39





## C. Scienter

Relators have shown that Fluor had actual knowledge that its claims, certifications, and statements were false. *See U.S. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749–50 (2023) (scienter refers to Defendants' knowledge and subjective beliefs, and can be established through "actual knowledge, deliberate ignorance, or recklessness"). Knowledge is imputed to a corporation from its employees. *See U.S. v. Walgreen Co.*, 711 F. Supp. 3d 601, 611–12 (W.D. Va. 2024) (citing *Schutte*, 598 U.S. at 751) ("the knowledge of an employee . . . can be imputed to the employer when the employee acts for the employer's benefit and within the scope of the employment,"); *U.S. v. UnitedHealthcare of Georgia, Inc.*, 785 F. Supp. 3d 1325, 1343 (M.D. Ga. 2025) ("[A]ll material facts known by [a corporation's] officers and agents . . . working for the corporation's benefit are imputed to the corporation.").

---

[205] *See supra* § L.

41



. *See U.S. v. Journey to Hope, Health and Healing, Inc.*, 728 F. Supp. 3d 251

(D.R.I. 2024) (efforts to cover-up violations supported actual knowledge).

### D.  Materiality

A statement is material under the Act if it has "a natural tendency to influence, or be

capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4);

*see Escobar*, 579 U.S. at 193 ("Under any understanding of the concept, materiality looks to the

effect on the likely or actual behavior of the recipient of the alleged misrepresentation.").

Here, the evidence is indisputable that the self-assessments and presentations to the AFEB

had "a natural tendency to influence, or [were] capable of influencing" the decisionmakers. 31

U.S.C. § 3729(b)(4). "In fact, they *did* influence the decisionmakers." *U.S. v. Walgreens*, 78

F.4th 87, 93 (4th Cir. 2023) (emphasis in original). The AFEB awarded above-average scores

---

[206] Ex. 45 at 152:4-16, 156:5-157:1; Ex. 174 at 83:13-84:10; Ex. 31 at 273:2-15.
[207] Ex. 108 at FSR 6757872.

and award fee payments precisely because of Fluor's representations. Of course, "that's what materiality under the False Claims Act is all about." *Walgreens*, 78 F.4th at 93.



[208] Ex. 93 at 25:20-24, 59:16-60:4, 25:9-24 ████████████████████ 117:3-18, 130:14-18.
[209] Ex. 89 at USA 417; Ex. 1 at FSR 11366760 (clause H-35(d)(2)).
[210] Ex. 93 at 134:16-135:1.
[211] *See supra* at § J; Ex. 93 at 117:3-18 ████████████████ Ex. 175, at 13–15.
████████ *See supra* at § J; Ex. 93 at 117:3-18; Ex. 175, at 10–14.

43



*See Triple Canopy, Inc.*,

857 F.3d at 176 ("Applying the standard, we found Triple Canopy's omissions material for two

reasons: common sense and Triple Canopy's own actions in covering up the noncompliance.

That conclusion perfectly aligns with *Universal Health* [aka *Escobar*].").

### E. Award Fee Damages

---

[213] Ex. 93 at 81:8-17.
[214] *See* Ex. 96 at FSR 12294573-74 (█████████████████████████████)

Ex. 93 at 25:20-24 and 130:14-18.

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████ This is not admissible expert

opinion, as it merely attempts to usurp the Court's gatekeeping role, as Relators will explain in

greater detail in their forthcoming *Daubert* motions.

Regardless, even if Fluor's experts could create a dispute of fact on this issue, it does not

prevent this Court from granting summary judgment as to liability. The parties' dispute about

how much the award fee would have gone down is merely a dispute about damages.[216]

## II. Fluor Submitted False Statements in Order to Receive Relief of Responsibility from the Government

Fluor repeatedly lied to the Government in order to be relieved of responsibility for losing

Government material.



---

[216] As a matter of law, Fluor is also responsible for a penalty for each false claim and false statement. 31 U.S.C. § 3729(a)(1)(G).
[217] *See* Ex. 5 at FSR 5224604 (52.245-1(h)(1)(iii)); Ex. 7 at 9 (same).[217] *See* Ex. 5, at FSR 5224604 (52.245-1(h)(1)(iii)); Ex. 7 at 9 (same).

of property and materials that Fluor lost.

### A. Statements at issue[218]



the

---

[218] Relators do not repeat the legal standards for each False Claims Act element here but instead incorporate the discussion of those standards from the AFEB section above. However, Relators also contend that Fluor's statements in order to obtain relief of responsibility are actionable under 31 U.S.C. § 3729(a)(1)(G), as well, which imposes liability on a person who "knowingly makes, uses or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."
[219] *See supra* pp. 6–7.
[220] Ex. 46 at 7; Ex. 32 at 146:25-147:8.
[221] *See, e.g.,* Ex. 176; Ex. 177 at FSR 6855738 (

[222] Ex. 30 at 145:4-145:14; Ex. 27 at 39:22-42:12; Ex. 29 at 47:4-48:16 and 97:3-98:25; *see also* George Ex. 45 at 37:20-38:2.
[223] *See supra* p. 7; Ex. 32 at 167:15-21.

██████████  ███████████████████████████████████████████

████████████████████████

**B.   Falsity**

In response to the Government's PMSAs, Fluor repeatedly lied to and deliberately hid the

truth from the Government. ████████████████████████████████

██████████████████████████████  ███  ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████  ███



---

██  *See, e.g.,* Ex. 178.

[225] Ex. 179 at 73-74, Appx. D (expert report of Col. Mike Rudolph, and appended chart).

[226] *See, e.g.,* Ex. 180 ████████████████████████

███████████████████████████████████████  Ex.

181 ████

████████████████████████████████████  Ex. 182;

*see also supra* pp. 22-23.

[227] *See supra* pp. 9–10.

████████████████████████████████████

### C.  Scienter

Fluor was well aware that it was lying to the Government. ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

In addition, Fluor's state of mind is revealed by its deliberate attempts to keep the truth

from the Government.



---

[228] Ex. 123 at FSR 6886234.
[229] Ex. 79 at FSR 11767893; *see supra* p. 12.
[230] Ex. 81 at FSR 9931624; *see supra* p.12.
[231] Ex. 70 at FSR 5836192; *see supra* n. 58.
[232] Ex. 62 at FSR 178450-51; *see supra* pp. 13–14.

███████████████████████████████████████████████

### D. Materiality

Fluor's false statements to pass PMSAs were material. ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

The Court can also look to Fluor's own words to find materiality. *U.S. v. Kellogg Brown &
Root Servs., Inc.*, 800 F. Supp. 2d 143, 158–59 (D.D.C. 2011) (citations and quotation marks
omitted) (finding materiality where employees wrote internally that a certain cost or request for
payment "'could be considered unallowable' . . . is precisely the kind of testimony
demonstrating that both parties to the contract understood that payment was conditional on
compliance with the requirement at issue.").

████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████ *See Triple Canopy*, 857

---

[233] Ex. 38 at ¶¶ 2, 4-7; RELATORS 00249757 at ¶¶ 2-4, 8; Ex. 185 at ¶¶ 2, 12-17; Ex. 186 at ¶¶
2, 4-5, 7.
[234] *See* Ex. 21 at 192:10-194:12 ████████████████████████████████████
████████████████████████████ Ex. 30 at 208:16-210:5 ██████████████████████████
██████████ 63456; Ex. 54 at FSR 63424.

F.3d at 179 (finding materiality based on common sense and cover up of noncompliance). ███

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

### E. Damages



**CONCLUSION**

For the reasons herein, Relators respectfully request that this Court enter partial summary judgment for Relators on two of their False Claims Act theories: that Fluor made false claims, false certifications, and false statements to (a) improperly obtain award fee payments from the Task Order 5 Award Fee Evaluation Boards, and (b) improperly obtain relief of responsibility for property losses. There is simply no genuine dispute of fact on these issues.

---

[236] As noted above, Fluor also must pay statutory penalties for each false statement.

Respectfully submitted,

/s/ Richard Harpootlian
Richard Harpootlian

Richard Harpootlian (Fed. ID No. 1730)
Andrew Hand (Fed. ID No. 12176)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

Jonathan Loevy
Michael Kanovitz
Daniel Twetten
Anand Swaminathan
Frank Newell
Anna Dover
Gwen Parker
Heather Sticht
Dominique Gilbert
**LOEVY & LOEVY**
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
anand@loevy.com
*Attorneys for Relators*
*Charles R. Shepherd*
*and Danny V. Rude*

Frank L. Eppes (Fed. ID No. 1003)
EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

*Attorney for Relator Robert Scott*
*Dillard*

51

Judah N. VanSyckel
SALUDA LAW, LLC
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

*Attorney for Relator Rickey Mackey*