**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, And Rickey Mackey<br><br>Plaintiff-Relators,<br><br>v.<br><br>Fluor Corporation, Inc., and Fluor Intercontinental, Inc.,<br><br>Defendants. | Case Number: 6:13-02428-JD<br><br>Honorable Joseph Dawson, III<br><br>JURY TRIAL DEMANDED |

**RELATORS' RESPONSE IN OPPOSITION TO FLUOR'S MIL NO. 1 TO EXCLUDE
EVIDENCE AND TESTIMONY RELATED TO SUICIDE BOMBING**

Jon Loevy
Mike Kanovitz
Daniel Twetten
Anand Swaminathan
Frank Newell
Anna Dover
Gwen Parker
Heather Sticht
Dominique Gilbert
Alexandra Wolfson
Aadi Tolappa
**LOEVY & LOEVY**
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
dan@loevy.com
anand@loevy.com

Frank L. Eppes
**EPPES & PLUMBLEE, PA**
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

Judah N. VanSyckel
**Saluda Law, LLC**
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

Richard Harpootlian
**RICHARD A. HARPOOTLIAN P.A.**
1410 Laurel Street – P.O. Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

**INTRODUCTION**

The problem with Fluor's first motion *in limine* is that Fluor is trying to do two very inconsistent things at the same time.

On the one hand, Fluor badly wants to argue at trial that Relators have no evidence of "mission failure." At many of the depositions, Fluor's counsel has worked to develop the theme that if Relators were correct that Fluor had lost control of the inventory process and could not keep track of the materials, then there surely would have been some evidence that things were not working as they should have. To that end, Fluor and its witnesses repeatedly invoked the purported lack of any evidence at all of mission failure as a primary defense to Relators' claims. According to Fluor, Relators' supposed inability to point to any actual problems caused by its supposed failure to inventory and keep track of the government's property and materials is proof that Fluor's work on LOGCAP IV was actually satisfactory, and that the government was pleased with its performance.

Not an unpersuasive defense, if only it were true. If Fluor does suggest at trial that the jury should place significance on Relators' alleged inability to demonstrate any mission failure, then Fluor cannot legitimately hope to bar Relators from responding with the most obvious example of mission failure of all: during the contract term, a suicide bomber at the Fluor-run Bagram Air Base *managed to obtain a load of materials that Fluor was supposed to be managing,* and assembled a bomb from those materials, materials that the Army later determined were unaccounted for by Fluor. The bomber then used those unaccounted-for materials to kill Fluor's senior manager of property and materials, Jerry Reeves.

This incident, in other words, perfectly illustrates the consequences of failing to properly inventory the materials Fluor was responsible for keeping track of. And it fairly rebuts Fluor's suggestion that if Fluor really was not keeping track of the inventory as Relators' contend, then

1

presumably Relators would have some evidence that something went wrong as a result. This evidence is precisely that.

Fluor cannot have it both ways. Without conceding that the incident is not relevant, Relators would nonetheless agree to bar references to this incident, provided Fluor agrees not to suggest at trial in any manner that: (a) Relators failed to introduce evidence that Fluor's alleged inability to account for the government's property caused any mission failure consequences, or (b) that Relators' contention at trial is surely incorrect because otherwise there would be at least some evidence of mission failure; or (c) that the Army was satisfied with Fluor's overall performance. But if Fluor does intend to make those types of arguments, it cannot hope to bar Relators from introducing this evidence to the contrary.

## I.    Purported Prejudice

Fluor argues that evidence of a suicide bombing is not just prejudicial, but unfairly so. That might be a valid initial reaction in many cases, but the argument fails to withstand scrutiny on the specific facts of this case.

At this trial, Fluor is going to bang on the theme that "fog of war" made its job unusually difficult, precisely because of things like threats of enemy attacks. Moreover, it is not even clear that any inflamed emotions inure to Fluor's detriment: it was a senior Fluor official who was killed, which if anything could invoke sympathy for a company working under challenging war-time conditions. *See* R. 588 at 14 (Fluor's argument that the incident risks arousing jury "sympathy for the victims" – which were actually Fluor employees). Indeed, what is most striking is that Fluor never actually articulates exactly what "prejudice" it is supposedly so concerned about. *See* R. 588 at 1 (arguing that, "[t]his is no more than a thinly veiled attempt to inflame the jury," albeit in ways not explained).

2

So if Fluor cannot articulate any genuine prejudice, why does Fluor so badly want to bar the evidence that it filed a 22-page motion *in limine?* Precisely because the evidence so forcefully and effectively rebuts Fluor's big defense about the absence of any evidence showing mission failure or client dissatisfaction.

## II.     Undeniable Relevance

Evidence of the suicide bombing at Bagram Air Base is plainly relevant to Relators' property-management claims. Fluor's motion contends that the "only" thing this evidence could be relevant to is "Relators' allegation that Fluor mismanaged materials and concealed this fact from the government," and that lack of inventory control and Fluor's resulting over-ordering led to lack of accountability for those materials. R. 588 at 3. Fluor is exactly right. Not only is this evidence directly relevant to those contentions, but those contentions are at the very heart of the case. The relevance could not be more pronounced.

Fluor's suggestion in response that the incident does not actually constitute any evidence of mission failure or bear at all on the adequacy of its performance of the contract depends on a very one-sided view of the facts. More specifically, in trying to persuade this Court that the bombing was totally unrelated to its inventory failures, Fluor improperly asks the Court to draw all inferences and decide all factual disputes in its favor.

Viewed more fairly, the Army's investigative report plainly concluded that the Fluor subcontractor who created this bomb "freely acquire[d] most of the components necessary for the construction of the suicide vest" from Fluor facilities. *See* Exhibit A (Dec. 31, 2016 Memo Army Regulation 15-6 Investigation) at 14, 46. Many components of the bomb apparently came from his Fluor worksite. *Id.* at 46. Others apparently matched items "readily available and unaccounted for in a trash container" nearby, consistent with trial witness testimony that Fluor

would conceal excess inventory by dumping it. *Id.* The Army concluded that Fluor "did not comply with the key contractual requirements," which "contributed to" the bombing. *Id.* at 2-3.

The bombing and the Army's findings are extremely probative because they tend to support Relators' allegations that Fluor, as the Court's summary judgment opinion summarized, "failed to conduct required inventories, failed to disclose audit deficiencies, and submitted misleading information during multiple PMSAs." R. 600 at 31; Fed. R. Evid. 401. Even Fluor admits that the Army's report criticizes Fluor for allowing the bomber to access tools that his job did not require, and that it deemed Fluor's conduct "the primary contributing factor" to the bombing. R. 588 at 6. *See also id.* at 14 (Fluor's admission that the Army's report assigns "the lion's share of the blame to Fluor").

### III.     Fluor Cannot Legitimately Have It Both Ways.

From a balancing perspective, Relators have already pointed out that it is hardly clear why this evidence would cause Fluor any genuine prejudice, much less any unfair prejudice.  On the other side of the equation, unless the Court accepts Fluor's invitation to view the evidence entirely through Fluor's eyes (which it should not) then the bombing definitely (and certainly at least arguably) supports Relators' contentions at trial. The motion should be denied on that ground alone.

More problematically, however, Fluor cannot be permitted to have it both ways. Relators are willing to stay away from the subject by agreement, provided that Fluor does not argue at trial that Relators' supposed failure to prove any alleged "mission failure" helps establish that Fluor was doing its job satisfactorily and/or puts the lie to Relators' argument that Fluor was not managing the inventory well. But if Fluor does start talking about Relators' supposed inability to show any mission failure or Army dissatisfaction, then Relators should not be barred from introducing this evidence of mission failure.

4

In legal terms, any "lack of mission failure" defense would plainly open the door to this example of mission failure. Even if a piece of evidence is inadmissible on its own, "courts may admit such evidence after the opposing party has 'opened the door to its admission.'" *United States v. Birchette,* 908 F.3d 50, 61 (4th Cir. 2018) (citation omitted). The purpose of this "door-opening" doctrine is "fairness and completeness of the information" for the factfinder. *See Schaefer v. Fam. Med. Ctrs. of S.C., LLC,* No. 3:18-CV-02775-MBS, 2019 WL 5901493, at *6 (D.S.C. Apr. 22, 2019) (citation omitted).

## CONCLUSION

For all the reasons above, Relators respectfully request that this Court deny Fluor's motion.

Respectfully submitted,

/s/ Andrew Hand
Richard Harpootlian

Richard Harpootlian (Fed. ID No. 1730)
Andrew Hand (Fed. ID No. 12176)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

Jonathan Loevy
Michael Kanovitz
Daniel Twetten
Anand Swaminathan
Frank Newell
Anna Dover
Gwen Parker
Heather Sticht
Dominique Gilbert
Alexandra Wolfson

5

Aadi Tolappa
**LOEVY & LOEVY**
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
anand@loevy.com
*Attorneys for Relators*
*Charles R. Shepherd*
*and Danny V. Rude*

Frank L. Eppes (Fed. ID No. 1003)
EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

*Attorney for Relator Robert Scott*
*Dillard*

Judah N. VanSyckel
SALUDA LAW, LLC
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

*Attorney for Relator Rickey Mackey*