# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, And Rickey Mackey<br><br>Plaintiff-Relators,<br><br>v.<br><br>Fluor Corporation, Inc., and Fluor Intercontinental, Inc.,<br><br>Defendants. | Case Number: 6:13-02428-JD<br><br>Honorable Joseph Dawson, III<br><br>JURY TRIAL DEMANDED |

## RELATORS' RESPONSE IN OPPOSITION TO FLUOR'S MIL NO. 4 TO PERMIT LEADING QUESTIONS ON CROSS EXAMINATION <u>FOR ALL WITNESSES UNDER RULE 611(c)</u>

Jon Loevy
Mike Kanovitz
Daniel Twetten
Anand Swaminathan
Frank Newell
Anna Dover
Gwen Parker
Heather Sticht
Dominique Gilbert
Alexandra Wolfson
Aadi Tolappa
**LOEVY & LOEVY**
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
dan@loevy.com
anand@loevy.com

Frank L. Eppes
**EPPES & PLUMBLEE, PA**
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

Judah N. VanSyckel
**Saluda Law, LLC**
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

Richard Harpootlian
**RICHARD A. HARPOOTLIAN P.A.**
1410 Laurel Street – P.O. Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

This is a strange motion. Fluor asks the Court to disregard the well-settled rules governing trial examinations and instead break out a new way of doing things. Specifically, Fluor wants the Court to permit Fluor to cross-examine its own witnesses.

What is likely motivating this unusual request is that Fluor has little confidence that its witnesses will be able to tell Fluor's story unless Fluor's counsel can lead them. That is exactly what happened at many of the depositions. After Relators' counsel finished their questioning, Fluor's counsel would walk those witnesses through Fluor's story through a protracted series of leading questions, thereby developing affirmative responses that Fluor then used (unsuccessfully) to try to justify summary judgment.

Fluor has fallen well short of justifying an order allowing that procedure at trial, and its perfunctory justifications fall well short. While Fluor correctly points out that this will be a long trial, the goal of not wasting time would hardly be advanced by allowing Fluor's counsel to give speeches at Fluor's own witnesses, who would then succinctly agree. To state the obvious, there is no net saving of time just because defense counsel is the one doing the talking instead of the witness. And if Fluor's witnesses cannot pull off Fluor's story without counsels' leading-assistance, then the usual rule will shorten the trial, not lengthen it.

To be clear, Relators fully agree with Fluor that either side should be permitted to use cross-examination when calling "a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). Thus, if either side calls witnesses from the other side, cross-examination is the appropriate format, even on direct. *Id.* A witness is "identified with an adverse party" if the witness worked for the adverse party during the events that led to the suit. *See Chonich v. Wayne Cnty. Cmty. Coll.,* 874 F.2d 359, 368 (6th Cir. 1989); *Haney v. Mizell Mem'l Hosp.,* 744 F.2d 1467, 1478 (11th Cir. 1984); *Ellis v. City of Chicago,* 667 F.2d 606, 613

(7th Cir. 1981); *Perkins v. Volkswagon of Am., Inc.,* 596 F.2d 681, 682 (5th Cir. 1979). Thus, courts in this circuit routinely allow a party to ask leading questions during direct examination of the opposing party's former employees and agents called adversely. *Doe by Watson v. Russell Cnty. Sch. Bd.,* No. 1:16CV00045, 2018 WL 1089277, at *1 (W.D. Va. Feb. 28, 2018); *see also United States v. White,* No. 2:23-CV-00001-BO, 2024 WL 2164683, at *6 (E.D.N.C. May 14, 2024).

That does not mean, however, that Fluor should be allowed to cross-examine (and lead) its own witnesses after Relators call them adversely. The right to ask leading questions on what is technically cross-examination under Rule 611(c)(1) "is not absolute." *Morvant v. Constr. Aggregates Corp.,* 570 F.2d 626, 635 n.12 (6th Cir. 1978). When one party calls "a witness identified with [the] adverse party," the "usual practice is reversed." *Alpha Display Paging Inc. v. Motorola Commc'ns & Elecs. Inc.,* 867 F.2d 1168, 1172 (8th Cir. 1989); 1 McCormick on Evid. § 6 (9th Ed. 2025).

Under those circumstances, leading questions then become "appropriate on direct examination but not on cross-examination." *Alpha Display,* 867 F.2d at 1172. That is because "[i]f the witness is friendly to the examiner, there is the same danger of suggestiveness" during cross-examination as there typically would be on direct. *Morvant,* 570 F.2d at 635 n.12. For that reason, courts often "require a party cross-examining a friendly witness to employ non-leading questions." *Ardoin v. J. Ray McDermott & Co.,* 684 F.2d 335, 336 (5th Cir. 1982); *see also, e.g., Haney v. 3M Co.,* No. MJG-12-1396, 2015 WL 4429439, at *5 (D. Md. July 16, 2015); *Stryker Corp. v. XL Ins. Am.,* No. 1:17-cv-66, 2020 WL 13441655, at *3 (W.D. Mich. July 29, 2020); *Cortez v. Lamorak Ins. Co.,* No. 20-2389, 2022 WL 18024464, at *1-2 (E.D. La. Oct. 25, 2022).

2

For example, *United States v. Cameron-Ehlen Grp., Inc.,* No. 13-cv-3003, 2023 WL 36174, at *7 (D. Minn. Jan. 4, 2023), like this case, was brought under the False Claims Act. The plaintiffs sought to ask leading questions to the defendant's "current employees, former employees[,] and independent contractors." *Id.* at *7. The court held that these individuals were categorically "identified with" the defendant, so the plaintiffs could ask them leading questions on direct examination. *Id.* After relators' counsel finished their adverse examination, the court held that the defendant could not ask leading questions to those same witnesses on what was technically "cross-examination," because the "roles of the parties are reversed when a witness identified with an adverse party testifies." *Id.* (cleaned up).

The same result should obtain here. The Court should allow the Relators to ask current and former Fluor employees leading questions on direct, and the Court should prohibit Fluor from doing the same on cross. At bottom, "[t]here is no absolute right of a friendly party to ask leading questions." *Stryker Corp.,* 2020 WL 13441655, at *3. The net result of forbidding a storm of self-serving leading questions will be a much tighter and efficient trial, with the jury instead waiting until closing argument to hear counsels' take on the evidence.

For all the reasons above, Relators respectfully request that this Court deny Fluor's motion.

                                              Respectfully submitted,

                                              /s/ Andrew Hand
                                              Richard Harpootlian

                                              Richard Harpootlian (Fed. ID No. 1730)
                                              Andrew Hand (Fed. ID No. 12176)
                                              RICHARD A. HARPOOTLIAN P.A.
                                              1410 Laurel Street
                                              Post Office Box 1090
                                              Columbia, SC 29202

Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

Jonathan Loevy
Michael Kanovitz
Daniel Twetten
Anand Swaminathan
Frank Newell
Anna Dover
Gwen Parker
Heather Sticht
Dominique Gilbert
Alexandra Wolfson
Aadi Tolappa
**LOEVY & LOEVY**
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
anand@loevy.com
*Attorneys for Relators*
*Charles R. Shepherd*
*and Danny V. Rude*

Frank L. Eppes (Fed. ID No. 1003)
EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

*Attorney for Relator Robert Scott Dillard*

Judah N. VanSyckel
SALUDA LAW, LLC
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

*Attorney for Relator Rickey Mackey*

4