IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES R. SHEPHERD; DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY,<br><br>Plaintiff-Relators,<br><br>v.<br><br>FLUOR CORPORATION; FLUOR INTERCONTINENTAL, INC.,<br><br>Defendants. | Civil Action No. 6:13-cv-02428-JD |

### FLUOR'S CONSENT MOTION TO SEAL

Defendants Fluor Corporation and Fluor Intercontinental, Inc. (collectively, "Fluor"), by and through undersigned counsel, hereby move this Court pursuant to Local Civil Rule 5.03 (D.S.C.) for leave to file a Motion to Strike Potential Jurors for Cause (the "Motion") and to file one exhibit thereto (the "Exhibit") under seal.[1] In support of this motion,[2] Fluor states as follows:

1. On January 14, 2026, the Court released a list of potential jurors along with their responses to the Court's standard Jury Questionnaire (the "Questionnaire"). *See* Dkt. 598.

2. As required by the Court, to obtain access to potential jurors' Questionnaire responses, Fluor filed its Juror Questionnaire & List Request, in which it certified "that the juror

---

[1] As required by Local Civil Rule 5.03(C), the Motion and Exhibit are included the attachment labeled "Confidential Information to Be Submitted to Court in Connection with Motion to Seal."

[2] Pursuant to Local Civil Rule 7.04 (D.S.C.), Fluor is not filing a supporting memorandum because a full explanation of this Motion as set forth in Local Civil Rule 7.05 (D.S.C.) is contained herein, and a supporting memorandum would serve no useful purpose.

questionnaires and lists and the information obtained therefrom are privileged and shall be kept confidential and shall not be shared . . . without written consent of the United States District Court." *See* Dkt. 599.

3. The Motion and Exhibit Fluor seeks to file do not mention the names of potential jurors, but do refer to them by their juror numbers and discuss their responses to the Questionnaire.

4. Out of an abundance of caution, and consistent with the certification quoted above, Fluor requests the Court's consent to file the Motion and Exhibit under seal.

5. Local Civil Rule 5.03(A)(4) requires that Fluor address the factors governing the sealing of documents reflected in controlling case law. The Fourth Circuit held in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000) that "before a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* at 302 (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235–36 (4th Cir. 1984)).

6. Pursuant to Local Civil Rule 5.03(B)(2) (D.S.C.), undersigned counsel certifies that the Motion and Exhibit meet the factors for sealing documents as set out by the Fourth Circuit in *Ashcraft* and *Knight*.

7. As to the first element, public notice of the request to seal and opportunity to object is afforded by virtue of this publicly filed motion and the description of the subject documents.

8. As to the second and third elements, no reasonable alternative exists to sealing the Motion and Exhibit because they contain confidential information from potential jurors' Questionnaire responses.

9.  Pursuant to Local Civil Rule 5.03(B)(1), a non-confidential, descriptive index of the documents is included below:

**Motion**  The Motion requests that the Court strike certain potential jurors over Relators' objections based on their responses to questions included in the Questionnaire. The Motion does not mention the names of potential jurors but does refer to them by their juror numbers and discusses their responses to the Questionnaire.

**Exhibit**  The Exhibit includes a list of the potential jurors to be stricken. The Exhibit does not mention the names of potential jurors but does refer to them by their juror numbers and identifies the responses in the Questionnaire which Fluor contends are disqualifying.

10. Relators' counsel has consented to the relief sought in this motion.

WHEREFORE, Fluor respectfully moves the Court to grant it leave to file under seal the Motion and Exhibit.

[*Signature Page Follows*]

Respectfully Submitted,

*/s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Michael A. Parente (Fed. ID No. 13358)
Maynard Nexsen PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@maynardnexsen.com

Konstantine P. Diamaduros (Fed. ID No. 12368)
Maynard Nexsen PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: (864) 370-2211
Facsimile: (864) 282-1177

Craig D. Margolis (admitted *pro hac vice*)
Tirzah S. Lollar (admitted *pro hac vice*)
Christian D. Sheehan (admitted *pro hac vice*)
Elizabeth A. Carney (admitted *pro hac vice*)
Katelyn M. Deibler (admitted *pro hac vice*)
Elliot S. Rosenwald (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, Northwest
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
craig.margolis@arnoldporter.com

Rachel K. Higgins (admitted *pro hac vice*)
Sahrula Kubie (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

January 20, 2026
Columbia, South Carolina

*Counsel for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*