IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES R. SHEPHERD; DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY, <br><br>  Plaintiffs, <br><br> v. <br><br> FLUOR CORPORATION; FLUOR INTERCONTINENTAL, INC., <br><br>  Defendants. | Civil Action No. 6:13-cv-02428-JD <br> Hon. Joseph Dawson, III |

**FLUOR'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE AND TESTIMONY THAT FLUOR COMMITTED OF FRAUD**

Fluor Corporation and Fluor Intercontinental, Inc. (collectively "Fluor") hereby submits the following Reply Brief in Support of Motion in Limine No. 6, which seeks to exclude any testimony or exhibits which state that Fluor committed "fraud." To be clear, Fluor's request is narrow. Relators' counsel may introduce evidence of alleged wrongdoing and argue that it proves Fluor knowingly submitted "false or fraudulent" claims, but, consistent with *Perkins*' directive, the Court should not admit lay witnesses' use of the legal term "fraud," whether live on the stand or through the admission of past statements. For the reasons set forth in Fluor's moving brief and below, Fluor respectfully request that the Court grant Motion in Limine No. 6.

Relators' argument that Rule 801(d)(2) categorically lets them introduce this evidence is wrong. Evidence can be admissible under one Federal Rule of Evidence but inadmissible under another. That is the case here.

Relators argue that Rule 801(d)(2) renders "[s]tatements by party-opponents [] admissible regardless of whether or not they contain legal conclusions by lay witnesses." Dkt. 627 at 2. As

1

an initial matter, one of the two in-circuit district court case Relators cite for this proposition acknowledges that "[t]he Fourth Circuit has not ruled on whether opposing party statements must comply with the Evidentiary Rules governing lay and expert testimony." *See Scott v. Full House Mktg., Inc.*, No. 1:21-cv-242, 2024 WL 922044, at *12 (M.D.N.C. Mar. 4, 2024). But even if this court were to follow these cases, they stand for the limited proposition that Rule 801(d)(2) supersedes *only* the opinion testimony rule and the requirement that a witness have firsthand knowledge. *See id.*; *CPI Sec. Sys., Inc. v. Vivant Smart Home, Inc.*, 710 F. Supp. 3d 438, 456 (W.D.N.C. 2024); *accord* Fed. R. Evid. 801, advisory committee's notes to proposed rule (Rule 801(d)(2) exception to the normal hearsay prohibitions frees qualifying statements "from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge").

That does not mean that every other rule of evidence falls by the wayside. Indeed, fatal to Relators' argument here is that *Perkins* explained lay statements about whether someone committed "fraud" is simply *not helpful* to the jury (indeed, is affirmatively unhelpful) and will *waste time*, thereby rendering it inadmissible under Rule 701, 704, and 403. *United States v. Perkins*, 470 F.3d 150, 157–58 (4th Cir. 2006).[1] Therefore, while a Fluor employee's reference to "fraud" in a contemporaneous document might satisfy Rule 801(d)(2), it does not overcome Rules 701, 704, and 403's separate barriers to admission. *See* Fed. R. Evid. 701 (requiring lay testimony to be "helpful to clearly understanding the witness's testimony or to determining a fact in issue").[2]

Relators' characterization of Bradley Hamm's Sametime chat messages demonstrates the danger in admitting this evidence. Despite Mr. Hamm's sworn testimony that he was not referring

---

[1] Relators' statement that "fraud" has a common, lay meaning that is distinct from its legal definition, Dkt. 627 at 4, cannot be reconciled with *Perkins*.

[2] Relators argue that "Rule 701 expressly permits lay testimony relating to a defendant's hypothetical mental state." Dkt. 627 at 6. That is correct, but again, not sufficient here to admit Relators' evidence. They must also demonstrate that the testimony will be helpful to the jury.

fraud against the government, Relators offer the messages as "smoking gun" evidence that Fluor employees have admitted the company committed fraud. This will be highly confusing to the jury, which at the close of trial will be asked to determine for itself whether Fluor knowingly submitted false or fraudulent claims, but using an entirely different definition.[3] It is for this reason that the Fourth Circuit concluded in *Perkins* that the term "fraud" has such "considerable legal baggage" that its use "nearly always invades the province of the jury." *Perkins*, 470 F.3d at 158.

Moreover, this Court should "consider[] whether the [Relators] ha[ve] other, less prejudicial, means of proof to establish the points [they] want[] to make through the [email]." *United States v. Lentz*, 58 F. App'x 961, 965 (4th Cir. 2003) (citing *United States v. Lachman*, 48 F.3d 586, 593 (1st Cir. 1995) ("In applying Rule 403, it is plainly pertinent to consider whether a litigant has some alternative way to establish a fact that involves no (or at least a lesser) risk of prejudice.")). Here, as to relates to documentary evidence, Fluor is seeking to redact three words in an exhibit. Relators remain free to question Mr. Hamm about the underlying facts and to use any of the other 2,000 exhibits for which Fluor has not requested any redactions (assuming those exhibits are independently admissible).[4] After all, Relators asserted on summary that their "evidence . . . is overwhelming." Dkt. 509 at 3. Surely, then, the redaction of three words in a single exhibit will not unfairly prejudice them. What it will do is ensure that confusing, legally

---

[3] Relators note that Fluor's "own proposed jury instructions reference the word fraud." Dkt. 627 at 7. That is precisely the point. "Fraud" is a legal concept on which the Court will instruct the jury; it will be misleading and confusing for the jury to hear witnesses characterize conduct as "fraud" based on their own personal, subjective understanding of the term.

[4] PX1569 includes a reference to "fraudulent activity," which would need to be redacted before it is introduced to the jury. However, Fluor has objected to the admission of this document on numerous other grounds and believes it is inadmissible outright.

3

charged language that, given Mr. Hamm's explanation, carries minimal probative value is not paraded before the jury as an admission by Fluor that it violated the False Claims Act.

At a minimum, even if the Court were to permit Relators to introduce Mr. Hamm's Sametime message, it should preclude witnesses from using the term "fraud" in their testimony. Relators do not appear to disagree on this point, acknowledging that the Court might "ask witnesses prospectively to use different phrasing when giving new testimony on the stand." Dkt. 627 at 3.

Finally, Relators' arguments about alleged waiver of objections under Federal Rules of Civil Procedure 32(d)(3)(B) are another sideshow. Citing to Jeffrey Nix's deposition as an example, Relators argue that "[i]t would be profoundly unfair to Relators (and a disservice to the jury) for the Court to exclude a multiple of pages of deposition transcripts because of testimony to which Fluor did not timely object[]." *Id.* at 6. But neither party designated any portion of Mr. Nix's deposition testimony for use at trial. Therefore, the only reason it would be used is for impeachment. The same is true for any other deposition testimony in which witnesses labeled conduct "fraudulent." The only reason that particular deposition testimony could be used to impeach him is if he was asked about "fraud" while on the stand.[5] As noted above, no witness should be permitted to give that testimony.

## CONCLUSION

For the reasons stated above, Fluor respectfully requests that the Court exclude all evidence, documentary or testimonial, using the terms "fraud," "fraudulent," or similar in describing conduct by Fluor employees from trial in this matter.

*[signature page follows]*

---

[5] The only deposition testimony Relators designated is that of Fluor's 30(b)(6) witness. None of that testimony would run afoul of the ruling Fluor is requesting regarding use of the word "fraud."

Respectfully submitted,

*/s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Michael A. Parente (Fed. ID No. 13358)
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@maynardnexsen.com

Konstantine P. Diamaduros (Fed. ID No. 12368)
MAYNARD NEXSEN PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: (864) 370-2211
Facsimile: (864) 282-1177
KDiamaduros@maynardnexsen.com

Craig D. Margolis (admitted *pro hac vice*)
Tirzah S. Lollar (admitted *pro hac vice*)
Christian D. Sheehan (admitted *pro hac vice*)
Elizabeth A. Carney (admitted *pro hac vice*)
Katelyn M. Deibler (admitted *pro hac vice*)
Elliot S. Rosenwald (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, Northwest Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
craig.margolis@arnoldporter.com

Rachel K. Higgins (admitted *pro hac vice*)
Sahrula Kubie (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

January 22, 2026
Columbia, South Carolina

*Counsel for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*