# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHARLES R. SHEPHERD and DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY,<br><br>Plaintiff-Relators,<br><br>v.<br><br>FLUOR CORPORATION, INC., FLUOR INTERCONTINENTAL, INC.,<br><br>Defendants. | CASE NO.: 6:13-cv-02428-JD<br><br>**ORDER AND OPINION ON DEFENDANT'S MOTIONS IN LIMINE** |

This is a False Claims Act ("FCA") case. Before the Court are several motions in limine filed by Defendants Fluor Corporation, Inc., and Fluor Intercontinental, Inc. (collectively, "Fluor"). (DE 588, 589, 590, 591, 592, 593, 594, and 595). The motions seek advance rulings on the admissibility and scope of various categories of evidence and testimony anticipated at trial. Relators oppose the requested exclusions, contending that many of Fluor's motions are overly broad, premature, or dependent on trial context. (DE 615, 622, 623, 624, 625, 626, 627, and 628.) Fluor has filed replies. (DE 639, 641, 642, 643, 644, 646, and 647.)

After reviewing these materials and applying the relevant standards for motions in limine, the Court grants the motions in part and denies them in part for the reasons stated below.

## I.     BACKGROUND

A.     **Factual Background**

This action arises under the FCA and concerns Fluor's performance of logistics and life-support services for the United States military in Afghanistan under the Logistics Civil Augmentation Program IV ("LOGCAP IV"), a multiple-award, indefinite-delivery/indefinite-quantity contract administered by the United States Army. At issue in this case is Task Order 0005 ("TO5"), a cost-reimbursable, award-fee task order under which Fluor provided base operations and support services at numerous locations in Afghanistan.

As a cost-plus-award-fee contract, TO5 permitted Fluor to recover allowable costs and earn additional compensation based on periodic evaluations of its performance. Those evaluations were conducted through an award-fee process that considered multiple aspects of performance, including technical execution, management, and compliance with contractual requirements. Fluor's performance under TO5 was also subject to oversight by various Government entities, including the Defense Contract Management Agency ("DCMA"), which conducted Property Management System Analyses ("PMSAs") to assess Fluor's property-management systems at a system level.

Relators allege that during the performance of TO5, Fluor knowingly failed to disclose material deficiencies in its property and materials management practices, submitted false or misleading information to the Government in connection with award-fee determinations, and improperly billed the Government. Relators further allege that Fluor retaliated against certain employees who raised concerns regarding

these practices. Fluor denies these allegations and contends, among other things, that the Government was aware of performance challenges, oversight mechanisms functioned as intended, and Fluor's conduct did not violate the FCA.

**B.     Procedural Background**

This matter proceeds to trial following extensive discovery and motion practice. The Court has denied Defendants' motions for summary judgment and has issued multiple pretrial rulings addressing the admissibility and scope of expert testimony and other evidentiary matters.

As the trial approached, Defendants filed a series of motions in limine seeking advance rulings on the admissibility of certain evidence and anticipated arguments.[1] The motions presently before the Court are:

1. Defendants' MIL No. 1 to Exclude Evidence and Testimony Related to the November 12, 2016, Suicide Bombing at Bagram Airfield (DE 588);

2. Defendants' MIL No. 2 to Preclude the Introduction of Other Alleged Acts of Retaliation (DE 589);

3. Defendants' MIL No. 3 Regarding the Size of the Jury (DE 590);

4. Defendants' MIL No. 4 to Permit Leading Questions on Cross-Examination For All Witnesses under Rule 611(c) (DE 591);

5. Defendants' MIL No. 5 to Permit Testimony and Argument Concerning Relators' and Former Relator Jeffrey Nix's Potential Financial Recovery (DE 592);

6. Defendants' MIL No. 6 to Exclude Evidence and Testimony Characterizing Fluor's Conduct as Fraud (DE 593);

7. Defendants' MIL No. 7 to Exclude Evidence and Argument Concerning Suspension, Debarment, and the LOGCAP V Contract Award (DE 594); and

---

[1] For brevity, the Court will hereafter refer to each motion in limine as "MIL."

3

8. Defendants' MIL No. 8 to Exclude Evidence and Testimony Concerning a December 30, 2015, Recording and a February 17, 2013, Email (DE 595).

Relators have filed responses opposing each motion, and Fluor has filed replies. Jury selection has been completed, and the Court has seated a jury of ten jurors in light of the anticipated length and complexity of the trial. The motions are fully briefed and ripe for disposition.

## II.  LEGAL STANDARD

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is to allow a court to rule on *evidentiary* issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014) (emphasis added). When ruling on a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n. 2 (4th Cir. 1984)).

However, a motion in limine "should be granted only when the evidence is clearly inadmissible *on all potential grounds.*" *Verges*, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *3; *see also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 U.S. Dist. LEXIS 13342, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018) (emphasis added). Courts routinely deny motions in limine that seek to exclude broad categories of evidence or that lack specificity. *United States ex rel. Lutz v. BlueWave Healthcare Consultants, Inc.*, No. 9:11-CV-1593-RMG, 2017 WL 11621327, at *1 (D.S.C. Nov. 16,

4

2017). In addition, broad pretrial evidentiary rulings may "seriously prejudice[] [a party's] ability to present its case," and courts are often wise to await the unfolding of evidence. *E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 F. App'x 710, 715 (4th Cir. 2014) (per curiam).

### III.    DISCUSSION

#### A.    Preliminary Matters

Fluor's motions in limine seek advance rulings on the admissibility and scope of certain evidence and argument anticipated at trial. Applying the standards set forth above, the Court addresses each motion mindful of the limited and context-dependent role of motions in limine and the need to preserve appropriate flexibility in the management of trial.

Before turning to the merits, the Court addresses two threshold matters. First, Fluor's Motion in Limine No. 3, which concerns the size of the jury (DE 590), is moot. Jury selection has been completed, and the Court has seated a jury of ten jurors in light of the anticipated length and complexity of this case. No further ruling on that motion is required.

Second, several of the remaining motions seek rulings that depend materially on trial context, including the purpose for which evidence is offered and the foundation established at trial. To the extent admissibility turns on such considerations, the Court declines to issue categorical pretrial rulings and instead will address objections as the evidence is presented.

With these considerations in mind, the Court addresses Fluor's remaining motions in turn.

5

### B.     Remaining MILs

#### 1.     MIL No. 1 – Evidence and Testimony Related to the November 2016 Suicide Bombing at Bagram Airfield

Fluor's MIL No. 1 (DE 588) seeks to exclude all evidence, testimony, and argument relating to the November 2016 suicide bombing at Bagram Airfield. Fluor contends that the incident is irrelevant to Relators' claims, any probative value is substantially outweighed by the danger of unfair prejudice and jury confusion, and litigating the circumstances of the bombing would result in a collateral "trial within a trial."

The Court has previously addressed the admissibility of evidence relating to the suicide bombing in the context of expert testimony. In its rulings on Relators' experts, the Court excluded expert opinions concerning the bombing and its causes, concluding that such testimony posed a substantial risk of unfair prejudice, confusion of the issues, and speculation regarding matters beyond the proper scope of expert evidence. (*See* DE 603; DE 606.) Those rulings remain in effect and foreclose the presentation of expert testimony or opinions attributing causation, responsibility, or operational failure in connection with the bombing.

Fluor's present motion, however, seeks a broader remedy—categorical exclusion of all evidence and testimony referencing the incident, including any non-expert factual evidence. At this stage, the Court declines to impose such a sweeping prohibition. Whether non-expert evidence relating to the incident is relevant, and whether its probative value is substantially outweighed by the danger of unfair

6

prejudice, depends on the purpose for which the evidence is offered and the context in which it is presented at trial. Those determinations cannot be made in the abstract.

The Fourth Circuit has cautioned against wholesale pretrial exclusion of potentially relevant evidence where admissibility turns on context and factual development, explaining that "a court is often wise to await the unfolding of evidence before the jury before undertaking to make definitive rulings on the likely probative value of disputed evidence." *E.I. DuPont De Nemours & Co.*, 564 F. App'x at 715. Relatedly, where evidence is probative, the balance under Rule 403 "should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (internal quotation marks omitted). The Fourth Circuit has recently reaffirmed that Rule 403 is a rule of inclusion and that district courts retain broad discretion to admit probative evidence where concerns about prejudice or confusion can be addressed through context, limiting instructions, and trial management rather than categorical exclusion. *United States v. Mosby*, 143 F.4th 264, 278-79 (4th Cir. 2025).

Consistent with the Court's prior rulings and the governing standards for motions in limine, the Court will not issue a blanket pretrial exclusion where admissibility turns on context, foundation, and use. Should Relators seek to introduce non-expert evidence concerning the incident, Fluor may renew its objections at trial, at which time the Court will assess admissibility based on the evidence presented and the purposes for which it is offered.

Accordingly, Defendants' MIL No. 1 (DE 588) is **DENIED WITHOUT PREJUDICE**.

2. **MIL No. 2 – Evidence of Other Alleged Acts of Retaliation**

Fluor's MIL No. 2 (DE 589) seeks to exclude evidence, testimony, and argument concerning alleged acts of retaliation other than those specifically pleaded by Relators. Fluor argues that such evidence is irrelevant, constitutes impermissible propensity evidence, and would unfairly prejudice the jury by inviting it to infer liability based on alleged conduct toward other employees.

Relators respond that evidence of other retaliatory acts is admissible for non-propensity purposes, including to show intent, knowledge, motive, absence of mistake, and to rebut anticipated defenses that challenged employment actions were isolated, benign, or unrelated to protected activity. Relators further contend that Fluor's motion seeks an overbroad, categorical exclusion untethered from the purposes for which the evidence may be offered at trial.

The Court agrees that Rule 404(b) does not permit evidence of other acts offered solely to show character or a propensity to retaliate. At the same time, Rule 404(b) is a rule of inclusion, not exclusion. It permits the admission of other-acts evidence for legitimate, non-propensity purposes where relevance and admissibility are established through context and foundation. Whether particular evidence of other alleged acts of retaliation is admissible therefore depends on how the evidence is offered, the similarity and temporal relationship of the conduct, and the purpose for which it is introduced.

At this stage, the Court declines to issue a blanket pretrial ruling excluding all evidence of other alleged retaliatory acts. As the Fourth Circuit has cautioned, categorical exclusion of potentially probative evidence at the motion-in-limine stage risks improperly foreclosing a party's ability to present its case, particularly where admissibility turns on factual development at trial. *See E.I. DuPont De Nemours & Co.*, 564 F. App'x at 715. Moreover, where evidence bears on intent or motive, and is probative of a disputed issue, Rule 403 balancing is generally better conducted in context, with probative value assessed in light of the evidence actually presented. *See United States v. Miller*, 61 F.4th at 429.

This ruling does not authorize the admission of other-acts evidence for impermissible propensity purposes, nor does it foreclose targeted objections at trial. Fluor may object to specific evidence on Rule 401, 403, or 404(b) grounds as it is offered, and the Court will assess admissibility based on the particular evidence, the proffered purpose, and the context in which it is introduced.

Accordingly, Defendants' MIL No. 2 (DE 589) is **DENIED WITHOUT PREJUDICE**.

### 3. MIL No. 4 – Use of Leading Questions on Examination of Witnesses

Fluor's MIL No. 4 (DE 591) requests a pretrial ruling permitting the use of leading questions on cross-examination of all witnesses and, more broadly, seeks guidance on the use of leading questions when examining former Fluor employees. Fluor contends that permitting leading questions will promote efficiency in a complex

trial and assist in eliciting testimony from witnesses who may be aligned with Relators or adverse to Fluor's interests.

Relators oppose a blanket ruling, arguing that Federal Rule of Evidence 611(c) already governs the use of leading questions and that determinations regarding witness hostility or alignment are best made on a witness-by-witness basis at trial.

Rule 611(c) provides that leading questions should not be used on direct examination except as necessary to develop the witness's testimony, while ordinarily permitting leading questions on cross-examination. The Rule further affords the Court discretion to permit leading questions when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party. Whether a particular witness qualifies for such treatment depends on the circumstances of the examination and the witness's relationship to the parties and issues.

At this stage, the Court declines to issue a categorical pretrial ruling authorizing or prohibiting the use of leading questions with respect to any class of witnesses. As with other matters of trial management, determinations under Rule 611(c) are inherently context-dependent and are best made as the presentation of evidence unfolds. The Court will evaluate requests to use leading questions on a witness-by-witness basis, guided by Rule 611(c) and the interests of fairness, efficiency, and clarity for the jury.

This ruling does not limit Fluor's ability to employ the Federal Rules of Evidence in examining witnesses, including the use of writings to refresh recollection

under Rule 612 or the introduction of recorded recollections under Rule 803(5), where appropriate.

Accordingly, Defendants' MIL No. 4 (DE 591) is **DENIED**, without prejudice to appropriate requests made during trial.

### 4.   MIL No. 5 – Evidence of Relators' Financial Interest and the Government's Decision Not to Intervene

Fluor's MIL No. 5 (DE 592) seeks to permit evidence and argument concerning Relators' and former Relator Jeffrey Nix's potential financial recovery in this action and, in certain circumstances, evidence that the Department of Justice declined to intervene. Fluor contends that such evidence is relevant to bias and credibility and necessary to avoid misleading the jury should Relators reference the Government's investigation or oversight.

Relators do not dispute that their potential financial recovery is relevant to bias and may be explored for impeachment purposes. They object, however, to the introduction of evidence or argument concerning the Government's declination decision, arguing that such evidence is minimally probative, risks confusing the jury, and would require collateral explanation of FCA procedures unrelated to the issues the jury must decide.

The Court agrees that evidence of Relators' potential financial interest in the outcome of this litigation is admissible for purposes of impeachment and assessing credibility. Such evidence bears directly on potential bias and is routinely permitted in FCA cases. No categorical exclusion is warranted as to that portion of the motion.

11

The Court reaches a different conclusion, at least at this stage, with respect to evidence of the Government's decision not to intervene. Standing alone, a declination decision is of limited probative value. It carries a substantial risk of confusing or misleading the jury, particularly given the many reasons the Government may decline intervention that have no bearing on the merits of the claims. *See United States ex rel. Berge v. Bd. Of Trustees*, 104 F.3d 1453, 1458 (4th Cir. 1997) ("the plain language of the [FCA] clearly anticipates that even after the Attorney General has 'diligently' investigated a violation [of the FCA], the Government will not necessarily pursue all meritorious claims."). Absent additional context, such evidence risks inviting the jury to draw improper inferences regarding the strength or weakness of the case.

At the same time, the Court declines to issue a blanket pretrial prohibition. If Relators affirmatively introduce evidence or argument suggesting that the Government's investigation supports their claims, that the Government "approved" the case, or that the absence of intervention reflects Government endorsement of their allegations, fairness may require permitting Fluor to place that evidence in context, including by reference to the Government's decision not to intervene. Whether such evidence becomes admissible, therefore, depends on how the issues are framed at trial.

Consistent with the Fourth Circuit's guidance cautioning against wholesale pretrial exclusion where admissibility turns on context, the Court will address the

12

issue, if necessary, in the course of trial. *See E.I. DuPont De Nemours & Co.*, 564 F. App'x at 715. Targeted objections may be raised if the issue arises.

Accordingly, Defendants' MIL No. 5 (DE 592) is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

### 5. MIL No. 6 – Evidence and Testimony Characterizing Fluor's Conduct as "Fraud"

Fluor's MIL No. 6 (DE 593) seeks to exclude evidence, testimony, and argument referring to Fluor's conduct as "fraud" or "fraudulent." Fluor contends that such terminology constitutes an impermissible legal conclusion reserved for the jury, risks confusing the issues, and carries a substantial danger of unfair prejudice.

Relators respond that they do not seek to elicit expert opinions or lay testimony offering legal conclusions on ultimate issues. Rather, they contend that certain documents and testimony—including statements by Fluor employees—use the term "fraud" in a colloquial or descriptive sense and are admissible as party-opponent admissions under Rule 801(d)(2). Relators further argue that a categorical exclusion would improperly sanitize contemporaneous evidence and impede the jury's evaluation of Fluor's knowledge and state of mind.

The Court agrees that witnesses—particularly experts—may not offer legal conclusions that Fluor committed "fraud" under the False Claims Act. Determinations as to whether conduct satisfies the legal elements of fraud are reserved for the jury and must be guided by the Court's instructions on the law. To that extent, Fluor's motion is well taken.

13

At the same time, the Court declines to impose a blanket pretrial exclusion on all evidence or testimony using the word "fraud." Statements made by Fluor employees or agents, when offered as evidence of knowledge, intent, or contemporaneous understanding, may be admissible as party-opponent admissions under Rule 801(d)(2), even if they employ evaluative or colloquial language. Whether such evidence is admissible depends on context, purpose, and foundation, including whether the term is used descriptively rather than as an assertion of a legal conclusion.

The Fourth Circuit has cautioned against wholesale pretrial exclusion of relevant evidence where admissibility turns on context and use, particularly where such exclusion risks impairing a party's ability to present its case. *See E.I. DuPont De Nemours & Co.*, 564 F. App'x at 715. Moreover, where evidence is probative of disputed issues such as knowledge or intent, Rule 403 balancing is generally better conducted in the context of trial. *See United States v. Miller*, 61 F.4th at 429.

Accordingly, the Court will not issue a categorical pretrial exclusion of all references to "fraud." This ruling does not permit expert testimony or argument opining that Fluor committed fraud as a matter of law, nor does it authorize witnesses to instruct the jury on the law. Fluor may raise targeted objections at trial to specific testimony or exhibits on the grounds that they constitute improper legal conclusions or otherwise fail to meet the requirements of the Federal Rules of Evidence.

Defendants' MIL No. 6 (DE 593) is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

### 6. MIL No. 7 – Evidence Concerning Suspension, Debarment, and the LOGCAP V Contract Award

Fluor's MIL No. 7 (DE 594) seeks to exclude evidence, testimony, and argument concerning (1) whether Fluor should have been suspended or debarred from government contracting, and (2) Fluor's receipt of work under the successor LOGCAP V contract. Fluor contends that such evidence is irrelevant to the claims at issue, risks confusing the jury, and would invite improper speculation regarding government decision-making unrelated to LOGCAP IV.

Relators respond that they do not seek to litigate whether Fluor should have been suspended or debarred, nor to offer expert opinions on government contracting decisions. Rather, Relators contend that evidence concerning Fluor's awareness of potential suspension or debarment, and evidence offered to rebut anticipated arguments that the Government was satisfied with Fluor's performance, is relevant to issues of knowledge, motive, and materiality. Relators further argue that evidence relating to LOGCAP V may become relevant depending on the defenses advanced at trial.

The Court agrees that evidence or argument inviting the jury to decide whether Fluor should have been suspended or debarred, or to speculate as to why the Government awarded LOGCAP V, would raise substantial relevance and Rule 403 concerns. Such determinations are committed to the Government's discretion and are not issues for the jury. To that extent, Fluor's concerns are well taken.

At the same time, Fluor's motion seeks a categorical exclusion of all evidence touching on these subjects, regardless of purpose or context. The Court declines to

impose such a blanket prohibition. As the Fourth Circuit has explained, wholesale pretrial exclusion of potentially probative evidence may "seriously prejudice[] [a party's] ability to present its case," particularly where admissibility depends on how the evidence is used at trial. *E.I. DuPont De Nemours & Co.*, 564 F. App'x at 715. Evidence offered to show a defendant's knowledge, state of mind, or motive—rather than to invite the jury to second-guess government contracting decisions—may be admissible depending on the foundation laid and the arguments advanced.

Moreover, where evidence is probative of a disputed issue, Rule 403 balancing is generally better conducted in the context of trial, with the evidence presented and its purpose clearly defined. *See United States v. Miller*, 61 F.4th at 429. Whether references to suspension, debarment, or LOGCAP V are admissible will, therefore, depend on the purpose for which the evidence is offered and whether it risks misleading the jury or diverting attention to collateral matters.

Accordingly, the Court will not issue a categorical pretrial exclusion. This ruling does not permit expert testimony or argument opining on whether Fluor should have been suspended or debarred, nor does it authorize speculative argument regarding the Government's reasons for awarding LOGCAP V. Fluor may raise targeted objections at trial to specific evidence or argument, and the Court will address admissibility in context.

Defendants' MIL No. 7 (DE 594) is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

### 7.  MIL No. 8 – December 30, 2015, Recording and February 13, 2013, Email

Fluor's MIL No. 8 (DE 595) seeks to exclude evidence, testimony, and argument concerning a December 30, 2015, recording involving Paul Gentry and a February 13, 2013, email written by Jarrold Reeves. Fluor contends that the evidence is minimally probative, unfairly prejudicial, and misleading, particularly because Mr. Gentry is deceased and unavailable for cross-examination. Fluor further argues that admission of the recording and email would invite speculation and require extensive collateral explanation.

Relators respond that the recording and email constitute party-opponent admissions under Rule 801(d)(2) and are probative of their theories concerning staffing, cost representations, and Fluor's contemporaneous understanding of its contractual obligations. Relators further contend that the unavailability of the declarants does not render the evidence inadmissible and that any Rule 403 concerns can be addressed through limiting instructions and trial management.

The Court agrees that the December 2015 recording and the February 2013 email may constitute statements of a party opponent and are, therefore, not hearsay under Rule 801(d)(2). The unavailability of a declarant, standing alone, does not bar admission of such evidence. Rather, the admissibility of the evidence turns on relevance, proper foundation, and whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

At the same time, the Court is mindful of Fluor's concerns regarding the manner in which this evidence may be used. The recording and email may not be presented in a way that invites the jury to speculate beyond the content of the statements, draw unsupported inferences regarding intent or policy, or treat the statements as conclusive proof of disputed facts without appropriate context. The probative value and potential prejudice of the evidence will depend materially on how it is introduced, explained, and connected to other proof at trial.

Consistent with the Fourth Circuit's guidance cautioning against wholesale pretrial exclusion of potentially probative evidence where admissibility depends on context, the Court declines to impose a categorical pretrial bar. *See E.I. DuPont De Nemours & Co.*, 564 F. App'x at 715. Moreover, where evidence is probative, Rule 403 balancing is generally better conducted in the context of trial, with probative value assessed in light of the evidence actually presented. *See United States v. Miller*, 61 F.4th at 429.

Accordingly, the Court will permit Relators to seek admission of the recording and email, subject to proper foundation and appropriate limitations at trial. Fluor may raise targeted objections to specific uses of the evidence, and the Court will address admissibility and scope in context, including through limiting instructions as necessary.

Defendants' MIL No. 8 (DE 595) is **DENIED WITHOUT PREJUDICE**.

## IV.    CONCLUSION

For the reasons above, it is hereby **ORDERED** that Defendants' Motions in Limine are resolved as follows:

1. Defendants' Motion in Limine No. 1 to Exclude Evidence and Testimony Related to the November 2016 Suicide Bombing at Bagram Airfield (DE 588) is **DENIED WITHOUT PREJUDICE**;

2. Defendants' Motion in Limine No. 2 to Preclude the Introduction of Other Alleged Acts of Retaliation (DE 589) is **DENIED WITHOUT PREJUDICE**;

3. Defendants' Motion in Limine No. 3 Regarding the Size of the Jury (DE 590) is **DENIED AS MOOT**;

4. Defendants' Motion in Limine No. 4 to Permit Leading Questions on Examination of Witnesses (DE 591) is **DENIED**, without prejudice to appropriate requests made during trial;

5. Defendants' Motion in Limine No. 5 Concerning Evidence of Relators' Financial Interest and the Government's Decision Not to Intervene (DE 592) is **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order;

6. Defendants' Motion in Limine No. 6 to Exclude Evidence and Testimony Characterizing Fluor's Conduct as Fraud (DE 593) is **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order;

7. Defendants' Motion in Limine No. 7 to Exclude Evidence and Argument Concerning Suspension, Debarment, and the LOGCAP V Contract Award (DE 594) is **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order; and

8. Defendants' Motion in Limine No. 8 to Exclude Evidence and Testimony Concerning a December 30, 2015, Recording and a February 13, 2013, Email (DE 595) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

                                                Joseph Dawson, III
                                                United States District Judge

Greenville, South Carolina
January 23, 2026