**Via Email**                                                    January 26, 2026

Ms. Holly Bryant
Director, Civil Law and Litigation
U.S. Army Legal Services Agency
9275 Gunston Road
Fort Belvoir, VA 22060-5546
Holly.k.bryant4.civ@army.mil

> **Re:**    **Request for Official Information Related to:**
> **(1)** *Hencely v. Fluor Corporation, Inc., et al.,* **Case No. 6:19-cv-00489-BHH (D.S.C.)**
> **(2)** *United States of America, ex rel. Shepherd, et al. v. Fluor Corporation, Inc., et al.*, **Case No. 6:13-CV-02428-JD (D.S.C.)**

Dear Ms. Bryant:

On behalf of our client, Fluor Corporation, Inc. ("Fluor"), and in accordance with DoD Directive 5405.2, 32 CFR 516 subpart G, and Army Regulation 27-40 chapter 7, we write to supplement a prior request for official information that was submitted in connection with *Hencely v. Fluor Corporation, Inc., et al.,* Case No. 6:19-cv-00489-BHH (D.S.C.) ("*Hencely*"), and to seek identical and additional factual information in connection with *United States of America, ex rel. Shepherd, et al. v. Fluor Corporation, Inc., et al.*, Case No. 6:13-CV-02428-JD (D.S.C.) ("*Shepherd*").

**Background - *Hencely*:** Undersigned counsel with the firm Covington & Burling LLP represent Fluor in *Hencely*, a lawsuit that arose out of a suicide-bomber attack on Bagram Airfield in November 2016. The case was filed in February 2019.

In connection with the *Hencely* litigation, we previously submitted several requests for official information to the U.S. Army Legal Services Agency ("Army"). Relevant here, on August 7, 2020, we submitted a request for official information (attached as Exhibit A) in which we sought "an unredacted, complete version" of the U.S. Army Regulation 15-6 Report ("Report") regarding the suicide-bomber attack at Bagram. As noted in our request, we are already in possession of a publicly released, redacted version of the Report. *See* Ex. A.

On September 14, 2020, the Army responded to our request by letter (attached as Exhibit B). In its response, the Army declined to release the unredacted, complete version of the Report. The Army noted that "significant sections of the AR 15-6 remain classified and cannot be released in an unredacted state," and the Army advised that it had "requested a Mandatory Declassification Review IAW AR 380-5 be conducted." *See* Ex. B. The Army advised that, pending such review and any further update, "the classified portions of the AR 15-6 shall remain classified pursuant to Executive Order (EO) 13526." *Id.*[1]

To date, the Army has not provided any further update regarding our August 2020 request, nor has the Army given any indication that any portion of the Report was declassified.

---

[1] The plaintiff in *Hencely* filed a motion seeking a ruling that the unredacted, incomplete version of the Report was admissible, but the court denied the motion, noting that "huge swathes of the Report have necessarily been removed due to their classified nature." *See Hencely*, ECF 162.

Page 2

To our knowledge, at present it remains the case that significant sections of the Report remain classified.[2]

Separate from the above request for the unredacted Report, in connection with *Hencely* we also requested and obtained from the Army fact testimony from retired Army Contracting Officer Gordon Jones, including a sworn declaration from Mr. Jones (attached as Exhibit C). Mr. Jones' declaration and testimony set forth his personal knowledge of facts related to the Bagram bombing, including Fluor's performance of work under the LOGCAP IV contract.

**Background – *Shepherd*:** Undersigned counsel with the firm Arnold & Porter represent Fluor in *Shepherd*, a False Claims Act action arising out of Fluor's performance of logistical support work for the U.S. military in Afghanistan. A copy of the operative complaint in *Shepherd* is attached as Exhibit D.

The United States declined to intervene in *Shepherd*. In *Shepherd*, Relators Charles Shepherd, Danny Rude, Scott Dillard, and Rickey Mackey ("Relators") allege that Fluor submitted false claims and made false statements to the government during its performance of the LOGCAP IV contract. Relators allege a variety of contract performance issues, including, among other things, that Fluor failed to inventory and keep track of materials in Northern Afghanistan.

The *Shepherd* case is <u>not</u> related to the *Hencely* case. Furthermore, evidence regarding the November 2016 suicide-bomber attack at Bagram is irrelevant to *Shepherd*. Nonetheless, the Relators in *Shepherd* have taken the position that the redacted version of the Report should be admissible at trial. In response to Relators' position, Fluor has argued, *inter alia*, that the Report is irrelevant and inadmissible, and that, in the event such evidence were allowed, Fluor would be compelled to seek from the Army the full, unredacted Report, which would cause undue delay and other harms and prejudice. *See generally Shepherd*, ECF Nos. 588, 622, 639.

On January 8, 2026, Fluor filed a motion in limine to exclude all evidence related to the November 2016 suicide-bombing attack. On January 23, the court denied the motion without prejudice. A copy of the court's order is attached as Exhibit D. Trial in *Shepherd* is currently scheduled to commence on Tuesday, January 27 and last approximately six weeks.

**Request for Factual Information:** We request the following: (1) release of the unredacted, complete Report; (2) trial testimony from the Investigating Officer who signed the Report, Lt. Gen. (Ret.) Thomas S. James, Jr.; (3) trial testimony from retired Army Contracting Officer Gordon Jones; and (4) trial testimony from an Army records custodian.

*First*, for reasons set forth in the prior request submitted in connection with *Hencely* (*see* Ex. A), we reiterate our request that the Army release an unredacted, complete version of the Report. To be clear, we seek the Report in its entirety, including all pages of the Report, all attachments, all exhibits, and all references, as contained in its most comprehensive form within the Army's files. For reasons previously explained, the Report is plainly relevant to the *Hencely* matter. *See* Ex. A.

---

[2] In August 2021, the district court dismissed the *Hencely* lawsuit, that dismissal was affirmed on appeal, and the litigation is currently pending before the U.S. Supreme Court. *See Hencely v. Fluor Corp.*, 554 F. Supp. 3d 770 (D.S.C. 2021); *Hencely v. Fluor Corporation*, 120 F. 4th 412 (4th Cir. 2024), *cert. granted*, 145 S. Ct. 2748 (2025).

Page 3

In addition, Fluor requests the unredacted, complete Report for use in *Shepherd*, if necessary, to respond to any evidence Relators are allowed to introduce about the Bagram bombing.

*Second*, in order to respond to any evidence Relators are allowed to introduce about the Bagram bombing at trial in *Shepherd*, we request trial testimony from the Investigating Officer who signed the Report, Lt. Gen. (Ret.) James, as set forth in the subpoena attached as Exhibit F.

*Third*, also to respond to any evidence Relators are allowed to introduce about the Bagram bombing at trial in *Shepherd*, we request trial testimony from retired Army Contracting Officer Gordon Jones, as set forth in the subpoena attached as Exhibit G.

*Fourth*, also to respond to any evidence Relators are allowed to introduce about the Bagram bombing at trial in *Shepherd*, we request trial testimony from an Army records custodian who can authenticate two documents: (i) the unredacted, complete Report requested herein; and (ii) the Army's appointment memorandum related to the Report, attached as Exhibit H.[3] A subpoena for an Army records custodian is attached as Exhibit I.

*        *        *

As we noted in our prior request, we recognize that the Army may decline to release the entire version of the Report on grounds previously asserted, including national security and other concerns. If you determine that you will not provide the complete, unredacted Report, we ask that you promptly so advise and explain the basis for such position in light of the *Shepherd* trial beginning tomorrow.

Once you have had an opportunity to review this request, please contact undersigned counsel, Dan Russell or Tirzah Lollar, with any questions or concerns you may have. Dan can be reached at 703-328-5996 or by email at DRussell@cov.com. Tirzah can be reached at 202-942-6199 or by email at Tirzah.Lollar@arnoldporter.com. Thank you for your assistance.

Sincerely,

*/s/ Daniel L. Russell Jr.*
Daniel L. Russell Jr.
Covington & Burling LLP
*Counsel for Fluor in Hencely*

*/s/ Tirzah Lollar*
Tirzah Lollar
Arnold & Porter
*Counsel for Fluor in Shepherd*

cc:    Arthur James Coulter and Beth C. Warren, DOJ (by email)

---

[3] As reflected in the stamping on the document, the Army's appointment memorandum was released by U.S. ARCENT under FOIA and filed on the public docket in the *Hencely* matter.