

**DEPARTMENT OF THE ARMY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
9275 GUNSTON ROAD
FORT BELVOIR, VA 22060-5546

January 27, 2026

Procurement Fraud Division

SUBJECT: Request for Official Information in *United States of America, ex rel. Shepherd, et al. v. Fluor Corporation, Inc., et al.*, Case No. 6:13-CV-02428-JD (D.S.C.)

Daniel L. Russell, Jr., Esq.
Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Email: drussell@cov.com

Tirzah Lollar, Esq.
Arnold & Porter
601 Massachusetts Ave, NW
Washington, DC 20001
Email: tirzah.lollar@arnoldporter.com

Dear Mr. Russell and Ms. Lollar:

This letter responds to your correspondence dated January 26, 2026, which our office received the same day. In your letter, you request the production of an unredacted Army Regulation (AR) 15-6 report and the trial testimony of current and former Army personnel for use in the Shepherd litigation, set to begin on January 27, 2026. For the reasons explained below, your request is denied.

Your request is procedurally and substantively deficient. Army Regulation 27-40, paragraph 7-2 *d*., and 32 C.F.R. § 516.41 require that requests for official information or testimony be submitted in writing at least 14 days before the desired date of production. Your request, submitted less than 24 hours before the scheduled trial, makes it impossible for the Army to conduct the necessary review to determine whether releasing information is appropriate. This review includes locating records and personnel, determining the nature and relevance of the information, and consulting with the relevant Army components whose information is implicated. The failure to provide adequate notice is, by itself, sufficient grounds for this denial.

Furthermore, your request improperly attempts to supplement a prior request made in a separate and unrelated case, *Hencely v. Fluor Corporation, Inc.*, Case No. 6:19-cv-00489-BHH (D.S.C.). As your letter concedes, "The Shepherd case is not related to the Hencely case." Under guidelines that govern the release of official information, a requestor must articulate the specific relevance of the information sought to the predicate case for which the request is made. A request submitted for the Hencely litigation cannot satisfy the regulatory requirements for a new request concerning the

-2-

Shepherd litigation. Each request must be evaluated on its own merits and provide a complete and independent justification.

Your request also fails to satisfy the substantive requirements of 32 C.F.R. § 97.9, which mandates that a request must describe, with specificity, the nature of the official information sought and its relevance to the litigation. Your justification for relevance is speculative, stating the information is necessary "to respond to any evidence Relators are allowed to introduce." The Army cannot authorize the release of sensitive government information or the testimony of its personnel based on a contingency that may or may not occur during trial. This does not meet the standard of demonstrating relevance required to compel the government to provide documents or testimony.

In accordance with *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and its progeny, federal agencies must have regulations governing the release of official information. The Army's regulations require a balancing of several factors before a release can be authorized. Your request is overbroad and unduly burdensome, and it fails to address the factors enumerated in 32 C.F.R § 97.8, including how the disclosure of what you know to be a classified document would not violate statute or Executive Order. You have provided no new basis to alter the Army's prior determination in the Hencely matter that the unredacted report is classified and not releasable.

Furthermore, the Army must consider whether the release of official information would adversely affect an interest of the U.S. In the Hencely litigation, while the U.S. has declined to intervene at this point in the litigation, this decision underscores the Army's status as a non-party to that litigation. Because it is not a party, the Army cannot use the rules of litigation to protect its sensitive information or control the use of its resources. The Army's Touhy regulations are therefore its exclusive means of protecting its interests. Allowing a litigant in a separate, unrelated case to obtain discovery from the Hencely matter would improperly entangle the Army in a private dispute and undermine its status as a non-party. This remains a significant factor weighing against disclosure under 32 C.F.R. § 97.8(b). Ultimately, your request would have us ignore the specific context and protective measures established in a case where the government has a cognizable interest.

Finally, with respect to your request for witnesses, two of the individuals sought, Lieutenant General (Retired) Thomas S. James, Jr. and Mr. Gordon Jones, are retired from federal service. The Department of the Army has no authority to compel former personnel to appear and testify in private litigation. Even if these individuals volunteered, any testimony concerning official information they acquired during their Army service remains subject to the Army's Touhy regulations, and approval would still be required. Your request for an Army records custodian is likewise denied due to the procedural and substantive deficiencies outlined above.

The Army's sole concern in this matter is to protect the interests of the U.S. While the Army will not block access to witnesses or documents to which a party is lawfully entitled, you have failed to demonstrate such an entitlement here. Accordingly, your request is denied for failure to comply with federal law and regulations. Our office will continue to keep your Touhy request open until the completion of the trial. In the interim, should you have any questions, please feel free to contact me at bundhit.intachai.civ@army.mil or 703-693-1150.

Sincerely,

Bundhit Intachai
Attorney Advisor
Procurement Fraud Division