IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES R. SHEPHERD; DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY,<br><br>Plaintiff-Relators,<br><br>v.<br><br>FLUOR CORPORATION; FLUOR INTERCONTINENTAL, INC.,<br><br>Defendants. | Civil Action No. 6:13-cv-02428-JD |

**FLUOR'S RESPONSE IN OPPOSITION TO
RELATORS' MOTION FOR PROFFER OF DAVID METHOT TESTIMONY**

Defendants Fluor Corporation and Fluor Intercontinental, Inc. (collectively, "Fluor"), by and through undersigned counsel, hereby file their Response in Opposition to Relators' Motion for Proffer of David Methot Testimony ("Motion for Proffer"), Dkt. 717. For the reasons below, and consistent with its prior briefing, *see* Dkt. 666 & 695, Fluor urges the Court to prohibit Relators from calling former Chief Compliance Officer David Methot ("Mr. Methot") for the sole purpose of soliciting privileged information and/or information they know he cannot recall. Instead, Fluor requests that the Court limit Mr. Methot's testimony by prohibiting Relators from asking such questions, or, in the event that such questions are allowed, give a curative instruction directing the jury not to draw adverse inferences from Fluor's invocation of the attorney-client privilege and attorney work-product doctrine.

1

I.     BACKGROUND

   A.     The Materials Management Investigation & the 2014 Disclosure

After receiving a civil investigative demand from the Department of Justice in March 2013, Fluor initiated an internal investigation under the direction of its Law Department for the purpose of providing legal advice to the company ("Materials Management Investigation" or "Investigation"). *See* Dkt. 666 at 3–4. In June 2014, without waiving privilege, and consistent with its obligations under the Federal Acquisition Regulation, Fluor ultimately made a disclosure to the Department of Defense Office of Inspector General ("2014 Disclosure" or "Disclosure"). *Id.* Mr. Methot signed and submitted the Disclosure as Fluor's Chief Compliance Officer. *Id.*

   B.     **Fluor's Motion to Limit the Testimony of David Methot, or, in the Alternative, for a Curative Instruction**

On February 3, 2026, Fluor filed a motion explaining the circumstances which gave rise to the Materials Management Investigation and why, notwithstanding the 2014 Disclosure, the Investigation remains protected by the attorney-client privilege and attorney work-product doctrine. *See generally* Dkt. 666. Fluor further explained that, when Relators deposed Mr. Methot in January 2025, he testified that he had no memory of the 2014 Disclosure. *Id.* at 4. Yet, despite Mr. Methot's repeated assertions that he could not recall details about the Disclosure, Relators' counsel persisted in asking him a host of questions about the same. *Id.* at 4–5.

Mr. Methot's responses to those questions were consistently couched in terms of what "would," "could," "might," or "may," have happened because, again, he lacked personal recollection of what actually happened. *See id.* Relators' counsel then asked him whether and how various other documents Mr. Methot did not recall would or should have affected the content of the Disclosure. *See id.* Mr. Methot responded by explaining that he lacked any basis for drawing the conclusions Relators demanded of him. *See id.*

2

Throughout this exchange, Fluor's counsel tried to interject, raising concerns that Relators' questioning was "abusive" and "badgering." *See id.* at 5. But, since the Investigation preceding the Disclosure remains privileged, Fluor's counsel did not attempt to refresh his recollection during deposition. *See id.* at 2.

As Relators and Fluor both anticipate that Mr. Methot's trial testimony would proceed in much the same way, *see generally* Dkt. 666 & 717, Fluor urged the Court to limit his testimony by prohibiting Relators from asking him questions about the 2014 Disclosure, or, alternatively, to instruct the jury not to draw any adverse inferences from Fluor's inability to refresh Mr. Methot's recollection due to the Investigation's privileged status. *See generally* Dkt. 666.

Fluor explained that, given Mr. Methot's lack of recollection about the 2014 Disclosure, he arguably lacks personal knowledge of the matter and is therefore incompetent to testify about it. *Id.* at 9. But even assuming his competency to testify, allowing Relators to ask questions designed to elicit an "I don't know" response in front of the jury would unfairly prejudice Fluor by forcing it to choose between (A) waiving a legally protected privilege or (B) risking the jury drawing an adverse inference against Fluor based on Mr. Methot's inability to recall details of events that occurred more than a decade ago. *Id.* at 9–10.

The Court explained that Fluor's motion was "granted to the extent it seeks to preclude speculative, hypothetical, or privileged-invading testimony and denied to the extent it seeks categorical exclusion of the witness." Dkt. 710 at 3914:25–3915:3.

C.  **Relators' Motion for a Finding of Privilege Waiver**

On February 12, 2026, Relators moved the Court "to find that Fluor has waived any privilege over the investigation" by making the Investigation the "centerpiece" of its defense at trial. *See* Dkt. 688 at 1. The Court determined that Fluor has not waived privilege over the Investigation simply by relying on the fact that it conducted an internal review before making the

3

Disclosure. *See* Dkt. 710 at 3916:4–15. Since Fluor has not argued or solicited testimony that the substance of the Investigation affirmatively proves its good faith or compliance, the contents of the Investigation remain privileged. *See id.*

## II.　ARGUMENT

The parties have articulated their positions on this matter, both in their briefing and in their conversations with the Court. Fluor understands the Court has considered the parties' respective arguments and is reviewing Mr. Methot's deposition transcript before making a final decision regarding the permissible scope of his testimony. As Relators' Motion for Proffer largely rehashes arguments the Court has already considered, Fluor offers only a brief response to highlight the many problems with Relators' proposed course of action.

### A.　Relators Misrepresent Fluor's Position.

As an initial matter, Relators' Motion for Proffer mischaracterizes Fluor's argument: Fluor does not take (and has never taken) the position that Mr. Methot should be categorically excluded from testifying in this case. Fluor's position has always been that Mr. Methot's testimony should be appropriately limited by prohibiting questions designed to elicit privileged information and/or to force Fluor to invoke privilege in front of the jury. *See generally* Dkt. 666. Fluor maintains that such questions would serve no purpose beyond inviting the jury to draw improper adverse inferences against Flour—especially in the absence of a curative instruction, which Relators vehemently oppose.

### B.　Relators' List of Other Information Mr. Methot Recalled During Deposition Does Nothing to Advance Their Argument.

Relators argue that Mr. Methot's lack of recall is not believable because he was paid for consulting services in this case and was able to describe basic aspects of his job duties and day-to-day practices as Fluor's Chief Compliance Officer. *See* Dkt. 717 at ¶¶ 3–8. They argue that if Mr.

Methot recalls such things as "the various 'types of reviews' required by Fluor's 'policies and procedures'" and the fact that he generally "had 'active involvement' in the disclosure process" (*id.* at ¶ 5), he necessarily must remember the specific details underlying one particular investigation. And if he cannot recall those details, he must be lying to protect Fluor. Despite its convenience to Relators' argument, such a conclusion is wholly unsound. That Mr. Methot can recall certain general information and sporadic details about Fluor's compliance regime does not make it impossible or even unlikely that he cannot recall the processes and information underlying one, specific investigation that occurred over a decade ago.

### C. Relators' Arguments Fail for the Same Reasons Expressed in Fluor's Prior Motion.

Any substantive testimony Mr. Methot could offer regarding the 2014 Disclosure and the underlying Investigation would be speculative and hypothetical because, as he stated repeatedly during his deposition, he lacks sufficient personal recollection to testify on those matters. Relators know this. They also know that Fluor will be unable to refresh Mr. Methot's recollection without waiving the Investigation's privileged status. Moreover, even if Mr. Methot could recall the answers to Relators' proposed questions—which, again, he cannot—Fluor would be forced to instruct him not to answer on the basis of privilege. For the reasons laid out in Fluor's briefing, asking a witness questions designed to result in the invocation of privilege in front of the jury is improper and prejudicial. *See id.* at 7–9.

Relators' Motion for Proffer reconfirms their intention to call Mr. Methot for the sole purpose of highlighting his inability to recall details about the 2014 Disclosure.[1] But their position

---

[1] Mr. Methot is hopeful that he will be feeling well enough to testify on Monday. That said, in the event that he is unable to testify, Relators have expressed their intent to offer a long list of deposition designations in lieu of his live testimony. Fluor will of course offer counter-designations. That said, Relators' list of proposed designations further demonstrates their intention

is even more untenable now than it was before. Not only do Relators seek to call Mr. Methot to have him testify that he does not recall the answers to their questions, but they seek to amplify the prejudice to Fluor by coupling his lack of recall with the fact that he has been paid under a lawful consulting agreement with Fluor. *See* Dkt. 717 at ¶¶ 6–8.[2] Relators were not shy about expressing their intentions to the Court:

---

to call Mr. Methot primarily to solicit "speculative, hypothetical, or privileged-invading testimony" in violation of the Court's ruling. Dkt. 710 at 3915:1–2. For example, Relators seek to designate pages 165:24–171:6 of Mr. Methot's deposition (Dkt. 666-1). Within this range, Fluor's counsel instructs Mr. Methot not to answer based on privilege, *see* 166:23–167:8; Mr. Methot states that he does not remember sending the Disclosure email and that the document did not refresh his recollection, *see* 168:4–8; and Relators' counsel proceeds to ask him additional questions which he could not answer based on personal recollection, *see* 168:9–171:6. At trial, the Court expressed its desire to ask Mr. Methot questions "to determine what he recalls or what he doesn't recall" before allowing him to testify and noted its "concern[] about what it is he can talk about." *See* Dkt. 716 at 5099:13–14, 5105:9–10. Relators' proposed designations reveal that they specifically intend to ask Mr. Methot questions about subjects he could not recall. *See, e.g.,* Methot Dep., 666-1 at 171:19–172:4 (including Mr. Methot's testimony that he does not recall what he did to satisfy himself that Disclosure was correct; omitting testimony about what his typical practice would have been, *see* 172:5–173:6); 177:7–179:7 (including Mr. Methot's testimony that he does not know what "anecdotal information" means as used in the Disclosure, that he does not know how it was determined that instances of misreported inventories were "isolated, minimal, and not systemic," and that he does not know what 10% cyclic inventories are).

[2] Fluor has reviewed all available invoices submitted by Mr. Methot comprising the 335.5 hours that Fluor reported to the Court. Those invoices show that Mr. Methot invoiced Fluor for 31.5 hours for time spent on this case. Those 31.5 hours were spent in connection with his January 2025 deposition (preparation time, the deposition itself, reviewing the deposition transcript and associated errata). Mr. Methot's remaining 304 hours were spent on: (1) consulting matters from his retirement in June 2019 through January 2023 such as participating in Fluor Audit & Compliance Committee meetings, assisting with mandatory disclosures unrelated to this case, and providing support to the Fluor Government Group Chief Compliance Officer who replaced him; or (2) the *Anderson v. Fluor* litigation, including his deposition in that case in September 2019. Fluor notes that four of the invoices (three from 2021 and one from 2022) for a combined 20.5 hours lack narrative descriptions, and that it is still working to locate invoices for approximately six hours of time for which Mr. Methot was paid in 2022. Fluor is looking into whether there are additional records associated with these payments but, given the timeframe of these invoices, Fluor believes they related to Mr. Methot's consulting work of the type described in the preceding sentence. If requested, Fluor will produce all of Mr. Methot's invoices for in camera review.

6

> . . . I'm going to say: "What . . . was the credible evidence of fraud?"
>
> He's going to say: "I don't remember."
>
> And [I] say: "What did you do to satisfy yourself?"
>
> He's going to say: "I don't remember."
>
> And then we're going to be done. . . . We're going to ask the jury not to believe that he doesn't remember, particularly when he's billed 330 hours, consulting with Fluor about this. . . .

Dkt. 716 at 5100:20–5101:4.

As Relators see it, calling Mr. Methot is a win-win situation. If he answers "I don't know," Relators will highlight the witness agreement and ask the jury to infer that the reason he cannot recall is *because of* the witness agreement. They know that Fluor will be unable to defend itself against this assertion without waiving privilege.

If, on the other hand, Mr. Methot does recall the answers to their questions—which neither party expects to be the case—then Fluor will be forced to invoke privilege in front of the jury by instructing him not to answer. Because Relators oppose any curative instruction, the jury will be left with the impression that Fluor is hiding something.

Either outcome would result in unfair prejudice to Fluor. Fluor should not be forced to decide between asserting a legally protected privilege and defending itself against the implication that it is paying witnesses not to remember things. As expressed in Fluor's prior motion, such a rule would offend the well-established policy underlying the attorney-client privilege and attorney work-product doctrine. *See* Dkt. 666 at 5–9.

### III.    CONCLUSION

At bottom, Relators' arguments in the Motion for Proffer tread no new ground and fail for the same reasons Fluor has previously addressed. The Investigation remains privileged and, in any

7

event, Mr. Methot lacks sufficient recollection to testify about it. Therefore, questioning Mr. Methot about the Disclosure or the Investigation would do nothing to advance Relators' case beyond improperly inviting the jury to draw an adverse inference from Fluor's invocation of privilege.

Accordingly, to guard against the unfair prejudice that will otherwise result, Fluor respectfully urges the Court to bar Relators from questioning Mr. Methot about the 2014 Disclosure or the Materials Management Investigation. At a minimum, if the Court is inclined to permit such questioning, Fluor requests that the Court instruct the jury that no adverse inferences should be drawn against Fluor based on its invocation of privilege and/or failure to refresh Mr. Methot's recollection.

[*Signature Page Follows*]

Respectfully Submitted,

/s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Michael A. Parente (Fed. ID No. 13358)
Maynard Nexsen PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@maynardnexsen.com

Konstantine P. Diamaduros (Fed. ID No. 12368)
Maynard Nexsen PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: (864) 370-2211
Facsimile: (864) 282-1177

Craig D. Margolis (admitted *pro hac vice*)
Tirzah S. Lollar (admitted *pro hac vice*)
Christian D. Sheehan (admitted *pro hac vice*)
Elizabeth A. Carney (admitted *pro hac vice*)
Katelyn M. Deibler (admitted *pro hac vice*)
Elliot S. Rosenwald (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, Northwest
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
craig.margolis@arnoldporter.com

Rachel K. Higgins (admitted *pro hac vice*)
Sahrula Kubie (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

February 22, 2026
Columbia, South Carolina

*Counsel for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*