IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES R. SHEPHERD; DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY,<br><br>Plaintiffs,<br><br>v.<br><br>FLUOR CORPORATION; FLUOR INTERCONTINENTAL, INC.,<br><br>Defendants. | Civil Action No. 6:13-cv-02428-JD<br>Hon. Joseph Dawson, III |

### FLUOR'S RESPONSE IN OPPOSITION TO
### RELATORS' MOTION TO PRESENT A REBUTTAL CASE

Defendants Fluor Corporation and Fluor Intercontinental, Inc. (collectively, "Fluor") hereby respectfully oppose Relators' Motion to Present a Rebuttal Case, Dkt. 748.

### INTRODUCTION

Relators spent seventeen days presenting their case to the jury. They had ample time to decide on their litigation strategy, including which documents and testimony they would introduce to support their claims. The Court should not allow them a second bite at the apple. Each theory and piece of evidence that Relators seek to introduce in rebuttal has been long known to Relators; none of it was newly sprung on them at trial.

Aside from a vague passing remark that cites no specific testimony, *see* Dkt. 748 at 4 n.1, Relators' motion all but concedes that Fluor has not presented any surprise evidence. And it further concedes that if Relators cannot identify any surprise evidence, they are not entitled to a rebuttal case. *See* Dkt. 748 at 2 (citing *Pugh v. Louisville Ladder, Inc.*, 361 F. App'x 448, 458–59 (4th Cir. 2010)). Relators instead fall back on evidence that they claim is "new." But, without exception,

1

the evidence Relators wish to introduce in their rebuttal case is evidence that they listed on their own pretrial exhibit list. And even if Relators could identify stray "new" evidence that Fluor introduced, the Court should exercise its broad discretion to not permit Relators—who already have had substantially more time to present their case—to further compress Fluor's time before the jury.

## **LEGAL STANDARD**

"Ordinarily, rebuttal evidence may be introduced only to counter new facts presented in the defendant's case in chief." *Allen v. Prince George's County*, 737 F.2d 1299, 1305 (4th Cir. 1984). "Such new facts might include 'surprise' evidence presented by the defendants." *Id.* "Permissible rebuttal evidence also includes evidence unavailable earlier through no fault of the plaintiff." *Id.*

"A party may not use rebuttal as an attempt to introduce evidence that he should have introduced in his case-in-chief." *Steele v. Kenner*, 129 F. App'x 777, 780 (4th Cir. 2005) (citing *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001)). Thus, "[t]he plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as a part of his case in chief." *Wise v. C. R. Bard, Inc.*, No. 2:12-CV-01378, 2015 WL 461484, at *2 (S.D. W. Va. Feb. 3, 2015) (quoting *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996)). "A change in litigation strategy is not normally permitted on rebuttal." *Allen*, 737 F.2d at 1305. And, absent "new factual evidence discovered during the trial," a defendant does not open the door to rebuttal simply by offering a "new interpretation" of existing evidence. *See id.* Therefore, a district court acts well within its discretion by excluding "rebuttal" evidence offered "to provide additional support for [a plaintiff's] case in chief," *Wise*, 2015 WL 461484, at *2 (quotations omitted), or to "highlight [ ] differences"

2

between the parties' witnesses, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 791 F.2d 288, 293 (4th Cir. 1986). District courts should ensure that a plaintiff's choice not to present "evidence for an argument that should have been made in the case in chief" does not allow it to improperly use a rebuttal case to "reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff" finishes his case. *Gravitt v. Mentor Worldwide LLC*, 342 F.R.D. 130, 134–35 (N.D. Ill. 2022) (citation modified).

"The potential for unfairness to the opponent and confusion of the issues militates against admitting new or repetitive evidence at the rebuttal stage." *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 765 (5th Cir. 1991). "When a plaintiff makes its prima facie case, therefore, it also must offer evidence on any other issue of potential importance to the outcome in its case in chief." *Id.*; *see also Rodriguez v. Olin Corp.*, 780 F.2d 491, 495 (5th Cir. 1986) ("The question is not whether [a party] had an opportunity or right to overcome any statements or misstatements but whether [the] testimony raised new matters."); *Page v. Barko Hydraulics,* 673 F.2d 134, 140 (5th Cir. 1982) (trial court acts within its discretion when it declines to allow plaintiff to remedy a defect in its case in chief through rebuttal evidence); *Keyes v. Lauga,* 635 F.2d 330, 335 (5th Cir. 1981) (exclusion not an abuse of discretion when plaintiff reasonably could have anticipated the necessity for rebuttal testimony).

## **ARGUMENT**

Under the guise of rebuttal, Relators seek to offer additional evidence and testimony in support of their case in chief. Relators particularly focus on two areas: critical shortages and quality control. *See* Dkt. 748 at 2–5. But these issues have been key parts of this case since the beginning, and nothing prevented Relators from introducing evidence and testimony about them before they rested their case. That they decided not to do so gives them no right to a do-over.

3

Relators' proposed "rebuttal" evidence consists of documents and testimony that have long been at their disposal. This is not a situation involving "evidence unavailable earlier through no fault of the plaintiff." *Allen*, 737 F.2d at 1305. Instead, like the appellants in *Allen*, Relators "had a chance to decide before trial what [evidence] to use"—and, just like in *Allen*, "they should not be allowed to change their litigation strategy on rebuttal." *Id.*

I.     **The Court Should Not Permit Rebuttal as to Critical Materials Shortages**

Evidence of the existence or nonexistence of critical materials shortages is not new. Relators elicited testimony on this exact issue from their expert witness Michael Rudolph:

> Q.     You talked about shortages. Did you see evidence in the records you reviewed of shortages, instances when they needed stuff and they didn't have it?
>
> A.     Yes.
>
> Q.     Do you know about this concept called "critical items"?
>
> A.     Yes.
>
> Q.     What's a "critical item"?
>
> A.     An item -- you know, not all items of inventory are of equal significance. You know, in some things that are critical, you would be surprised. The things like the paper plates or, you know, things that you need to eat. Napkins. A really critical item -- trust me, I remember from Iraq – is toilet paper. And when you run out, you got a problem.
>
>         So it -- it's not -- it's not just the sensitive items, the -- the weapons, the ammunition, the chemicals, that kind of thing. It's a whole host of things. And you pay particular attention to those kinds of things that you don't want to run out of.
>
>         And when you don't and you don't have the items on hand and you're running low on inventory, say, toilet paper, you have to get some and you have to get some quickly and you end up paying for expedited shipping, air freight, and that's an unnecessary additional cost to your client caused by your inability to manage your inventory.
>
> Q.     Did you see evidence of shortages of critical items in the records you reviewed?
>
> A.     I did.

4

> Q. Did you see one example or did you see many?
>
> A. Many.

Trial Tr. Vol. 3 (Dkt. 662) at 864:15–865:18.

When Fluor called William Snyder to testify that he had not observed critical materials shortages during his time working for Fluor in Afghanistan, that evidence was not new—it was a response to the testimony of Mr. Rudolph and others who asserted that such shortages occurred frequently. *See also, e.g.*, Trial. Tr. Vol. I (Dkt. 658) at 135:23–4 (Relators' first witness, David Payne, testifying that "[w]hen [he] first started at Fluor, one of the most immediate issues at hand was the Bagram Materials Yard . . . [t]hey had shortages, unaccounted for shortages").

Nor are Relators helped by their bald claim that Mr. Snyder was "the first witness (in either party's case) with direct first-hand knowledge of Fluor's critical material shortages." Dkt. 748 at 3. Four of the five exhibits they claim they need to introduce to "rebut" Mr. Snyder's testimony are emails that include witnesses who testified in Relators' case in chief. *See* Dkt. 748-4 (Tony Montalvo); Dkt. 784-5 (Mr. Montalvo); Dkt. 784-6 (Bradley Hamm); Dkt. 784-8 (Scott Dillard).[1] Underscoring this point, Relators have informed Fluor that they intend to recall Mr. Montalvo—whom they have already questioned for well over a day, and through whom they admitted 46 exhibits—in their proposed rebuttal case.

And even if Mr. Snyder were the only witness with such direct knowledge, that would be a circumstance of Relators' own making. Mr. Rudolph testified that he had seen "many" examples

---

[1] Relators also suggest that Mr. Snyder's testimony was "surprising" because they failed to take his deposition. Dkt. 748 at 4 n.1. That is not the test for surprise. *See Allen*, 737 F.2d at 1306 (testimony is not "surprise" if it has been anticipated by an expert proffered by the purportedly surprised party). Relators had several years to decide whether to depose Mr. Snyder after Fluor disclosed him as a witness in its initial disclosures in June 2020; they simply made a strategic decision not to do so.

"of shortages of critical items in the records [he] reviewed." Trial Tr. Vol. 3 (Dkt. 662) at 864:15–865:18. Surely, Relators could have called individuals involved in generating such evidence—or asked the witnesses they already called about the documents Relators now wish to belatedly introduce. Relators' strategic choice not to elicit such evidence during their 17-day presentation does not entitle them to present a rebuttal case.

## II. The Court Should Not Permit Rebuttal as to Quality

Relators' second proposed area of "rebuttal" evidence is equally unsupported. They assert that Fluor has introduced "new evidence" that "that numerous government audits over the award fee period demonstrate the strength of its quality management system." Dkt. 748 at 4. But Fluor identified this theory in its opening statement, arguing that "DCMA performed thousands of inspections across all of Fluor's services to during each AFEB period." Trial. Tr. Vol. I (Dkt. 658) at 110:20–21. And Fluor developed this topic extensively during its cross-examination of Tommy Marks during Relators' case. Trial Tr. Vol. 14 (Dkt. 711) at 4266:15–4269:16.

The only purportedly new evidence Relators identify in this area is DX 801, a summary exhibit that Fluor introduced during its examination of Renee Richardson. Dkt. 748 at 4. As is identified on the face of DX 801, and as Fluor demonstrated to the Court on the record, that exhibit is simply a summary of data contained in exhibits that were admitted during Relators' case in chief. *See* DX 801 (citing PX 134, PX 157, PX 223, PX 197, and PX 215). Ms. Richardson's report dedicates nearly a full page to discussing the data summarized in DX 801. *See* Ex. 1, Richardson Report at 22. There is nothing new about it.

Relators provide no support for the proposition that Fluor's distillation of evidence that Relators themselves introduced can qualify as "new" for purposes of permitting a rebuttal case.

6

That is no surprise, because the Fourth Circuit in *Allen* squarely rejected the idea that a "new interpretation" of existing evidence suffices to permit a rebuttal case. 737 F.2d at 1305.

In any event, the sole evidence that Relators propose to introduce on this point is inadmissible twice over. First, it is hearsay. As Relators themselves explain, they wish to introduce PX 1542 to "*contradict[]* the [purportedly] new evidence Fluor introduced regarding the strength of its quality control system"—that is, for the truth of its assertions. Dkt. 748 at 5 (emphasis added). But the Court has already sustained a hearsay objection to this document, which was written by individuals who do not work for Fluor. Trial Tr. Vol 18 (Dkt. 730) at 5708:9–5709:21. Worse still, the witness Relators propose to call to discuss this hearsay document is David Vaughn, whom neither party disclosed as a witness at any time in this yearslong litigation. Rule 37 plainly precludes the use at trial of a witness who was not previously disclosed, unless "unless the failure [to disclose] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see generally Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011). This document is also irrelevant to the purportedly new evidence about which Relators complain, because it relates to Fluor's *internal* quality program while the evidence discussed by Ms. Richardson relates to the *government's* quality inspections.[2]

## CONCLUSION

For the reasons stated herein, and on the record, the Court should deny Relators' motion.[3]

---

[2] The Court should also decline to admit PX 644. *See* Dkt. 748 at 5–6. Fluor has worked diligently to streamline its case and, in doing so, has had to skip the witness it would have called to discuss this document, John Loomis. Relators listed this document on their own exhibit list and there is no reason they could not have called Mr. Loomis to testify about it. Tellingly, they do not even attempt to identify any new evidence in Fluor's case to which PX 644 is relevant.

[3] To the extent Relators appear to reserve the right to supplement their motion, see Dkt. 748 at 6, Fluor is confident that it has not and will not adduce evidence that makes a rebuttal case proper. Should Relators feel otherwise, Fluor requests that the Court adhere to its prior ruling that Relators

Respectfully Submitted,

*/s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Michael A. Parente (Fed. ID No. 13358)
Maynard Nexsen PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@maynardnexsen.com

Konstantine P. Diamaduros (Fed. ID No. 12368)
Maynard Nexsen PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: (864) 370-2211
Facsimile: (864) 282-1177

Craig D. Margolis (admitted *pro hac vice*)
Tirzah S. Lollar (admitted *pro hac vice*)
Christian D. Sheehan (admitted *pro hac vice*)
Elizabeth A. Carney (admitted *pro hac vice*)
Katelyn M. Deibler (admitted *pro hac vice*)
Elliot S. Rosenwald (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, Northwest
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
craig.margolis@arnoldporter.com

Rachel K. Higgins (admitted *pro hac vice*)
Sahrula Kubie (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

March 5, 2026
Greenville, South Carolina

*Counsel for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*

---

must identify "specific places in the transcript that [they] are relying on" in support of any request for leave to present a rebuttal case. Trial Tr. Vol. XXIII at 7268:10–11.