IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, And Rickey Mackey<br><br>Plaintiff-Relators,<br><br>v.<br><br>Fluor Corporation, Inc., and Fluor Intercontinental, Inc.,<br><br>Defendants. | Case Number: 6:13-02428-JD<br><br>Honorable Joseph Dawson, III<br><br>JURY TRIAL DEMANDED |

**RELATORS' OBJECTIONS AND COMMENTS TO THE COURT'S PROPOSED CHARGES**

Relators hereby submit the following objections, comments, and proposed amendments to the Court's proposed charges to the jury. The Court's language that Relators object to or propose modifications to is indented. Relators have, when they deemed it necessary, included their proposed amendments in redline for the Court's convenience.

1. **Section I. E — "Witnesses"**

   Relators object to the following language:

   Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may, or may not, be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

   Relators object that this language is confusing and should not be given. It could be misread to imply that the testimony of a party, in particular, may only be accepted if it is not contradicted by direct evidence or inferences drawn therefrom, which is contrary to law and the general instruction about assessing credibility or truthfulness of witnesses. Further, it is already covered by the instruction that the jurors can consider a witness's "interest in the case."

If the court wishes to give an instruction highlighting testimony by parties as witnesses, Relators tender: "You should evaluate testimony by a party to the case the same as any other witness, giving the party's interest in the outcome of the case such weight as you think it deserves."

Relators object that the instruction on witness payments is ambiguous as to what "associated" with testimony means. 18 U.S.C § 201 addresses the topic of corrupt payments to witnesses and specifies the scope of payments that are per se allowed to include only time testifying, time for travel, and time to attend. It states that the section shall not be construed to prohibit "payment or receipt of witness fees provided by law, or the payment, by the party upon whose behalf a witness is called and receipt by a witness, of the reasonable cost of travel and subsistence incurred and the reasonable value of time lost in attendance at any such trial, hearing, or proceeding." It says nothing about time spent working with attorneys in advance.

Relator requests the following modification:

> You have heard evidence that certain witnesses received compensation for time spent preparing for or providing testimony in this case. <ins>You may consider the existence and amount of any such compensation in evaluating the witness's credibility and possible bias.</ins>
>
> <del>Under the law, it is not improper for a party to compensate a fact witness for reasonable time and expenses associated with testimony, so long as the payment is not contingent on the substance of the testimony or the outcome of the case.</del>
>
> <del>You may consider the existence and amount of any such compensation in evaluating the witness's credibility and possible bias.</del>
>
> <del>However, the mere fact that a witness received compensation does not, by itself, make the testimony untrue or improper. It is for you to determine what weight, if any, to give that testimony.</del>
>
> <ins>Federal law prohibits anyone from corruptly offering to pay or paying a witness to influence that witness's testimony under oath. Likewise, federal law prohibits witnesses from soliciting or accepting such a payment. Payment or receipt of witness fees provided by law, or the payment, by the party upon whose behalf a witness is called and receipt by a witness, of the reasonable cost of travel and subsistence incurred and the reasonable value of time lost in attendance at any such</ins>

trial, hearing, or proceeding, are not prohibited. A payment must not be contingent on the substance of the testimony or the outcome of the case.

2. **Section I. K — "Instruction Regarding Motives for Whistleblowing"**

Relators propose a final paragraph at the end of this section that says: "As to Relator Rude, you may consider all of his testimony both for the retaliation claims and for violations of the False Claims Act." Relators seek this addition to avoid jury confusion.

3. **Section I. L — "Instruction Regarding Corporate Identity of Defendants"**

Relators object that the instruction omits routes to liability in the statute and therefore propose the following modifications to the second-to-last paragraph:

> Accordingly, you may find Fluor Corporation liable only if Relators prove, by a preponderance of the evidence, that Fluor Corporation itself knowingly presented a false claim, knowingly caused a false claim to be presented, ~~or~~ knowingly made or used or caused to be made or used a false record or statement material to a false claim, knowingly made or used or caused to be made or used a false statement material to an obligation, knowingly engaged in fraudulent inducement, knowingly made specific representations of compliance containing half-truths, or knowingly concealed, avoided or decreased an obligation. Relators may also establish liability if they prove that another person, employee, or business unit was acting as an agent of Fluor Corporation with respect to the conduct at issue.

Relators request the additional language so that the Court's instruction does not exclude theories of liability on which the Court will be instructing the jury.

Relators also request amendments to the following paragraph:

> An agency relationship exists if one person or entity acts on behalf of another and is subject to that entity's control. If you find that such an agency relationship existed and that the conduct at issue occurred within the scope of that relationship, then the acts of the agent may be treated as the acts of the ~~principal~~corporation.

Relators request that the term "principal" be changed to "corporation" and that this paragraph be moved and inserted after the third paragraph that begins with "For an employee's act to be authorized by the corporation . . . " for clarity and parallelism.

4. **Section II. B. 2 — "'Knowingly' or 'Knowing'"**

   Relators propose the following modification to the first paragraph of this section to cover all of the multiple terms as used in the Court's instructions for knowledge:

   > The terms "knew," "know(s)," "knowing" "knowledge" and "knowingly" refers to a person's actual knowledge and subjective beliefs.

5. **Section II. B. 3 — "Falsity"**

   Relators propose the following addition to the first paragraph in this section:

   > A statement or claim is false if it contains an assertion that is not true or if it omits material information in a way that makes what was stated misleading. For the statement to be "false," it must constitute an objective falsehood. An objective falsehood is a statement of fact (or fact plus omission) that is capable of being judged true or false in an empirically verifiable manner.

   Relators propose the following modification to the final paragraph in this section:

   > A breach of contract or poor performance, standing alone, does not establish a violation of the False Claims Act. Likewise, a difference in interpretation growing out of a disputed legal question or a good faith difference of opinion about the meaning of general or imprecise contractual terms does not alone establish an objective falsehood. You must find by a preponderance of the evidence that a given statement or claim was objectively false.

   Relators request the proposed modifications for clarity and to prevent potential juror confusion.

6. **Section II. B. 4 — "Materiality"**

   Relators object to the exclusion of the word "consistently" and the limitation of the jury's consideration of factors that may weigh on the question of materiality, and propose the following changes to this section:

   > Materiality is a demanding standard. Not every violation of a contractual or regulatory requirement is material. The Government's decision to identify a provision as a condition of payment is relevant, but not automatically dispositive. Likewise, proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows the Government consistently refuses to pay claims in light of the representations. Conversely, if the Government consistently pays a particular claim in full despite actual knowledge that certain requirements were violated, that is evidence that those requirements were not material.

> In deciding materiality, you may consider the totality of the circumstances, including **but not limited to**:
>
> a. Whether the requirement was important to the Government's decision-making;
> b. Whether the Government consistently refuses to pay claims when it knows of similar violations;
> c. Whether the Government **consistently** paid or approved claims despite **actual** knowledge of the alleged violation;
> d. Whether the violation was minor or insubstantial.
> e. No single factor is dispositive. Certain facts may weigh in favor of materiality; some may weigh against. Materiality is for you to decide based on all the evidence.

Relators propose these changes to accord with the express language of Supreme Court case *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194–95 (2016) ("[I]f the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material.").

7. **Section II. B. 5. — "Corporate Knowledge"**

Relators object to the omission of "innocent" and propose the following changes to this section:

> You may not combine fragments of **innocent** knowledge held by different employees to create knowledge unless you find that at least one individual had the required knowledge for the violation you are considering.

Relators propose this instruction to accord with *U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 918 (4th Cir. 2003) (rejecting the assertion that a plaintiff may prove scienter by "piecing together scraps of 'innocent' knowledge held by various corporate officials").

8. **Section II. B. 6 — "Obligation"**

Relators object to the omissions of corrective action plans and propose addition of the following language to the list of obligations Defendants may be subject to, to include "Any

corrective action proposed by Fluor and accepted by the United States Government." Relators propose this language to accord with Task Order 5 and the Court's Summary Judgment Opinion. *See* Dkt. 600 at 28.

9. **Section II. C. 3 — "Fraudulent Inducement"**

Relators object that the instruction does not cover fraudulent inducement to avoid an obligation and propose the following changes to this section:

> The Relators also proceed under a theory of fraudulent inducement. Under this theory, liability may arise if a defendant uses false statements or fraudulent conduct to induce the Government to:
>
> - Enter into an agreement,
> - Modify a contract,
> - Approve continued participation in a payment structure <ins>(including a contractor's liability to make payments)</ins><del>, or</del>
> - <del>Forfeit moneys or property, or</del>
> - <ins>Forfeit moneys or property due, or</ins>
> - Pay money that it otherwise would not have paid.

*See United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 487 (4th Cir. 2025) ("For Wheeler's presentment, false statement, false certification, and fraudulent inducement claims to survive a motion to dismiss, she must allege four elements: 1) that Acadia made a false statement or engaged in a fraudulent course of conduct; 2) such statement or conduct was made or carried out with the requisite scienter; 3) the statement or conduct was material; and 4) the statement or conduct caused the government to pay out money or to *forfeit moneys due* (i.e., that involved a 'claim')." (internal citations omitted, emphasis added)); *United States ex rel. Miller v. Weston Educ., Inc.*, 840 F.3d 494, 500 (8th Cir. 2016) (same). *See also Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 192 (2016) (FCA imposes liability for "misrepresenting compliance with a condition of eligibility to even participate in a federal program"). Relators

previously presented an instruction that offered these elements for fraudulent inducement in their Supplemental Jury Instructions Nos. 20-1 and 20-1A.

### 10. Section II. C. 5 — "Reverse False Claims (31 U.S.C. § 729(a)(1)(G))"

Relators object that the instruction does not cover all the ways that a jury may find liability under the statute and propose the following amendments to this section:

> To establish liability under the reverse false claims provision, the Relators must prove:
>
> a. The defendant had an obligation to pay or transmit money or property to the Government;
> b. The defendant either made, used or caused to be made or used a false record or statement ~~regarding~~material to that obligation, or knowingly concealed, avoided, or improperly decreased that obligation; and
> c. The false record or statement, concealment or avoidance was material.

Relators request the modification to conform to and not exclude the ways that liability may arise under 31 U.S.C. § 3792(a)(1)(G).

### 11. Section II. D. 1 — "Award Fee Evaluation Board (AFEB) Submissions"

Relators object that the instruction does not cover the jury's award of fixed fee damages they may find to be caused by the Award Fee Board false claims or statements and request the following amendment to this section:

> Relators contend that certain statements or omissions in Fluor's AFEB submissions were false or misleading and were material to the Government's decision to award fees and to the Government's payment of portions of the 5.87% fixed fee.

Relators request this modification to cover the fixed fee period.

Relators further propose the following amendment to this section:

> If you find that a false or misleading AFEB submission was knowingly made and was material to the Government's decision to award fees, you may find liability under one or more of the presentment, false-statement, fraudulent-inducement, and/or implied false certification theories I have described.

Relators request this modification to clarify these theories to avoid jury confusion as these theories are not mutually exclusive and that the jury can find for Relators on all of them.

To cover fixed fee damages, Relators request the following modification to this section:

> You must evaluate the AFEB evidence under the same elements of falsity, knowledge, materiality, and causation that I have already described. There are five award fee periods and one fixed fee period at issue in this case, you must evaluate each period independently.

Relators request this modification to cover the fixed fee period of the damages from the AFEB submissions.

### 12. Section II. D. 2 — "Property Management"

Relators object that the instruction omits the fraudulent inducement grounds for the property damages and request the following modification to the first paragraphs:

> Relators assert a Reverse False Claims Act claim and a fraudulent inducement claim based on Defendants' management of Government property under the LOGCAP IV contract and Task Order 0005 ("TO5").
>
> Under the reverse false claim theory, Relators contend that Defendants knowingly concealed or improperly avoided an obligation to pay or transmit money or property to the United States arising from the loss of Government property.

Relators request this modification to cover both theories of recovery for property losses.

Relators also request the following language, to come at the end of the section to cover the second theory:

> Under the fraudulent inducement theory Relators contend that defendant used false statements or fraudulent conduct to induce the Government to retain assumption of risk of loss of Government property under FAR § 52.245-1(h)(1)(iii).
>
> Defendants deny these allegations.
>
> To establish liability under this theory, Relators must prove each of the following elements by a preponderance of the evidence:
>
> a. The defendant made or used or caused to be made or used a false statement or engaged in fraudulent conduct;

> b. The defendant acted knowingly;
>
> c. The statement or conduct was material; and
>
> d. The false statement or conduct caused the Government to forfeit money or property.

If Relators fail to prove any one of these elements, you must return a verdict for the Defendants on this claim.

You may find liability on one or both of these theories.

The Court should include this claim for fraudulent inducement of relief of responsibility pursuant to *United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 487 (4th Cir. 2025) (stating elements for fraudulent inducement to avoid an obligation to pay money to the government); *United States ex rel. Miller v. Weston Educ., Inc.*, 840 F.3d 494, 500 (8th Cir. 2016) (same). *See also Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 192 (2016) (FCA imposes liability for "misrepresenting compliance with a condition of eligibility to even participate in a federal program"). Relators previously tendered instructions that included fraudulent inducement as one of their property theories of liability in their Supplemental Jury Instructions Nos. 17, 20-1, and 20-1A.

**13. Section II. D. 3 — "Labor Billing / Overstaffing Theory"**

Relators object to the omission of language indicating the multiple theories upon which the jury can find liability and propose the following language, to come after the sentence that reads "A disagreement over staffing levels or workforce planning does not, by itself establish falsity.":

> If you find that a false or misleading statement was knowingly made and was material to the Government's decision, you may find liability under one or more of the presentment, false-statement, and/or implied false certification theories I have described.

Relators propose this language to clarify that these theories are not mutually exclusive and that the jury may find in Relators' favor on all of them.

14. **Section III — "Damages (If Liability Is Found on FCA Claims)"**

    Relators object to the instruction and propose the following amendments:

    > Damages are measured by the amount of money the Government paid as a result of the false claim beyond what it would have paid had it known the truth. Damages need only be proven by a preponderance of the evidence. Your damages determination must be based on the evidence received at trial and any reasonable inferences from that evidence, not speculation.
    > The Government is not automatically entitled to recover the entire value of a contract merely because a violation occurred. You must determine damages based on the evidence.
    > With respect to property loss claims, to assess damages, you must determine the value of any loss of Government property.

    Relators request the first modification to prevent jury confusion as to the preponderance of evidence standard and the ability to draw reasonable inferences while avoiding speculation. *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 418 (2005) (finding plaintiffs "shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence"). Relators request the second modification so that the jury is not confused into believing that damages are limited to "lost" property as opposed to also stolen, damaged and destroyed property covered by the term "loss of Government property."

15. **Section III. A — "Award Fee Damages Under the Cost-Plus-Award-Fee Contract"**

    Relators object to the exclusion of damages for the fixed fee period and propose the following paragraph, to come after the paragraph that reads "Award fees were not automatic. They were determined by the Government based on performance evaluations.":

    > You have also heard evidence that Task Order 5 was eventually converted to a fixed fee contract with a fee of 5.87% and of the negotiation process for that conversion.

    Relators request this modification to cover the fixed fee period of the damages from the AFEB submissions.

**16. Section III. B — "Liability Relating to Award Fees"**

Relators request that this section be renamed "Liability Relating to Fees" rather than a title excluding fixed fees.

Relators further request the following amendments:

Damages are limited to the portion of the award fee <u>and fixed fee</u>, if any, that resulted from the false or fraudulent conduct.

Relators further request the following amendments:

If you find that the Government would have granted a reduced award fee <u>or fixed fee</u> even if it had known the true facts, damages are limited to the difference between:

- The ~~award~~ fee<u>s</u> actually paid; and
- The ~~award~~ fee<u>s</u> the Government would have paid had it known the truth.

Relators request these modifications to cover the fixed fee period of the damages that the jury may find from the AFEB submissions.

**17. Section III. D — "No Speculation"**

Relators request that this section be renamed "Calculating Award Fee Damages" as it covers more than just the instruction of speculation so that the word (which is already stated more than once) not be highlighted. Relators also request the following amendments:

> <u>Damages need only be proven by a preponderance of the evidence.</u> Your damages determination must be based on<u>ly on the</u> evidence <u>received at trial and any reasonable inferences from the evidence,</u> not speculation. You may consider <u>among other matters</u> . . .

Relators propose these changes because this instruction should apply generally to calculating damages, not specifically to speculation not to award fee damages. *See Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 418 (2005) (finding plaintiffs "shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence").

Furthermore, Relators object to the language that reads "The Government's continued payment of award fees after learning of alleged deficiencies may be considered in determining materiality and damages, but is not necessarily dispositive." This language should be deleted because this language is repetitive of its inclusion in instruction II.B.4 ("Materiality").

**18. Section IV. A — "Rude's Promotion-Denial Theory"**

Relators propose the following amendment to this section:

The False Claims Act contains an anti-retaliation provision. The purpose of the anti-retaliation provision of the False Claims Act is to promote enforcement of the Act by assuring those who may be considering exposing potential false claims or engaging in efforts to stop one or more violations of the False Claims Act, ~~that they~~ are legally protected from retaliatory acts.

Relators request the modification to make the statement complete in accordance with 31 USC 3730(h)(1).

**19. Section VI. B — "Damages (Retaliation Only)"**

Relator Rude objects that the instruction regarding damages precludes the jury from awarding the full scope of damages on the Tier 1 promotion. The evidence is that Tier 1 status would have entitled Mr. Rude to be transferred to another Fluor project in the event his position was eliminated thereby avoiding disruption in employment.

Relator Rude proposes the following modification:

Damages must be limited to losses directly caused by the denial or halt of the promotion. You may not award damages ~~based~~ solely on the fact of ~~on~~ termination, reduction in force, or any claim not submitted to you, unless you find that those damages were caused by the denial or half of his Rier 1 promotion.~~.~~

**20. Section V. E — "Verdict Form"**

Relators propose the following amendment to this section:

I have prepared a verdict form that you should use to record your verdict. If you decide that the ~~Plaintiff~~ Relators ha~~s~~ve or ha~~s~~ve not proved ~~its~~ their claim against the

Defendant by a preponderance of the evidence, say so by having your foreperson mark the appropriate place on the form.

              Respectfully submitted,

              /s/ Andrew Hand
              Andrew Hand

              Richard Harpootlian (Fed. ID No. 1730)
              Andrew Hand (Fed. ID No. 12176)
              RICHARD A. HARPOOTLIAN P.A.
              1410 Laurel Street
              Post Office Box 1090
              Columbia, SC 29202
              Telephone: (803) 252-4848
              Facsimile: (803) 252-4810
              rah@harpootlianlaw.com

              Jonathan Loevy
              Michael Kanovitz
              Daniel Twetten
              Anand Swaminathan
              Frank Newell
              Anna Dover
              Gwen Parker
              Heather Sticht
              Dominique Gilbert
              Alexandra Wolfson
              Aadi Tolappa
              **LOEVY & LOEVY**
              311 N. Aberdeen St., Third Floor
              Chicago, IL 60607
              Telephone: (312) 243-5900
              Facsimile: (312) 243-5902
              anand@loevy.com
              *Attorneys for Relators*
              *Charles R. Shepherd*
              *and Danny V. Rude*

              Frank L. Eppes (Fed. ID No. 1003)
              EPPES & PLUMBLEE, PA
              PO Box 10066
              Greenville, SC 29603
              Telephone: (864) 235-2600
              Facsimile: (864) 235-4600
              feppes@eppesandplumblee.com

*Attorney for Relator Robert Scott Dillard*

Judah N. VanSyckel
SALUDA LAW, LLC
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

*Attorney for Relator Rickey Mackey*

6:13-cv-02428-JD     Date Filed 03/08/26     Entry Number 761     Page 14 of 14