IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. CHARLES R. SHEPHERD;<br>DANNY V. RUDE; ROBERT SCOTT<br>DILLARD; and RICKEY MACKEY,<br><br>Plaintiffs,<br><br>v.<br><br>FLUOR CORPORATION; FLUOR<br>INTERCONTINENTAL, Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:13-cv-02428-JD<br><br><br><br><br>**JURY CHARGES** |

## INTRODUCTION

Members of the Jury, it is my duty and responsibility to instruct you on the law you are to apply in this case. But first, I want to express my gratitude to each of you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case. Thank you.

It will take some time for me to read these instructions to you, but it is important for you to listen carefully. I will go as slowly as I can and be as clear as possible. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on these copies. You will be permitted to take them into the jury room with you.

My instructions will be in four parts. First, I will discuss general rules concerning the role of the court and the duty of the jury. Second, I will give you some specific instructions as it relates to this case. Third, I will give you some guidance on

the law of damages. Fourth, I will give you some rules and guidelines for your deliberations.

The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

## I.     GENERAL INSTRUCTIONS

### A.     Role of the Jury

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial

supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you, and your verdict must be unanimous.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation, the federal government, and all other persons are equal before the law and must be treated as equals in a court of justice.

In making your decisions, you should also be aware that bias can sometimes operate without our conscious awareness. Each of us may hold stereotypes or preconceptions about people based on factors such as race, gender, religion, age, national origin, socioeconomic status, or other personal characteristics. These biases can affect how we remember, what we see and hear, and how we evaluate credibility. It is your duty to set aside any such biases, whether conscious or unconscious, and to base your verdict solely on the evidence and the law as I have given it to you.

During your deliberations, you must not communicate with or provide any information to anyone by any electronic means. You may not use any device or media, such as a cell phone, computer, the internet, any internet service, or any text or instant messaging service, chat room, blog, or website such as Facebook, LinkedIn, Instagram, YouTube, X, formerly known as Twitter, or TikTok, to communicate to anyone any information about this case or to conduct any research about this case.

3

### B.    Parties

- The plaintiffs in this case are known as Relators. They are Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey.

- The defendants in this case are Fluor Corporation and Fluor Intercontinental, Inc.

I may refer to the plaintiffs as "Relators." I may also refer to the defendants as "Defendants" or "Fluor."

### C.    Burden of Proof – Preponderance of the Evidence

This is a civil case. Plaintiff-Relators are the party who brought this lawsuit. Defendants are the party against whom the lawsuit was filed. Relators have the burden of proving their case by what is called the preponderance of the evidence. That means Relators have to prove to you, in light of all the evidence, that what they claim is more likely so than not so. To say it differently: if you were to put the evidence favorable to plaintiffs and the evidence favorable to defendants on opposite sides of the scales, to prevail, plaintiffs would have to make the scales tip somewhat on their side. If plaintiffs fail to meet this burden, the verdict must be for defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

4

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## D.    Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from all the evidence, both direct and circumstantial.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ

from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given you.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5. Demonstrative exhibits are not evidence. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Some exhibits admitted into evidence contain redactions or black markings. These redactions were made pursuant to rulings of the Court. You must not speculate about the reason for the redactions or about what information may have been removed. You must decide the facts based only on the evidence that has been admitted.

6

E.     Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness' manner and demeanor on the witness stand; any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have; and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may, or may not, be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Compensation of Certain Fact Witnesses**

You have heard evidence that certain witnesses received compensation for time spent preparing for or providing testimony in this case.

Under the law, it is not improper for a party to compensate a fact witness for reasonable time and expenses associated with testimony, so long as the payment is not contingent on the substance of the testimony or the outcome of the case.

You may consider the existence and amount of any such compensation in evaluating the witness's credibility and possible bias.

However, the mere fact that a witness received compensation does not, by itself, make the testimony untrue or improper. It is for you to determine what weight, if any, to give that testimony.

## F.     Expert Witness

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. In weighing the expert's testimony, you also should consider any bias,

8

motive, or interest in the outcome of this case you may find such expert may have. You may give the opinion testimony whatever weight, if any, you find it deserves, in light of all the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. An expert witness may not instruct you on what the law is or what result you should reach under the law.

The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you, the jury, may decide to accept all, some, or none of the testimony of any expert witness. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not convincing to you, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

Experts and witnesses in this case have testified about government contracting practices, regulatory frameworks, and internal government processes, including matters involving the Federal Acquisition Regulation (commonly referred to as the "FAR"), contract administration, property management systems, and award-fee evaluations.

Such testimony was admitted to help you understand the evidence and the context in which the events in this case occurred.

However, it is the Court's responsibility to instruct you on the law that governs this case. You must follow the law as I explain it in these instructions.

To the extent any witness expressed an opinion about what the law, regulations, or contract provisions require, you must not treat that testimony as controlling. If any witness's testimony about legal requirements differs from the law as I instruct you, you must follow the law as stated in these instructions.

Experts may assist you in understanding industry practices, government processes, or technical matters, but they may not determine the law that governs this case. That responsibility belongs to the Court.

## G.    Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## H.     No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## I.     Instruction Regarding Stipulated Facts

Members of the jury, the parties have agreed to certain facts, which are referred to as stipulations. A stipulation means that both sides agree that a particular fact is true. When the parties stipulate to a fact, that fact is accepted as true for purposes of this case, and you must treat it as proven. You do not need to consider evidence to establish a stipulated fact, and you should not disregard it.

However, you should consider stipulated facts only for the matters to which they relate. It is for you to determine what weight, if any, those facts have in deciding the issues you must resolve, together with all the other evidence in the case.
The fact that the parties have agreed to certain facts does not mean they agree on the ultimate issues in the case. Those issues remain for you to decide.

## J.     Instruction Regarding Motives for Whistleblowing

You have heard testimony regarding the motivations of individuals who reported or chose not to report alleged wrongdoing.

You are not to consider this testimony as it relates to the independent retaliation claims of Relator Rude. This testimony should only be limited to your deliberations for violations of the False Claims Act.

11

## K.     Instruction Regarding Corporate Identity of Defendants

The fact that the defendants are corporations should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are treated as "persons" in the eyes of the law and are entitled to the same fair and conscientious consideration by you as any other person.

Under the law, a corporation is a person, but it can act only through its employees, agents, directors, or officers. The law, therefore, holds a corporation responsible for the acts of its employees or agents when those acts are performed within the scope of their employment or authority.

For an employee's act to be authorized by the corporation, the conduct must be of the kind the employee is employed to perform, must occur during a period not unreasonably disconnected from the authorized period of employment, in a locality not unreasonably distant from the authorized area, and must be actuated at least in part by a purpose to serve the employer. An additional factor you may consider is whether the employee's conduct was reasonably foreseeable. If you do not find those conditions satisfied, the corporation cannot be held liable for the actions of that employee.

Relators have asserted claims against two defendants: Fluor Corporation and Fluor Intercontinental, Inc. Although you have heard the parties refer to the defendants collectively as "Fluor," each defendant is a separate corporation. In order to find a defendant corporation liable, Relators must prove the elements of each cause

12

of action as to that defendant. In other words, you must consider the evidence as to each defendant separately.

A corporation may act through its employees and agents working within its internal divisions, groups, or organizational units, but liability must still be determined based on the conduct attributable to that particular defendant.

The mere fact that one corporation owns or is affiliated with another corporation does not, by itself, make one corporation responsible for the acts of the other. A parent corporation is not liable for the acts of another corporation merely because it owns that corporation or exercises general oversight of its business. The fact that an individual may work for or have responsibilities involving more than one affiliated corporation does not automatically make one corporation responsible for the acts of the other. What matters is whether the individual was acting on behalf of the particular corporation at the time of the conduct at issue.

Accordingly, you may find Fluor Corporation liable only if Relators prove, by a preponderance of the evidence, that Fluor Corporation itself knowingly presented a false claim, knowingly caused a false claim to be presented, or knowingly made or caused to be made a false record or statement material to a false claim. Relators may also establish liability if they prove that an employee, officer, or other agent was acting on behalf of Fluor Corporation with respect to the conduct at issue.

An agency relationship exists if a person acts on behalf of another and is subject to that party's control. If you find that such a relationship existed and that

13

the conduct occurred within the scope of that relationship, the acts of the agent may be treated as the acts of the principal.

## II.     FALSE CLAIMS ACT CLAIMS

### A.     Overview of the False Claims Act

The False Claims Act imposes civil liability on any person who knowingly submits, or causes to be submitted, false or fraudulent claims for payment to the United States, or who knowingly makes false statements material to such claims. The Act also imposes liability on a person who knowingly and improperly avoids or decreases an obligation to pay money or transmit property to the Government.

The Relators must prove each required element of a claim by a preponderance of the evidence, meaning that it is more likely true than not true.

Each theory of liability must be considered separately. Your verdict must be based solely on the elements I instruct you on and the evidence admitted at trial.

You have heard testimony about various government processes used in the administration and oversight of federal contracts, including matters such as award-fee evaluations, contractor performance assessments, property management systems, and oversight activities by government personnel.

These processes may involve professional judgment, discretion, and evaluation by government officials.

Evidence describing how such processes generally operate may help you understand the context of the claims in this case. However, the existence of a government process, evaluation system, or oversight mechanism does not by itself

determine whether a false claim was submitted or whether the False Claims Act was violated.

You must apply the legal standards I have provided and determine the facts based on the evidence presented.

## B.     Definitions Applicable to All FCA Claims

### 1.     "Claim"

A "claim" means a request or demand for money or property presented to the United States, or to a contractor or agent if the money is to be spent on the Government's behalf.

The fact that a statement is a step in a process that could ultimately result in the payment of money or property does not make that statement a "claim" in and of itself. However, the statement or submission must be connected to a request or demand for Government money or property. You must determine, based on the evidence, whether a particular submission constituted a claim within the meaning of the Act.

### 2.     "Knowingly" or "Knowing"

The term "knowingly" refers to a person's actual knowledge and subjective beliefs.

A person acts knowingly if:

- The person had actual knowledge of the information;

- The person acted in deliberate ignorance of the truth or falsity of the information; or

- The person acted in reckless disregard of the truth or falsity of the information.

15

Proof of specific intent to defraud is not required.

What matters is what the defendant actually knew or believed at the time the claim was made or submitted, not what a hypothetical reasonable person might have believed. "Deliberate ignorance" means that a defendant is aware of a substantial risk that its statement is false and intentionally takes steps to avoid conforming to its truth or falsity. "Reckless disregard" means that a defendant is conscious of a substantial and unjustifiable risk that its statement is false but makes it anyway. Innocent or careless mistakes, negligence, or even gross negligence are not enough to establish that a defendant acted "knowingly" under the False Claims Act

Additionally, a statement is not knowingly false simply because the underlying contract language was ambiguous. However, ambiguity does not preclude liability if you find that the defendant actually knew its statement was false or misleading.

3.    Falsity

A statement or claim is false if it contains an assertion that is not true or if it omits material information in a way that makes what was stated misleading. For the statement to be "false," it must constitute an objective falsehood. An objective falsehood is a statement of fact that is capable of being judged true or false in an empirically verifiable manner.

The False Claims Act does not impose liability for:

- Mere negligence
- Innocent mistakes
- Poor management

- Inefficiency

- Breach of contract alone

A breach of contract or poor performance, standing alone, does not establish a violation of the False Claims Act. Likewise, a difference in interpretation growing out of a disputed legal question or a difference of opinion about the meaning of general or imprecise contractual terms does not establish an objective falsehood. You must find by a preponderance of the evidence that a given statement or claim was objectively false.

### 4.     Materiality

A false statement or claim is material if it has a natural tendency to influence, or is capable of influencing, the Government's decision to pay money, approve a claim, or grant relief.

Materiality is a demanding standard. Not every violation of a contractual or regulatory requirement is material. The Government's decision to identify a provision as a condition of payment is relevant, but not automatically dispositive. Likewise, proof of materiality can include, but is not necessarily limited to, evidence that the defendant knows the Government consistently refuses to pay claims in light of the representations. Conversely, if the Government pays a particular claim in full despite actual knowledge that certain requirements were violated, that is evidence that those requirements were not material.

In deciding materiality, you may consider the totality of the circumstances, including:

   a. Whether the requirement was important to the Government's decision-making;

   b. Whether the Government consistently refuses to pay claims when it knows of similar violations;

   c. Whether the Government paid or approved claims despite knowledge of the alleged violation;

   d. Whether the violation was minor or insubstantial.

No single factor is dispositive. Certain facts may weigh in favor of materiality; some may weigh against. Materiality is for you to decide based on all the evidence.

### 5. Corporate Knowledge

A corporation acts through its employees and agents. To find that a corporation acted knowingly, you must find that at least one employee or agent possessed the knowledge required under these instructions with respect to the claim or statement at issue.

You may not combine fragments of knowledge held by different employees to create knowledge unless you find that at least one individual had the required knowledge for the violation you are considering.

### 6. Obligation

This case deals with certain obligations the Defendants may have owed the Government. The term "obligation" means an established duty, whether or not fixed, arising from an express or implied contractual relationship, from statute or regulation, or from the retention of any overpayment. For a duty to be established, it must exist at the time of the relevant conduct that created the obligation to pay.

Evidence has been presented about Defendants' obligations to the United

States Government. Defendants' obligations may arise from contractual or regulatory duties governing Government property under LOGCAP IV Task Order 5, including provisions such as FAR § 52.245-1 ("Government Property"), FAR § 52.203-13 ("Contractor Code of Business Ethics and Conduct"), the Government Property Control System, and the Materials Management Plan.

However, a violation of a contract provision, regulation, or internal procedure does not by itself establish liability under the False Claims Act.

To establish liability, Relators must prove that the defendant knowingly concealed, or knowingly and improperly avoided or decreased, an obligation to pay money or transmit property to the United States.

### 7.    Managerial Personnel

"Defendant's Managerial Personnel" means the contractor's directors, officers, managers, superintendent, or equivalent representatives who have supervision or direction of: (1) all or substantially all of contractor's business; (2) all of or substantially all of the contractor's operation at any one plant or separate location; or (3) a separate and complete major industrial operation. Employees who do not satisfy these criteria are not considered contractor managerial personnel. However, you may consider their conduct as part of the surrounding facts and circumstances when evaluating whether managerial personnel engaged in willful misconduct or lack of good faith.

### 8.    Loss of Government Property

"Loss of Government property" means unintended, unforeseen or accidental loss, damage or destruction to government property that reduces the Government's expected economic benefits of the property. Loss of government property includes, but is not limited to:

a. Items that cannot be found after a reasonable search;

b. Theft;

c. Damage resulting in unexpected harm to property requiring repair to restore the item to usable condition; or

d. Destruction resulting from incidents that render the item useless for its intended purpose or beyond economical repair.

## C.    False Claims Act Claims

### 1.    Presentment Claims (31 U.S.C. § 3729(a)(1)(A))

To establish liability under the presentment provision, the Relators must prove:

a. The defendant presented, or caused to be presented, a claim for payment to the United States;

b. The claim was false or fraudulent when submitted;

c. The presentation of such claim was material; and

d. The defendant acted knowingly.

The Relators must prove falsity as to a specific claim. Evidence of general deficiencies, noncompliance, or dissatisfaction is not sufficient unless tied to a specific claim for payment.

## 2.    False Statement Claims (31 U.S.C. § 3729(a)(1)(B))

To establish liability under the false-statement provision, the Relators must prove:

a. The defendant made, used, or caused to be made or used a false or fraudulent statement or record;

b. The statement or record was material to a false or fraudulent claim for payment or approval; and

c. The defendant acted knowingly.

The false statement itself need not be a request for payment. However, it must be connected to a claim for payment or approval.

## 3.    Fraudulent Inducement

The Relators also proceed under a theory of fraudulent inducement. Under this theory, liability may arise if a defendant uses false statements or fraudulent conduct to induce the Government to:

- Enter into an agreement,

- Modify a contract,

- Approve continued participation in a payment structure, or

- Pay money that it otherwise would not have paid.

To establish liability under this theory, the Relators must prove:

a. The defendant made a false statement or engaged in fraudulent conduct;

b. The defendant acted knowingly;

c. The false statement or conduct was material; and

d. The false statement or conduct caused the Government to pay money or to forfeit money due.

21

A false statement or fraudulent conduct causes the Government to pay money if the statement or conduct was a substantial factor in bringing about the payment and if the payment was a reasonably foreseeable result of that conduct.

### 4. Implied False Certification

The Relators also proceed under a theory of implied false certification. Under this theory, liability may arise if;

> a. The defendant made a claim with specific representations of compliance;
>
> b. The claim failed to disclose non-compliance with requirements, making those claims half-truths;
>
> c. Those claims were material to the Government's decision to pay; and
>
> d. The defendant knew that those half-truths rendered that claim misleading.

### 5. Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

To establish liability under the reverse false claims provision, the Relators must prove:

> a. The defendant had an obligation to pay or transmit money or property to the Government;
>
> b. The defendant knowingly concealed an obligation to pay or transmit money or property to the Government, or knowingly and improperly avoided or decreased such an obligation; and
>
> c. The concealment or avoidance was material.

The Government's discretion in enforcing contractual or regulatory remedies does not eliminate the existence of an obligation.

However, the False Claims Act does not impose liability for poor management or inefficiency alone. The Relators must prove knowing and improper avoidance of an obligation.

Specifically, you must also find that:

- Defendant's managerial personnel engaged in willful misconduct and/or lack of good faith;

- A loss of government property occurred; and

The willful misconduct and/or lack of good faith caused the loss to the Government.

### D.    Relators' Theories of Liability

#### 1.    Award Fee Evaluation Board (AFEB) Submissions

Relators allege that Fluor submitted false or misleading information in connection with Award Fee Evaluation Board ("AFEB") submissions under Task Order 5 in order to obtain award fees.

Under the contract, Fluor was entitled to reimbursement of allowable costs and a base fee. In addition, it could earn an award fee based on the Government's evaluation of its performance.

Award fees were discretionary and were determined by the Government after reviewing information submitted by Fluor and Government officials.

Relators contend that certain statements or omissions in Fluor's AFEB submissions were false or misleading and were material to the Government's decision to award fees.

Fluor denies that its submissions were false, misleading, or material. You must determine whether any AFEB submission constituted a "claim" within the meaning

of the False Claims Act or whether any statement or omission within an AFEB submission was connected to a claim for payment.

Not every document or submission made during contract administration is necessarily a claim. A submission constitutes a claim only if it is a request or demand for money or property, or if it is sufficiently connected to a request or demand for money or property.

If you find that an AFEB submission was not a claim and was not connected to a claim for payment, then you may not find liability based on that submission.

If you find that a false or misleading AFEB submission was knowingly made and was material to the Government's decision to award fees, you may find liability under the presentment, false-statement, fraudulent-inducement, or implied false certification theories I have described.

The discretionary nature of the award-fee process does not by itself prevent liability. However, you must carefully evaluate whether the alleged false statement was material to the Government's decision-making in that process. In determining materiality, you may consider evidence regarding what information was available to the Government decision-makers and whether the Government continued to award or pay fees after learning of any requirements being violated, although such evidence is not necessarily dispositive.

The fact that the Government received services under the contract does not automatically bar liability, but neither does it automatically establish liability.

24

You must evaluate the AFEB evidence under the same elements of falsity, knowledge, materiality, and causation that I have already described. There are five award fee periods at issue in this case, you must evaluate each period independently.

## 2.    Property Management

Relators also assert a Reverse False Claims Act claim based on Defendants' management of Government property under the LOGCAP IV contract and Task Order 0005 ("TO5").

Under this theory, Relators contend that Defendants knowingly concealed or improperly avoided an obligation to pay or transmit money or property to the United States arising from the loss of Government property.

Defendants deny these allegations.

To establish liability under this theory, Relators must prove each of the following elements by a preponderance of the evidence:

a. That Defendants had an obligation to pay or transmit money or property to the United States arising from their contractual or regulatory duties concerning Government property;

b. That the obligation arose from Defendants' responsibilities under the contract, applicable regulations, or procedures governing the management of Government property;

c. That Defendants knowingly concealed, or knowingly and improperly avoided or decreased that obligation; and

d. That the concealment or avoidance was material to the Government.

If Relators fail to prove any one of these elements, you must return a verdict for the Defendants on this claim.

### 3.    Labor Billing / Overstaffing Theory

The Relators allege that the defendant billed the Government for labor hours that were not actually worked.

To establish liability under this theory, the Relators must prove:

    a. A specific claim for payment included charges for labor hours;

    b. The hours billed were not actually worked as represented;

    c. The falsity was material;

    d. The defendant acted knowingly; and

    e. The Government made payment for these services that it otherwise would not have made had it known the truth behind the false or fraudulent claims.

A disagreement over staffing levels or workforce planning does not, by itself, establish falsity.

Billing based on estimating practices is not unlawful unless the Relators prove that the defendant knowingly billed for hours it knew were not actually worked.

### E.    Number of Claims

If you find that Defendants violated the False Claims Act under the earlier mentioned theories, you must then quantify the number of violations. That is you must determine the number of false or fraudulent claims made to the Government. The violations may consist of (1) each false or fraudulent claim that Defendant

presented or caused to be presented, (2) each false record or statement material to a false or fraudulent claim that Defendant made, used, or caused to be made or used, and (3) each instance of concealing or improperly avoiding or decreasing an obligation to pay or transmit money or property to the United States Government. You will be provided space on your verdict form to indicate the number of claims.

### III.    Damages (If Liability Is Found on FCA Claims)

If you find liability under any theory, you must determine whether the Government suffered damages.

Damages are measured by the amount of money the Government paid as a result of the false claim beyond what it would have paid had it known the truth.

The Government is not automatically entitled to recover the entire value of a contract merely because a violation occurred. You must determine damages based on the evidence.

With respect to property loss claims, to assess damages, you must determine the value of any lost property.

With respect to labor costs and potential over-billing, to assess damages, you must determine what amount the Government would have paid Defendants absent the false or fraudulent claims in their timesheets.

### A.    Award Fees Damages Under the Cost-Plus-Award-Fee Contract

You have heard evidence that Task Order 5 was structured as a cost-plus-award-fee contract.

Under such a contract, the contractor was entitled to recover allowable costs and a base fee for minimal performance. In addition, the contractor could earn an award fee based on an evaluation of performance above minimum contractual requirements.

Award fees were not automatic. They were determined by the Government based on performance evaluations.

## B.     Liability Relating to Award Fees

If you find that the defendant knowingly made false statements or engaged in fraudulent conduct that was material to the Government's decision to grant an award fee, you must determine what amount, if any, of award fees the Government would not have paid had it known the truth.

Damages are limited to the portion of the award fee, if any, that resulted from the false or fraudulent conduct.

You may not automatically award the full amount of an award fee unless you find that the Government would not have granted any award fee at all had it known the truth.

If you find that the Government would have granted a reduced award fee even if it had known the true facts, damages are limited to the difference between:

- The award fee actually paid; and

- The award fee the Government would have paid had it known the truth.

## C.     Services Actually Provided

The award fee was designed to compensate performance above minimum requirements.

The Government's receipt of services under the contract does not automatically bar recovery of damages relating to award fees.

However, you must consider the value of the services actually provided and whether the Government would have exercised its discretion differently had it known the true facts.

## D.     No Speculation

Your damages determination must be based on evidence, not speculation. You may consider:

- The award fee criteria;

- The evaluation process;

- Evidence regarding how performance ratings were determined;

- Evidence regarding what information was before the decision-makers;

- Evidence regarding how the Government responded to performance issues.

The Government's continued payment of award fees after learning of alleged deficiencies may be considered in determining materiality and damages, but is not necessarily dispositive.

## Conclusion

Each theory must be considered separately. The Relators bear the burden of proving each required element by a preponderance of the evidence. If the Relators fail

to prove any required element of a particular theory, your verdict must be for the defendants on that theory. You may not award damages based on speculation or guesswork. Lastly, you should not infer that the Government or Relators are entitled to recovery simply because I am now giving you instruction on how to calculate damages.

## IV. RETALIATION CLAIM (31 U.S.C. § 3730(h))

### A.    Rude's Promotion-Denial Theory

The False Claims Act contains an anti-retaliation provision. The purpose of the anti-retaliation provision of the False Claims Act is to promote enforcement of the Act by assuring those who may be considering exposing potential false claims that they are legally protected from retaliatory acts.

Only Relator Danny Rude's retaliation claim remains for your consideration. You must not consider any retaliation claim by Relator Shepherd. You must also not consider any claim that Mr. Rude was retaliated against through his inclusion in a reduction in force. Those claims are no longer part of this case.

Mr. Rude claims that Fluor violated the False Claims Act by denying or halting his promotion because he engaged in protected activity.

Fluor denies this claim.

### 1.    Elements of Retaliation

To succeed on this claim, Mr. Rude must prove each of the following elements by a preponderance of the evidence:

a.  That he engaged in protected activity under the False Claims Act;

b. That a management official involved in, or who materially influenced, the promotion decision knew of his protected activity;

c. That Fluor denied or halted his promotion; and

d. That Mr. Rude's protected activity was the but-for cause of the denial or halt of his promotion.

If Mr. Rude fails to prove any one of these elements, your verdict must be for Fluor on this claim.

### 2.     Protected Activity

Protected activity includes lawful acts done in furtherance of an action under the False Claims Act or efforts to stop one or more violations of the False Claims Act.

This may include internal complaints or reports of conduct that the employee reasonably believed constituted fraud on the Government.

The employee need not prove that an actual False Claims Act violation occurred, but he must show that he had an objectively reasonable belief that the conduct at issue violated the Act.

### 3.     Employer Knowledge

Mr. Rude must prove that a management official who was involved in, or who materially influenced, the promotion decision knew of his protected activity.

It is not sufficient to show that someone within the company knew of Mr. Rude's complaints. The relevant decisionmaker—or someone who influenced the decision—must have had knowledge of the protected activity.

### 4.     Adverse Employment Action — Promotion Denial

A denial or halting of a promotion may constitute an adverse employment action if it materially affected the terms, conditions, or benefits of employment.

31

You must determine whether the promotion process was halted or denied and whether that action materially affected Mr. Rude's employment.

### 5.    But-For Causation

Mr. Rude must prove that his protected activity was the but-for cause of the denial or halt of his promotion. "But-for cause" means that the promotion would have proceeded absent his protected activity. It is not enough to show that protected activity was one motivating factor among others.

If you find that Fluor would have denied or halted the promotion for legitimate reasons even if Mr. Rude had not engaged in protected activity, then your verdict must be for Fluor.

You may consider all of the surrounding facts and circumstances, including timing and any explanations offered, in determining whether protected activity was the but-for cause.

### B.    DAMAGES (Retaliation Only)

If you find in favor of Mr. Rude on Count II, you must determine the amount of damages, if any, that were proximately caused by the denial or halt of his promotion.

Damages may include:

- Lost wages or salary that would have resulted from the promotion;

- Lost benefits associated with the promotion; and

- Any other compensatory damages proven to have resulted from the denial or halt of the promotion.

Damages must be limited to losses directly caused by the denial or halt of the promotion. You may not award damages based on termination, reduction in force, or any claim not submitted to you.

Mr. Rude must prove damages by a preponderance of the evidence. You may not speculate.

## V.     CLOSING INSTRUCTIONS

### A.     Introduction to Deliberations

That concludes the part of my instructions explaining the charges in this case. Now, let me finish up by explaining some things about your deliberations in the jury room.

### B.     Juror Conduct

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application such as a telephone, cell phone, or computer, the Internet, any Internet service, or any text- or instant-messaging service, any Internet chat room, blog, or website such as Facebook, Google, X (formerly known as Twitter), Instagram, WhatsApp, TikTok, or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury

room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror who has violated these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## C.    Note-Taking

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory. If a conflict exists between your written notes and your memory, you should rely on your memory.

34

## D.     Communicating with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should attempt to communicate with me except by a signed writing; and I will only communicate with members of the jury in writing, or orally, here in open court. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

## E.     Verdict Form

I have prepared a verdict form that you should use to record your verdict. If you decide that the Plaintiff has or has not proved its claim against the Defendant by a preponderance of the evidence, say so by having your foreperson mark the appropriate place on the form.

## F.     Return of Verdict

You will take the verdict form to the jury room, and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then advise the courtroom security officer outside your door that you have a verdict, and you are ready to return to the courtroom.

## G.     Deliberations

You are about to retire to the jury room to deliberate whether or not the Plaintiff has proven its claim against Defendant by a preponderance of the evidence.

The first item of business when you retire to the jury room is the election of the foreperson of the jury. The foreperson will preside over the deliberations and speak for the jury, if necessary, here in court.

In order to return a verdict, each juror must agree to it. You have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to the individual judgment of each juror. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with his or her fellow jurors. In the course of deliberations, a juror should not hesitate to reexamine his or her own views and change his opinion if convinced it was erroneous. Each juror who finds himself or herself in the minority should reconsider his or her views in light of the opinions of the majority, and each juror who finds himself or herself in the majority should give equal consideration to the views of the minority. No juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of his or her fellow jurors, or for the mere purpose of returning a verdict. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Once again, I want to thank you all for your service in this case. I hope that you have been encouraged by the strength of our adversarial, truth-seeking system. Your sacrifices during your time at this trial are much appreciated.