**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey<br><br>Plaintiff-Relators,<br><br>v.<br><br>Fluor Corporation, and Fluor Intercontinental, Inc.,<br><br>Defendants. | Case Number: 6:13-02428-JD<br><br>Honorable Joseph Dawson, III<br><br>JURY TRIAL DEMANDED |

**RELATORS' MOTION FOR A NEW TRIAL,**
**OR, IN THE ALTERNATIVE, TO AMEND JUDGMENT**

Plaintiff-Relators Charles R. Shepherd, Danny V. Rude, Robert Scott Dillard, and Rickey Mackey, by and through their attorneys, Loevy and Loevy, pursuant to Federal Rules of Civil Procedure 59 and 60, move (a) for a new trial on liability as to all claims other than their property fraud clams (*i.e.*, award and fixed fee fraud, excess labor fraud, and Rude's retaliation claim); and (b) for a new trial on damages on the property fraud claims. In the alternative, Relators move to amend the judgment to account for treble damages and penalties in the total amount of $164,129,000; and in support thereof, state as follows.

1. A jury trial was conducted in this case from January 28, 2026, through March 9, 2026.

2. At trial Relators tried claims under 31 U.S.C. § 3729 against Defendants Fluor Corporation, and Fluor Intercontinental, Inc., for property management fraud, award and fixed fee fraud, and excess labor fraud, as well as under 31 U.S.C. § 3730 for retaliation.

3. On March 11, 2026, the jury returned a verdict in favor of the United States of America, *ex rel.* Relators, finding both Fluor Corporation and Fluor Intercontinental, Inc., liable for

violating the False Claims Act regarding the property management fraud. Dkt. 775. The jury found Fluor Corporation liable for $15 million in damages, *id.* at 16, and Fluor Intercontinental liable for $15 million in damages, *id.* at 16–17. The jury's verdict favored Defendants concerning award and fixed fees fraud, *id.* at 1–13 and excess labor fraud, *id.* at 13–14, and the jury found for Fluor on Relator Rude's retaliation claim. *Id.* at 17–19. On March 13, 2026, the Court entered judgment in favor of the United States of America, *ex rel.* Relators and against Defendants. Dkt. 781.

4. Relators did not receive a fair trial on any claim due to the Court's erroneous rulings, as well as misconduct on the part of Defendants. Separately and together, these events caused reversible errors and generated unfair mistakes and surprise. Relators are, therefore, entitled to a new trial.

5. Specifically, the Court should vacate the jury verdict for Defendants on liability concerning the award and fixed fee fraud, the excess labor fraud and Rude's retaliation claim pursuant to Rule 59 and 60 of the Federal Rules of Civil Procedure for the following reasons:

   a. The Court barred Relators from presenting evidence that Fluor was responsible for a suicide bombing in Afghanistan, even after Fluor argued relentlessly that it always met its contractual obligations and avoided mission failure.

   b. The Court improperly prohibited Relators from presenting evidence related to Fluor's "materials management investigation," even though it used the results that investigation offensively at trial to defend its property management system and disclosures to the Government.

   c. The Court limited testimony from Dave Methot, including by preventing Relators

2

from meaningfully cross-examining Methot (who signed the 2014 disclosure to the Department of Defense, which formed one of the centerpieces of Fluor's defense) about the conclusions in the disclosure and the bases for them.

d. The Court barred Relators from cross-examining Fluor's expert witnesses regarding evidence those experts failed to consider in reaching their opinions, effectively shielding them from meaningful cross-examination on their opinions.

e. The Court barred the testimony of Jim Sherman and dismissed the estimating theory his opinions explained, all the while permitting Defendants to present the testimony of multiple experts to testify about the same expert subject matter.

f. The Court prohibited Relators from presenting information critical to the jury's assessment of the motives, biases and ultimately credibility of Fluor's witnesses. Specifically, Relators were largely prohibited from discovering the full extent of Fluor's payments to witnesses, and questioning those witnesses about their payments and the highly unusual agreements that they signed to obtain those payments, thereby preventing Relators from meaningfully cross-examining the witnesses and attacking their credibility in front of the jury. Instead, the Court instructed the jury that the agreements were proper, effectively putting its thumb on the scale in favor of Fluor.

6. The Court should also grant a new trial on damages on Relators' property fraud claim. In addition to the evidentiary errors above, which also support granting a new trial on damages on the property fraud claim:

a. The Court erred by refusing to include a line on the verdict form asking the jury to determine the number of false claims or statements related to Defendants'

management of Government property.

    b.  The Court erred by including two damages lines on the verdict form—one for each Defendant—and then when the jury awarded $15 million against each Defendant on the verdict form, the Court erroneously ordered Defendants to pay a total damages of $15 million in single damages its judgment order, rather than $15 million each. *Compare* Dkt. 775 at 16–17 *with* Dkt. 781.

7.  In the alternative, if the Court does not grant a new trial on liability or damages, the Court should amend the judgment to account for the automatic trebling of damages to $45 million against Fluor Corporation, an additional $45 million against Fluor Intercontinental, Inc., and to account for penalties of $74,129,000, for a total award of $164,129,000, before application of post-judgment interest and the awarding of attorney fees and costs. The Court erred by failing to include a line on the verdict form for the jury to identify the number of claims for payment concerning the property fraud claim on which they found both Defendants liable. That error should be corrected by the Court to amend the judgment to account for the claims for payment evidence presented at trial, at the highest rate of penalties available under the statute.

8.  For the reasons set forth in Relators' contemporaneously filed Memorandum of Law in Support of Their Motion For a New Trial or, in the Alternative, to Amend Judgment, Relators respectfully request that this Court grant their motion vacate the jury verdict and grant a new trial pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Andrew Hand
Andrew Hand

4

Richard Harpootlian (Fed. ID No. 1730)
Andrew Hand (Fed. ID No. 12176)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

Jonathan Loevy
Michael Kanovitz
Daniel Twetten
Anand Swaminathan
Frank Newell
Anna Dover
Gwen Parker
Heather Sticht
Dominique Gilbert
Alexandra Wolfson
Aadi Tolappa
**LOEVY & LOEVY**
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
anand@loevy.com
*Attorneys for Relators*
*Charles R. Shepherd*
*and Danny V. Rude*

Frank L. Eppes (Fed. ID No. 1003)
EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

*Attorney for Relator Robert Scott*
*Dillard*

Judah N. VanSyckel
SALUDA LAW, LLC
137 E. Butler Street

5

Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

*Attorney for Relator Rickey Mackey*