# EXHIBIT 3

February 14, 2018 Army Show Cause Decision, Exhibit F to Plaintiff's Opposition to Fluor's Motion for Summary Judgment, D. Ct. Dkt. 138-8

# EXHIBIT F

**PLAINTIFFS' TRIAL EXHIBIT 1037**
**Page 1 of 4**

**UNCLASSIFIED**



**DEPARTMENT OF THE ARMY**
**ARMY CONTRACTING COMMAND – ROCK ISLAND**
**3055 RODMAN AVENUE**
**ROCK ISLAND, IL  61299-8000**

**REPLY TO**
**ATTENTION OF:**

CCRC-VF                                                                                  February 14, 2018

SUBJECT:  Show Cause Notice Decision -- Task Order (TO) 0005 of Contract W52P1J-07-D-0008



Ms. Eleanor Spector
Vice President, Contracts and Supply Chain Management
Fluor Intercontinental, Inc.
100 Fluor Daniel Drive
Greenville, SC 29607

Dear Ms. Spector:

I have reviewed Fluor's Show Cause response which was submitted on December 27, 2017, as well as the additional materials submitted by Fluor on January 22, 2018, and have decided not to terminate TO 0005 of Contract W52P1J-07-D-0008.  My decision is strictly based upon the factors the Government must consider in accordance with Federal Acquisition Regulation (FAR) 49.402-3(f).  In no way should my decision be construed as contradicting the findings and recommendations in US Forces Afghanistan's Army Regulation (AR) 15-6 Investigation of the Bagram suicide bombing incident, or agreement with Fluor's assertions in its response to the Show Cause Notice.  To the contrary, I fundamentally disagree with numerous statements, implications, and conclusions included in Fluor's response.

The evidence indicates that Fluor failed to perform material requirements under this TO, and those failures contributed to the tragic outcome on November 16, 2016.

TO 0005 of Contract W52P1J-07-D-0008 requires that Fluor comply with the Performance Work Statement (PWS). Particularly pertinent are the paragraphs:

01.01 Introduction/General Information, which requires the contractor at a minimum, meet the standards set forth in the ARs for the type of work performed;

01.05 Hours of Operation, which requires the contractor perform all services under the contract 24 hours a day, 7 days a week, including holidays unless otherwise stated in the PWS, applicable regulations, or directed by the Administrative Contracting Officer;

01.07 Personnel, which states that the contractor is responsible for ensuring all personnel supporting the TO comply with the standards of conduct, and all terms/conditions set forth in this PWS and the Basic Contract. It goes on to require the contractor provide necessary supervision for personnel required to perform this contract; hire host nation personnel and subcontractors to the maximum extent possible in performance of this contract when such recruitment practices meet legal

**UNCLASSIFIED**

Hencely-FOIA 000156

**PLAINTIFFS' TRIAL EXHIBIT 1037**
**Page 2 of 4**

2

requirements; and identifies the contractor to be responsible for oversight of such personnel or subcontractors to ensure compliance with all terms of the Basic Contract and the PWS; and,

01.13 Contractor Security Requirements, which requires the contractor to comply with Central Command directed vetting/badging policies for all personnel.

Additionally, Fluor's basic contract, paragraph 3.4, Quality Control, clearly identifies the contractor to be responsible for the quality, technical, logistical and financial accuracy, and the coordination of all aspects of performance.

Finally, the contractor is required to comply with the Bagram Airforce Badging and Screening Policy (dated December 5, 2015), which states that the escorts are responsible for the conduct and safety of the personnel they are escorting. Escorts must remain in close proximity and remain in constant view of the individuals they are escorting. Escorts will continuously monitor all escorted personnel and direct them during any base security operations. Per the policy, red badges for escorted access, which applied to the perpetrator under the subject TO, require escorting in all areas except the work facility. The policy specifically states in the contractor compliance paragraph that the contractor will ensure all employees adhere to all rules and regulations, security and badging regulations… and that ignorance of policies is not an excuse for contracted employee transgressions.

Notwithstanding Fluor's response to the Show Cause Notice, it is indisputable that Fluor did not comply with the key contractual requirements of TO 0005's PWS, namely in the areas of supervision of local national (LN) labor and adherence to escort requirements. Although Fluor contends it satisfied these contractual requirements by reasonably supervising employees, on the day of the bombing, Fluor failed to ensure the LN employee was properly escorted. The LN employee was scheduled to work until 0600, but at 0538 the LN employee detonated his suicide vest and was determined to have walked 53 minutes unescorted to the bombing site. Therefore, even in Fluor's own assertion that it reasonably supervised LNs, the suicide bomber managed to leave the work facility unescorted, which violated policy and is evidence that there were not measures in place to keep LNs from leaving the work area without escorts.

However, based upon the factors considered pursuant to FAR 49.402-3(f), I have determined that terminating this TO for default is not currently in the Government's best interest. Fluor should not misconstrue my decision as concurrence with its assertion that the Government, not Fluor, was responsible for the outcome. It should also be noted that Fluor's failure to comply with the terms of the contract and the result of those

**UNCLASSIFIED**

Hencely-FOIA 000157

**PLAINTIFFS' TRIAL EXHIBIT 1037**
**Page 3 of 4**

actions will be documented appropriately in the Contractor Performance Assessment Rating System.

   If you have any questions or concerns, please contact the undersigned at 309-782-1999 or jay.t.carr.civ@mail.mil.

                              Sincerely,

                              CARR.JAY.THOM    Digitally signed by
                              AS.1137572326    CARR.JAY.THOMAS.113757232
                                               6
                                               Date: 2018.02.14 12:14:19 -06'00'

                              Jay T. Carr
                              Principal Assistant Responsible
                               for Contracting

**UNCLASSIFIED**                    Hencely-FOIA 000158

**PLAINTIFFS' TRIAL EXHIBIT 1037**
**Page 4 of 4**