**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

UNITED STATES OF AMERICA *ex rel.* CHARLES R. SHEPHERD; DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY,

Plaintiff-Relators,

v.

FLUOR CORPORATION; FLUOR INTERCONTINENTAL, INC.,

Defendants.

Civil Action No. 6:13-cv-02428-JD
Hon. Joseph Dawson, III

**FLUOR'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO DECLINE TO CONSIDER, RELATORS' NONCOMPLIANT FILINGS**

Time and again in this case, Relators have flouted the Court's rules and orders. Relators' voluminous filings this morning are the latest, and perhaps most egregious, example. Because these filings fly in the face of the constraints the Court placed on Relators' reply in support of their fee petition, and because consideration of these filings would subject Fluor to precisely the substantial prejudice the Court has sought to avoid, Fluor respectfully moves the Court to strike them from the docket or otherwise decline to consider them.

**BACKGROUND**

Following the Court's entry of a non-final judgment on the jury verdict, Relators' motion for attorneys' fees was originally due March 27, 2026. Dkt. 782 at 1. At Relators' request, the Court extended that deadline to April 27, 2026. Dkt. 783. When Relators made that request, they recognized that properly supporting such a motion would require them to engage in the "substantial undertaking" of "assembling the materials necessary . . . for a fee petition spanning 13 years and dozens of attorneys and paralegals." Dkt. 782 at 2. Fluor also put Relators on notice that "[a]s the

party seeking fees, Relators 'bear[] the burden of establishing entitlement to an award[.]'" Dkt. 810-33 at 3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (second alteration in Dkt. 810-33).

As Relators' deadline approached, they sought a further extension. Dkt. 789. The Court partially granted that request, extending the deadline until May 4, 2026. Dkt. 791. Relators filed their Motion for Attorneys' Fees and Litigation Expenses on that date. Dkt. 793.[1] Fluor sought an extension to file its opposition brief on or before July 2, 2026, and Relators consented to a 21-day reply deadline. Dkts. 795, 798. Relators also consented to Fluor's request for permission to exceed the page limit by five pages. Dkt. 807. Fluor filed its opposition brief on July 2. Dkt. 810. Three days before Relators' reply deadline, however, they moved to extend that deadline to await the Court's ruling on their motion "to conduct limited discovery that ha[d] [purportedly] become relevant based on Fluor's filing." Dkt. 816 at 2. Relators did not seek additional pages for their reply. *See id.*

On October 20, 2026, the Court denied Relators' request to take discovery and ordered Relators to file their reply brief by November 3, 2026. Dkts. 822, 823. Despite recognizing "the scope of Fluor's opposition [and] the complexity of this litigation," the Court specifically declined to "authorize additional discovery, amendment of the fee petition, or supplementation of the evidentiary materials submitted in support of DE 793." Dkt. 823. The Court ordered that the reply would be permitted to contain "rebuttal argument or citation to materials already of record." *Id.* In another order issued on October 20, the Court directed Relators to submit a supplemental filing to address specific questions related to their motion to seal certain materials they had submitted to

[1] As Relators concede, they did not provide Fluor their billing records until two days later and, even then, the records were heavily redacted. *See* Dkt. 829 at 25.

the Court *in camera*. Dkt. 825. There too, the Court reiterated that Relators were not permitted to "amend[] . . . the fee petition." *Id.* at 7.

This morning, Relators filed a reply brief consisting of 38 substantive pages and attaching 15 exhibits totaling a further 133 pages, along with a Motion for Leave to File *Nunc Pro Tunc* Oversized Reply Brief. Among other things, this set of filings includes a new expert report by a new expert witness, which spans 22 single-spaced pages and is accompanied by five exhibits. Relators also filed what they describe as "the same timesheets they previously submitted to the Court, but now with far more limited redactions." Dkt. 831 at 1.[2] These "timesheets" include more than *a thousand pages* of exhibits. In addition, other documents filed today include a declaration of Relators' attorney Anna C. Dover purporting to state the results of her "review of the time entries of Relators' counsel to identify time related to the claims Relators did not pursue at trial," Dkt. 829-1 at 1, and a declaration of Relators' attorney Frank Newell addressing sundry issues such as Relators' use of LinkedIn, attorney attendance at depositions, and Mr. Newell's role in the case, Dkt. 829-2.

**DISCUSSION**

The Court was exceedingly clear that Relators' reply was to be limited to "rebuttal argument or citation to materials already of record," and was not to include "amendment of the fee petition, or supplementation of the evidentiary materials." Dkt. 823. The Rules of this Court further make clear that (absent advance permission of the Court for good cause shown) reply briefs shall not exceed 15 pages and shall be limited "to matters raised initially in a response to a motion

---

[2] This description makes little sense because, as Relators explain on the very same page, Relators' prior time sheet submission to the Court was "unredacted." *Id.* Relators appear to mean that they are improperly seeking to use their supplemental brief regarding their motion to seal as a means to un-redact records they had previously provided *to Fluor* in heavily redacted form. *See* Dkt. 828.

or in accompanying supporting documents." L. Civ. R. 7.05(B)(2), 7.07. Despite the clear language of the Court's order and the Local Rules of this Court, Relators did not seek advance leave to file a motion that deviated from these directives—their request to file a brief more than 2.5 times the permissible length was filed contemporaneously with their brief, and they sought no leave to deviate from the other requirements. *Cf. Visual Min., Inc. v. Ziegler*, No. PWG-12-3227, 2014 WL 690905, at *6 (D. Md. Feb. 21, 2014) ("The time for filing a motion to exceed [a] page limit is prior to filing a [brief] with excessive pages, not simultaneously with the [brief]."). Relators' continued behavior here suggests they do not believe that the rules apply to them.

Fluor respectfully submits that to remedy this brazen violation of the Court's orders and rules, the Court should exercise its authority to strike, or otherwise decline to consider, these plainly improper filings. The Court "has inherent authority to strike . . . filings" from its docket. *Jones v. Cooper*, No. 21-cv-02213-DCC-JDA, 2021 WL 11457471, at *4 (D.S.C. Oct. 21, 2021) (citing *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009)). This power is incident to the Court's "inherent power to enforce [its] orders." *Poly-Med, Inc. v. Novus Sci. Pte. Ltd.*, No. 15-cv-1964-JMC, 2018 WL 3996295, at *3 (D.S.C. Aug. 21, 2018); *accord Harris v. Astrue*, No. 11-cv-1590-DCN-BHH, 2012 WL 4478417, at *5 (D.S.C. June 20, 2012) (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). It is "wholly appropriate" to strike a filing that is made "despite an earlier order by the district court expressly disallowing" the type of filing made. *Strag v. Bd. of Trs.*, 55 F.3d 943, 956 (4th Cir. 1995).[3]

---

[3] Some courts have determined that a more formally proper remedy is for the Court to decline to consider the offending filings rather than to technically strike them from the docket. *See Glaston Corp. v. Salem Fabrication Techs. Grp., Inc.*, 744 F. Supp. 3d 430, 446 (M.D.N.C. 2024). Although Fluor believes that striking any filing is within the Court's inherent authority and is the proper remedy here, it does not oppose the alternative remedy of simply declining to consider the filings should the Court find that approach procedurally preferable.

While the Court may be reluctant to strike (or otherwise decline to consider) Relators' filings, Fluor respectfully submits that all the facts compel such an action here. In addition to plainly violating the Court's orders regarding the proper content of the Relators' reply, Relators' filings also violate the local rules regarding the appropriate length and subject matter of reply briefs. Many of Relators' filings do not even have a pretense of rebutting Fluor's arguments, as opposed to drumming up new support for arguments Relators already attempted. Ms. Dover's declaration is a new analysis of how much time Relators spent on issues on which they did not prevail at trial, an issue Relators already addressed at length in their motion. Dkt. 793 at 14–17. The fact that Fluor criticized Relators' treatment of this issue as incomplete, *see* Dkt. 810 at 28, does not give Relators license to submit new evidence about it. Likewise, every item addressed in Mr. Newell's declaration was already addressed in Relators' fee petition. And Relators provide no explanation why Mr. O'Connor's opinions of the appropriateness of Relators' fees could not have been addressed when Relators filed their fee petition back in May.[4]

These filings belie Relators' recent representations that they were "not asking to file a supplemental response to [their] fee petition," but rather only "less-restrictive alternatives to Relators' current privilege assertions," and that any additional filings Fluor would want to make thereafter would be a result of "Relators' updated timesheets." Dkt. 826-1 at 5. Given the breadth of the new material—including a lengthy new expert report—Relators have undoubtedly been working on these new improper submissions for quite some time. Their lack of candor with Fluor and the Court about the content of their planned reply brief lays bare that they knew it would violate the Court's orders. The Court should not permit this abuse of its docket, and Fluor should

[4] To be clear, because Relators' filings are entirely improper, Fluor is not engaging with them on the merits in this motion.

not be prejudiced by reason of Relators' failure to sufficiently support their fee petition when they originally filed it.

## CONCLUSION

For the foregoing reasons, Fluor respectfully moves the Court to strike Docket Entries 829 (including all attachments), 831-1, 831-2, and 832 (including all attachments) from the docket or, in the alternative, decline to consider these filings as support for Relators' fee petition.[5]

Should the Court grant this relief, Fluor respectfully submits that the Court should proceed to adjudicate Relators' fee petition based on documents filed on the docket prior to today, or alternatively, give Relators a brief period of time to file a brief that complies with (i) the page limitation in Local Civil Rule 7.05(B)(2); (ii) the content limitation in Local Civil Rule 7.07; and (iii) the Court's prior order requiring the reply to be limited to "rebuttal argument or citation to materials already of record," and not to include "amendment of the fee petition, or supplementation of the evidentiary materials." Dkt. 823.

Should the Court deny this Motion, Fluor would anticipate moving for leave to file a sur-reply, on a deadline that would take account of the voluminousness of Relators' recent filings and the upcoming holidays. Fluor would anticipate that such a sur-reply would inevitably need to include additional evidentiary support including new expert analysis.

*[signature page follows]*

[5] Relators' reply and associated exhibits were originally filed at Dkt. 829 at 9:43 a.m. today. At 11:43 a.m., Relators re-filed seemingly the same documents at Dkt. 832, with the addition of a new exhibit. The Court should strike (or decline to consider) both docket entries, in addition to the attachments to Dkt. 831 through which Relators seek to improperly supplement the record.

Respectfully submitted,

*/s/ Mark C. Moore*

Mark C. Moore (Fed. ID No. 4956)
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@maynardnexsen.com

Konstantine P. Diamaduros (Fed. ID No. 12368)
MAYNARD NEXSEN PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: (864) 370-2211
Facsimile: (864) 282-1177

Craig D. Margolis (admitted *pro hac vice*)
Tirzah S. Lollar (admitted *pro hac vice*)
Christian D. Sheehan (admitted *pro hac vice*)
Elizabeth A. Carney (admitted *pro hac vice*)
Katelyn M. Deibler (admitted *pro hac vice*)
Elliot S. Rosenwald (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, Northwest
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
craig.margolis@arnoldporter.com

Rachel K. Higgins (admitted *pro hac vice*)
Sahrula Kubie (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

November 4, 2026

*Counsel for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*