**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| United States of America, *ex rel.* Charles R. Shepherd, et al.<br><br>Plaintiff-Relators,<br><br>v.<br><br>Fluor Corporation, Inc., and Fluor Intercontinental, Inc.,<br><br>Defendants. | Case Number: 6:13-02428-JD<br><br>Honorable Joseph Dawson, III |

**RELATOR'S RESPONSE TO FLUOR'S MOTION**
**TO DENY CONSIDERATION OR STRIKE RELATORS' REPLY BRIEF**

The stakes with regard to this fee petition could hardly be higher. Fluor almost certainly paid its own lawyers more than $100 million in attorneys' fees to litigate this case, which is a lot by any measure. Relators seek nearly as much. Not surprisingly, both sides are very invested, and everyone wishes to provide the Court with as much information as possible to make this important decision. This is likely the most financially significant motion in Relators' counsels' careers.

Under the circumstances, Fluor's motion recognizes that "the Court may be reluctant to strike (or otherwise decline to consider) Relators' filings…" Dkt. 833 at 5. The reason is obvious. Fluor filed a forty (40) page Response, raising all kinds of new issues. Fluor attached thousands of pages of spreadsheets and analyses, disclosed several brand new experts with declarations, and raised dozens of new attacks on Relators' fee requests. Relators printed the totality of everything Fluor filed, and it exceeded a banker's box. There were many new arguments that required

responses. Relators are highly motivated to ensure the Court has everything it needs, legally and factually, to give fair consideration to the issues.

To be clear, Relators did not lightly decide to file a Reply almost as large as Fluor's Response. But Fluor raised so many new arguments that Relators felt they had no choice; leaving some unaddressed was not a realistic option given the amounts at stake.[1]

Fluor's motion to strike insists that Relators should not have been allowed to make certain arguments, but the entire premise of Fluor's objection makes no sense. Fluor is trying to pretend that the Court somehow ordered Relators to restrict citations to materials already in the record prior to Fluor's Response—even while Fluor took things in new directions, introducing brand new expert testimony on brand new subjects. Were Fluor's argument credited, Relators would be literally barred from rebutting these new arguments (which is the entire purpose of a reply brief), and Fluor's expert would stand uncontradicted. That cannot be. Instead, the Court's order limited Relators' Reply to "rebuttal" arguments, which are literally the only thing Relators present in their Reply. With this Reply, the Court now has both sides' experts and arguments, not just Fluor's.[2]

---

[1] Respectfully, Relators' believe their Reply should be deemed timely filed. Relators' counsel attempted to file the Reply timely on the evening of the due date (November 3), but were locked out of the ECF platform for reasons unclear. So Relators emailed the Reply and exhibits to the Court and its staff (cc to Fluor's counsel) on the due date, November 3. When Relators were subsequently able to access ECF the next day, the Reply and exhibits were filed on the system.

[2] Fluor's motion contains an odd tangent about both sides' prior extension requests. Not only is that irrelevant to the issue at hand, but this Court has already indicated there was no particular urgency because it does not intend to reach the fee issues until after consideration of the parties' beefy post-trial submissions.

Confusingly, Fluor's motion also raises concerns about the redaction issue, arguments which are totally irrelevant to this motion. Fluor had previously complained about Relators' privilege redactions, so Relators agreed to withdraw the redactions for Fluor's review. Having gotten what it asked for, Fluor has reversed course and objects to that too. Nothing about the redaction issue even remotely justifies striking the Reply, which does not rely on any newly unredacted entries.[3]

Fluor concludes by unfairly accusing Relators' counsel of lacking candor. Dkt. 833 at 5-6. It is genuinely impossible to ascertain what exactly Fluor is claiming Relators did wrong. Having re-read the paragraph multiple times, Fluor seems to be suggesting that Relators at some point inaccurately previewed the "content of their planned reply brief" without referencing the expert they retained to rebut Fluor's new fee expert (disclosed for the first time in Fluor's Response). Fluor's argument is nonsensical. As much as Fluor would prefer that the Court only consider the massively voluminous work of the fee expert who Fluor disclosed for the first time in its Response, the Court is better served by considering Relators' rebuttal expert too. Fluor provides no good reason to strike or refuse to consider either parties' experts.

Finally, recognizing that the Court is likely to deny its motion, Fluor asks for a sur-reply. Relators do not believe it is justified or necessary to give Fluor the last word. Both sides have already weighed in on the issues, and there is no need. However, given the hugely consequential stakes involved, Relators respectfully submit that if the Court does have any lingering concerns, a brief sur-reply would be preferable to striking or shrinking the Reply, as more information in the record to assist the Court's consideration is better than less.

---

[3] With the filing of Relators' Reply, Relators' prior motion to defer filing their Reply until after disclosure of the redacted entries for Fluor's review and objections (Dkt. 826) is now moot. The Court's recent docket order disposes of the issue.

## Conclusion

Relators appreciate that they are asking the Court to consider a lot. But some cases and issues are bigger than others, and require a larger record. This is certainly one of them.

Respectfully submitted,

*/s/ Andrew Hand*
Andrew Hand

Frank L. Eppes (Fed. ID No. 1003)
EPPES & PLUMBLEE, PA
PO Box 10066
Greenville, SC 29603
Telephone: (864) 235-2600
Facsimile: (864) 235-4600
feppes@eppesandplumblee.com

*Attorney for Relator Robert Scott Dillard*

Judah N. VanSyckel
SALUDA LAW, LLC
137 E. Butler Street
Lexington, SC 29072
Telephone: (803) 939-6927
Facsimile: (803) 902-8004
judah@saludalaw.com

*Attorney for Relator Rickey Mackey*

Richard Harpootlian (Fed. ID No. 1730)
Andrew Hand (Fed. ID No. 12176)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com

Jonathan Loevy
Michael Kanovitz
Daniel Twetten
Anand Swaminathan
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607

*Attorneys for Relators Charles R. Shepherd and Danny V. Rude*