**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES R. SHEPHERD; DANNY V. RUDE; ROBERT SCOTT DILLARD; and RICKEY MACKEY,<br><br>Plaintiff-Relators,<br><br>v.<br><br>FLUOR CORPORATION; FLUOR INTERCONTINENTAL, INC.,<br><br>Defendants. | Civil Action No. 6:13-cv-02428-JD<br>Hon. Joseph Dawson, III |

**FLUOR'S REPLY IN SUPPORT OF ITS**
**MOTION TO STRIKE OR, IN THE ALTERNATIVE,**
**TO DECLINE TO CONSIDER, RELATORS' NONCOMPLIANT FILINGS**

Relators do not seriously dispute that they violated this Court's orders. Instead, they claim that "a larger record" is better because "some cases and issues are bigger than others." Dkt. 835 at 1, 4.[1] But this Court already took into account "the scope of Fluor's opposition [and] the complexity of this litigation" when ordering Relators to confine their fee petition reply to "rebuttal argument or citation to materials already of record," and to avoid "amendment of the fee petition, or supplementation of the evidentiary materials submitted in support of" it. Dkt. 823; *see also* Dkt. 825. As discussed below, the Court's orders were entirely consistent with typical practice in the context of fee petitions. Relators' belief that the "Court [would be] better served" by a different

[1] As in virtually every filing, Relators continue to make the unsupported assertion that "Fluor almost certainly paid its own lawyers more than $100 million in attorneys' fees." Dkt. 835 at 1. Likely recognizing the logical fallacy in Relators' attempt to justify their fee claim by referring to Defendants' legal costs, the Court has twice held that Relators are not entitled to discovery of Fluor counsel's billing records. Dkts. 791, 822. Fluor's silence should not, however, be taken as agreement that this and other similar statements by Relators are accurate.

approach—one which allows the presentation of thousands of pages of new evidence with a reply brief—does not permit them to wholesale disregard the Court's clear directions. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[c]ounsel may object to a ruling" but "must abide by the ruling and comply with the court's orders").[2]

This is not the first time the Court has faced such noncompliance. Prior to trial, Relators served voluminous "rebuttal" expert reports well after the deadline set by the Court's scheduling order. Then, as now, Relators sought forgiveness rather than permission, asking the Court to excuse their conduct because of the purported "significan[ce]" and "importance of the evidence." Dkt. 541 at 7, 8. And, consistent with their continued practices of flouting the rules, Relators claimed then that there was no real prejudice to Fluor because it could simply respond to the new evidence. This Court, however, struck the untimely expert reports because permitting them would have "require[d] Fluor to reengage with technical experts, analyze new data and code, and potentially prepare sur-rebuttals," and also would have "substantial[ly]" "disrupt[ed] . . . *the Court's* docket control planning." *Id.* at 6 (internal quotation marks omitted). Thus, any purported "importance" of the new evidence "only underscore[d]" the importance of complying with the Court's prior order. *Id.* at 8.

The same applies here with greater force as the Court had specifically prohibited Relators from supplementing the record, yet they did so regardless, including with an entirely new rebuttal expert. Last time, Relators conceded it was "fair" for "the Court . . . to admonish [Relators'] counsel for not raising the issue the minute Relators decided there was a need for a rebuttal report." Dkt. 530 at 2. Yet, they have done so again, to an even greater degree.

[2] Relators' assertion that this is the "most financially significant motion in Relators' counsel's careers" further demonstrates that their fee petition is an attempt to compensate for what they must regard as a disappointing jury verdict. *See* Dkt. 810 at 1–2.

Relators do not seriously contend they complied, but instead offer hollow excuses. They contend that "the Court's order limited Relators' Reply to 'rebuttal' arguments," Dkt. 835 at 2, ignoring that the order's very next words specified the evidence on which those arguments could be based—"materials already of record," Dkt. 823.[3] Relators further argue that, notwithstanding the Court's orders, their filing was necessary because Fluor's opposition to their fee petition "raises all kinds of new issues." Dkt. 835 at 2. Notably, however, Relators do not cite a single "new issue," much less one that could not have been anticipated. Nor could they, as Fluor's opposition simply highlights flaws in Relators' fee petition and supporting materials.

While Relators may believe that "more information . . . is better than less," Dkt. 835 at 3, the same could be said of any issue in litigation. But rules such as page limits, deadlines, and restrictions on supplementing the record exist for a reason, particularly in the context of a fee petition, which the Supreme Court has made clear "should *not* result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (emphasis added). This Court's orders here are entirely consistent with typical practice. A reply brief may "challenge[] both the admissibility and weight of th[e] [opposing party's] evidence" so long as it "respond[s] to [the opposing party's] argument and evidence" and "d[oes] *not* raise a new legal theory or new evidence." *FDIC v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013) (emphasis added). Thus, it is "incumbent upon [a fee-seeking party] to present any evidence in support of its request for attorneys' fees at the time that the motion was originally filed," because "[p]resenting any such evidence only with the filing of a reply brief deprive[s] the [d]efendants of an opportunity to address such evidence in their

---

[3] Relators' argument that Fluor seeks to limit them to citing "materials already in the record prior to Fluor's Response," Dkt. 835 at 2, is nonsense. The Court's order clearly applied to "materials already of record" prior to the filing of *Relators' reply*. Dkt. 823. Of course, Relators were free to address Fluor's Response but only with materials of record. What they could not do is supplement and certainly not without the Court's leave.

response." *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co., Inc.*, 226 F. Supp. 3d 520, 534 (W.D.N.C. 2016). Courts have repeatedly explained that it is "unfair" to consider new material first raised in a reply. *Hunt v. North*, 57 F.3d 1327, 1338 (4th Cir. 1995). That is especially so where, as here, the reply is more than twice the permissible length (excluding the new exhibits) and presented multiple new declarations, including an entirely new expert. *See Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 387 F. Supp. 2d 521, .527–28 (M.D.N.C. 2005) (courts "must enforce the meaning and intent of the rules" relating to brief length; "[f]ailure to do so would be a greater injustice than" striking a noncompliant brief). Overlength briefs "make it more difficult for the Court to focus on what is truly at issue." *Etter v. Mazzotti*, No. 06-cv-139, 2008 WL 570916, at *1 n.8 (N.D. W. Va. Feb. 28, 2008).[4] Fluor respectfully submits that the Court should therefore strike it and decide the fee petition without a reply brief given: (1) Relator's flagrant violations of the rules; (2) their disregard for the Court's Orders and admonitions; and (3) their filing of a belated and unsupported Motion and to file an outsize brief on the date their non-compliant brief was due—or, at most, give Relators a brief period of time to file a reply that complies with the rules and orders they violated. *See* Dkt. 833 at 6.

Moreover, if the Court had permitted the Relators to submit rebuttal evidence (as opposed to argument), virtually none of the materials submitted constitutes true or fair rebuttal. It is instead evidence that Relators could have produced with their fee petition. For example, the reply introduces new evidence intended to support the reasonableness of the time Relators' counsel spent

---

[4] Relators' argument that Fluor "disclosed several brand new experts" is similarly unavailing. This is not the underlying merits litigation. Relators did not tell Fluor in advance who their experts were, nor were they required to do so. Relators filed a fee petition with evidentiary support. As experienced plaintiffs' counsel, Relators surely anticipated that Fluor would counter with its own expert analysis of that evidence. Relators were not free to give themselves another bite at the apple simply because Fluor, as reasonably expected, presented its own expert analysis.

on depositions, Dkt. 832 at 12, even though Relators already introduced different evidence on this point in their fee petition, Dkt. 793 at 7, 21. And it introduces new evidence intended to support the reasonableness of Relators' trial staffing, Dkt. 832 at 12, even though Relators already introduced different evidence on this point in their fee petition, Dkt. 793 at 13, 21, 27. The same is true with evidence attempting to substantiate the time Mr. Loevy billed. *Compare* Dkt. 832 at 17*, with* Dkt. 793-2 at 11. Indeed, most of Relators' new expert report simply provides additional support for issues on which Relators have had the burden of proof from the start. *See* Dkt. 832 at 5–6, 9 (explaining why Relators' time entries are sufficiently detailed); *id.* at 9–10 (travel time); *id.* at 12–13, 21–22 (reasonableness of rates).

Finally, Relators' assertion that their fee petition reply "does not rely on any newly unredacted entries" is misleading. Dkt. 835 at 3. The reply argues that the Court should reject the redaction-related arguments Fluor raised in its opposition to the fee petition because "Relators have undertaken to withdraw most of their redactions for Fluor's inspection." Dkt. 832 at 25. They do not rely only on a single newly redacted entry—they rely on all of them by creating a new, expanded record different from that on which Fluor relied. Worse, the list of materials considered by Relators' newly disclosed expert John O'Connor makes plain that Mr. O'Connor relied on the "in [c]amera [r]eview" version of Relators' timesheets (which Fluor understands were entirely unredacted). Dkt. 832-9 at 2. Accordingly, Mr. O'Connor's opinion would be barred for the additional reason that he reviewed and appears to have relied on privileged entries never shared with Fluor. Relators' un-redaction of thousands of billing entries long after providing a far more heavily redacted version to Fluor is not mere housekeeping but a thinly veiled attempt to change the playing field. Fluor relied on the redacted records Relators provided in framing its response and thus Relators should be limited now to the same record.

## CONCLUSION

For these reasons, and those stated in Fluor's Motion, the Court should grant the Motion.[5]

*[signature page follows]*

[5] Contrary to Relators' belief that Fluor's Motion "ask[ed] for a sur-reply," Dkt. 835 at 3, the only relief Fluor requested is that the Court strike or otherwise decline to consider the noncompliant filings. Dkt. 833 at 6. Should the Court deny that Motion, Fluor will consider its options, which may include seeking leave to file a sur-reply. *See id.*

Respectfully submitted,

/s/Curtis J. Copeland

Mark C. Moore (Fed. ID No. 4956)
Curtis J. Copeland (Fed. ID No. 14594)
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 540-2146
Facsimile: (803) 727-1458
MMoore@maynardnexsen.com

Konstantine P. Diamaduros (Fed. ID No. 12368)
MAYNARD NEXSEN PC
104 South Main Street, Suite 900 (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
Telephone: (864) 370-2211
Facsimile: (864) 282-1177

Craig D. Margolis (admitted *pro hac vice*)
Tirzah S. Lollar (admitted *pro hac vice*)
Christian D. Sheehan (admitted *pro hac vice*)
Elizabeth A. Carney (admitted *pro hac vice*)
Katelyn M. Deibler (admitted *pro hac vice*)
Elliot S. Rosenwald (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, Northwest
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
craig.margolis@arnoldporter.com

Rachel K. Higgins (admitted *pro hac vice*)
Sahrula Kubie (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

November 9, 2026

*Counsel for Defendants Fluor Corporation and Fluor Intercontinental, Inc.*